Stephen W. Feingold (SF 2763)
Richard H. Brown (RB 5858)
Mark S. Morgan (MM 8799)
**DAY PITNEY LLP**
7 Times Square
New York, New York  10036-7311
Phone: (212) 297-5800
*Attorneys for Defendant Quiksilver, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GMA ACCESSORIES, INC., | Case No. 07 CV 11527 |
| Plaintiff, | **ANSWER AND AFFIRMATIVE DEFENSES** |
| -against- | |
| QUIKSILVER, INC., | |
| Defendant. | |

Defendant Quiksilver, Inc. ("Quiksilver") by and through its counsel, as and for its Answer to the Complaint filed against it by plaintiff GMA Accessories, Inc. ("GMA"), sets forth the following Answer and Affirmative Defenses:

**NATURE OF THE CASE**

Defendant is without knowledge or information to form a belief as to the truth of the allegations in the paragraph entitled NATURE OF THE CASE with respect to whether plaintiff owns a registration for CHARLOTTE and whether such registration is valid.  Defendant denies that it owns a registered trademark for the word DEFENDANT (sic).  Defendant denies the allegations in the third sentence of this paragraph entitled NATURE OF THE CASE.

1.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, and therefore deny the allegations of Paragraph 1.

1

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and therefore deny the allegations of Paragraph 2.

3. Defendant admits that Quiksilver, Inc. ("Quiksilver") is a Delaware corporation, and that its principal place of business is 15202 Graham Street, Huntington Beach, California 92649.

4. Defendant denies that it is offering for sale products bearing hang tags that bore the word "Charlotte," and is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4.

5. Defendant admits that it previously offered for sale and distributed products bearing hang tags that bore the word "Charlotte." Defendant denies the remaining allegations of Paragraph 5.

6. Defendant denies the allegations of Paragraph 6.

7. Defendant admits that this Court has jurisdiction over this action. Defendant denies the remaining allegations of Paragraph 7.

8. Defendant admits that venue is proper in this District.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9.

10. Denied.

11. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 11, and therefore deny the allegations of Paragraph 11.

12. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 12, and therefore deny the allegations of Paragraph 12.

13. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 13, and therefore deny the allegations of Paragraph 13.

14. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 14, and therefore deny the allegations of Paragraph 14.

15. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 15, and therefore deny the allegations of Paragraph 15.

16. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 16, and therefore deny the allegations of Paragraph 16.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17, and therefore deny the allegations of Paragraph 17.

18. Admitted.

19. Denied.

20. Denied.

21. Defendant admits that it uses the mark ROXY on many items of clothing and head gear as a designation of source. Defendant denies the remaining allegations of Paragraph 21.

22. Denied.

23. Denied.

24. Denied.

25. Defendant admits that it commenced use of the word "Charlotte" in connection with headgear no earlier than 2006.

26. Denied.

27. Denied.

28. Denied.

29. Defendant denies the allegations of paragraph 29.

30. Defendant admits that it offered for sale products bearing hang tags that bore the word "Charlotte." Defendant denies the remaining allegations of Paragraph 30.

31. Denied.

32. Defendant admits that it and certain customers have used the word "Charlotte" in connection with headgear. Defendant denies the remaining allegations of Paragraph 32.

33. Denied.

34. Denied.

35. Defendant denies the allegations in paragraph 35, except that it admits that before using the word "Charlotte," it did not conduct a trademark search of that term. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether any of its customers conducted a trademark search.

36. Defendant admits that it received letters from GMA dated, August 14, 2007 and October 16, 2007. Defendant denies the remaining allegations of Paragraph 36.

37. Defendant denies the allegations in Paragraph 37, except that it admits that it requested that Plaintiff provide information about Plaintiff's use of the word "Charlotte" in commerce in connection with hats, and it refers to the correspondence from Plaintiff's counsel for its precise language.

38. Defendant denies that allegations in Paragraph 38, except that it admits that it received a letter from GMA dated November 26, 2007, and refers to the letter for its precise language.

4

39. Defendant denies the allegations of Paragraph 39, except that it admits that it offered for sale products bearing hang tags that bore the word "Charlotte".

40. Defendant is without information sufficient to form a belief as to the truth of the allegations of Paragraph 40, and therefore deny the allegations of Paragraph 40.

41. Denied.

42. Denied.

43. Denied.

## COUNT – I TRADEMARK INFRINGEMENT (FEDERAL)

44. Defendant repeats and realleges its responses to Paragraphs 1 through 43 as if fully set forth herein.

45. Defendant admits that it sells products bearing the word "CHARLOTTE". Defendant denies the remaining allegations of Paragraph 45.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

## COUNT – II VIOLATION OF THE NEW YORK ANTI-DILUTION STATUTE

54. Denied.

55. The allegations of Paragraph 55 are conclusions of law to which no response is required. To the extent the allegations of Paragraph 55 call for an answer, they are denied.

56. Denied.

57. Denied.

58. Denied.

59. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 59, and therefore deny the allegations of Paragraph 59.

60. Denied.

**COUNT III – UNFAIR COMPETITION UNDER NEW YORK'S COMMON LAW**

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

## CONT IV – IMPORTATION OF INFRINGING GOODS (FEDERAL)

76. Defendant repeats and realleges its responses to Paragraphs 1 through 75 as if fully set forth herein.

77. Denied.

78. Denied.

79. Denied.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state claims upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering damages or obtaining injunctive relief by the doctrines of estoppel, laches, waiver, acquiescence and/or unclean hands.

## THIRD AFFIRMATIVE DEFENSE

Defendant adopts and incorporates by reference any and all presumptions and defenses which are or may become available to them pursuant to the Uniform Trade Secrets Act, Lanham Act, or any other applicable law, as a bar to Plaintiff's claims.

## FOURTH AFFIRMATIVE DEFENSE

The conduct alleged in the Complaint does not give rise to trademark infringement because it concerns the use of words in a non-designating source manner.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to monetary damages because of a lack of willful infringement.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has not sustained any injury or damages as a result of any act or conduct by Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover for loss of customers or business occasioned by fair competition permitted by applicable law.

### EIGHTH AFFIRMATIVE DEFENSE

On information and belief, before filing this action, and before Quiksilver commenced use of the CHARLOTTE name, GMA abandoned whatever rights it enjoyed in the CHARLOTTE name. GMA ceased bona fide use in commerce of the CHARLOTTE name with an intent not to resume such use.

### NINTH AFFIRMATIVE DEFENSE

The CHARLOTTE name is not a protectable trademark. CHARLOTTE is either merely descriptive or generic and is neither inherently distinctive, nor has it acquired distinctiveness.

### TENTH AFFIRMATIVE DEFENSE

Defendant's use of CHARLOTTE is not likely to cause confusion, to the extent (if any) GMA has protectable rights.

### ELEVENTH AFFIRMATIVE DEFENSE

The CHARLOTTE name is not a famous mark, and Defendant's use thereof does not dilute, and is not likely to dilute, to the extent (if any) GMA has protectable rights therein.

**TWELFTH AFFIRMATIVE DEFENSE**

On information and belief, one or more of the trademarks at issue is, or may be, unenforceable by reason of Plaintiff's inequitable conduct, acts or omissions before the United States Patent and Trademark Office.

Defendant reserves the right to amend this answer and to add, delete, or modify these defenses based upon legal theories that may, might or will be divulged through clarification of Plaintiff's claims, through discovery, or through further legal analysis of Plaintiff's position in this litigation.

WHEREFORE, Defendant, Quiksilver, respectfully requests that Plaintiff's Complaint be dismissed with prejudice, and that judgment be entered in favor of Defendant and against Plaintiff, along with an award of reasonable costs, attorneys' fees and such other relief as the Court may deem proper.

**JURY DEMAND**

Defendant, Quiksilver, hereby demands a trial by jury on all issues and claims in the Complaint.

**DAY PITNEY LLP**

*Attorneys for Defendant*
*Quiksilver, Inc.*

By:  s/ Stephen W. Feingold
  Stephen W. Feingold (SF 2763)
  Richard H. Brown (RB 5858)
  Mark S. Morgan (MM 8799)
  7 Times Square
  New York, New York 10036-7311
  Phone: (212) 297-5800

Date:  January 17, 2008