

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GMA ACCESSORIES, INC.,

                       Plaintiff,

                **AMENDED COMPLAINT**

- against -
                Civil Action No.:  07CV11527 (VM)

QUIKSILVER, INC., NORDSTROM, INC.,
and SWELL, INC.,

                  Defendants.
-------------------------------------------------------------X

       Plaintiff, GMA Accessories, Inc., (hereinafter "GMA"), brings this complaint against Defendants QUIKSILVER, INC. (hereinafter "QUIKSILVER"), NORDSTROM, INC. (hereinafter "NORDSTROM"), SWELL, INC. (hereinafter "SWELL"), alleging upon information and belief as follows:

## NATURE OF THE CASE

       This is a claim for infringement of the trademark CHARLOTTE which is registered to plaintiff in several classes including class 25 for "clothing, footwear and headgear." Defendant QUIKSILVER owns the registered trademark ROXY. Without permission from plaintiff, QUIKSILVER and its customers began using the plaintiff's CHARLOTTE mark along with the ROXY mark to identify clothing and headgear, misleading consumers into believing that both ROXY and CHARLOTTE brands belong to QUIKSILVER. Defendants NORDSTROM and SWELL are believed to be two of QUIKSILVER'S largest offending customers.

## PARTIES

1.  Plaintiff, GMA ACCESSORIES, INC. (hereinafter referred to as "GMA"), is a

corporation, duly organized and existing under the laws of the State of New York, with a place of business at 1 East 33rd Street, New York, New York.

2. GMA does business as "Capelli".

3. Defendant QUIKSILVER is a corporation duly organized and existing under the laws of the State of Delaware, with its principle place of business located at 15202 Graham Street, Huntington Beach, California 92649.

4. Defendant NORDSTROM, is a corporation duly organized and existing under the laws of the State of Delaware, with its principle place of business located at 1617 6th Avenue, Suite 500, Seattle, Washington 98101.

5. Defendant SWELL, is a corporation duly organized and existing under the laws of the State of Delaware, with its principle place of business located at 32401 Calle Perfecto, San Juan Capistrano, California 92675.

6. Defendant, QUIKSILVER, and its customers, with full knowledge and consent of QUIKSILVER, have used CHARLOTTE to display, market, distribute, sell, and/or offer for sale merchandise to the public.

7. Defendants are now displaying, marketing, distributing, selling, and/or offering for sale merchandise in connection with the CHARLOTTE mark.

8. QUIKSILVER uses and has used the website www.roxy.com to further infringe upon the CHARLOTTE mark.

9. NORDSTROM uses and has used the website www.nordstrom.com to further infringe upon the CHARLOTTE mark.

10. SWELL uses and has used the website www.swell.com to further infringe upon the CHARLOTTE mark.

## JURISDICTION AND VENUE

11. This is an action for unfair competition, federal trademark infringement, federal and state dilution, and common law infringement pursuant to the Lanham Act, 15 U.S.C. Section 1121 and 28 U.S.C. Sections 1331, 1338(a) and (b).    The Court has supplemental jurisdiction over the common law trademark infringement and unfair competition claim and the trademark dilution claim under the laws of New York pursuant to 28 U.S.C. Section 1367.

12. Venue is proper under 28 U.S.C. Sec. 1391 (b), and (c) and Sec. 1400 (a).

## FACTS

13. Each of the CHARLOTTE federal registrations owned by GMA pre-date the first use of the CHARLOTTE mark by Defendants.

14. Under Section 33(b) of the Lanham Act, registration of an incontestable mark is conclusive evidence of the ownership of the mark, the validity of the mark and the exclusive right of the owner to use the mark in commerce.

15. Since 1999, GMA has been and is now the title owner of Registration # 2,216,405 for the mark CHARLOTTE in International Class 26 for hair accessories.  This mark was deemed incontestable pursuant to section 15 of the Lanham Act.

16. Since 1999, GMA has been and is now the title owner of Registration # 2,217,341 for the mark CHARLOTTE in International Class 18 for sacks and bags.  This mark was deemed incontestable pursuant to section 15 of the Lanham Act.

17. Since 2002, GMA has been and is now the title owner of Registration # 2,535,454 for the mark CHARLOTTE in International Class 25 for "clothing, footwear and

headgear." This mark has been deemed incontestable by the United States Patent and Trademark Office pursuant to section 15 of the Lanham Act. A copy of the current title and status of the registration is annexed as **Exhibit A**.

18. Since 2002, GMA has been and is now the title owner of Registration # 2,561,025 for the mark CHARLOTTE in International Class 9 for sunglasses. This mark has been deemed incontestable by the United States Patent and Trademark Office pursuant to section 15 of the Lanham Act.

19. GMA has been and is now the title owner of Registration # 3,242,358 for the mark CHARLOTTE in International Class 22.

20. In November of 2001, GMA was assigned all rights to Registration # 1135037. Pursuant to said assignment, GMA's use in commerce of the CHARLOTTE mark dates back to January 2, 1979. (The registrations referred to in ¶11-16 are respectfully referred to herein as the "GMA marks").

21. The GMA Products consist of, among other things, clothing, headgear, bags and fashion accessories and GMA used the CHARLOTTE mark in commerce in connection with these goods before Defendant.

22. Defendant QUIKSILVER is the owner of the mark ROXY. A printout from the Untied States Patent and Trademark Office's website is annexed as **Exhibit B**.

23. QUIKSILVER was aware or should have been aware of the GMA marks before it began using CHARLOTTE to identify its headgear and clothing.

24. Defendants and numerous online stores are co-infringers and acting in concert to infringe CHARLOTTE.

25. QUIKSILVER and those acting in concert with it continue to use the mark CHARLOTTE alone and/or in conjunction with generic or descriptive terms and/or

4

the ROXY brand to identify headgear and clothing.

26. Defendant QUIKSILVER along with its customers and agents, are intentionally infringing and have in the past intentionally infringed upon the CHARLOTTE mark.

27. Defendants and their co-infringers are infringing in bad faith.

28. After QUIKSILVER and those acting in concert with it, including but not limited to the named defendants, became aware of GMA's registration to the mark CHARLOTTE, they continued to use the mark to advertise, promote, display or sell headgear and clothing.

29. Defendants commenced use of the CHARLOTTE mark no earlier than 2006.

30. The CHARLOTTE mark is inherently distinctive as to GMA's clothing and headgear.

31. GMA's use of CHARLOTTE has substantial secondary meaning in the marketplace.

32. The use of the word CHARLOTTE in connection with GMA's clothing and headgear and related products is arbitrary and strong.

33. Since at least 2006, Defendants have used the CHARLOTTE mark as described herein.

34. Since at least 2006, Defendants have sold an infringing line of "CHARLOTTE" headgear and clothing.  A representative copy of advertisements is annexed as **Exhibit C.**

35. Defendant QUIKSILVER and its customers were aware or should have been aware of the GMA marks before they began using CHARLOTTE to identify their headgear and clothing, namely hats and hoodies.

36. Defendants have used the mark CHARLOTTE alone and/or in conjunction with generic or descriptive terms to identify headgear and clothing.

37. Defendants have in the past intentionally infringed and are now intentionally

infringing upon the CHARLOTTE mark.

38. A search of the United States Patent and Trademark Office list of registered marks would have revealed that GMA was the owner of the mark CHARLOTTE with respect to headgear and clothing and Defendants infringed and are infringing in bad faith.

39. Prior to using the CHARLOTTE mark, Defendant QUIKSILVER failed to search the United States Patent and Trademark Office website for CHARLOTTE.

40. Prior to using the CHARLOTTE mark, Defendant NORDSTROM failed to search the United States Patent and Trademark Office website for CHARLOTTE.

41. Prior to using the CHARLOTTE mark, Defendant SWELL failed to search the United States Patent and Trademark Office website for CHARLOTTE.

42. Defendant QUIKSILVER received cease and desist letters in August 2007 and October 2007. A copy of the letters is annexed hereto as **Exhibit D**.  QUIKSILVER and its customers did not stop their infringement.

43. On September 26, 2007, QUIKSILVER requested that plaintiff provide to it proof of its use in commerce of CHARLOTTE on hats.  While plaintiff explained that its incontestable registration is conclusive evidence of its use and its exclusive right to use the mark, to facilitate an out of court settlement, GMA complied with the request. A copy of GMA's October 16, 2007 letter with enclosure is annexed as **Exhibit E**.

44. QUIKSILVER received a final warning letter in November 2007.  A copy of the letter is annexed hereto as **Exhibit F**.

45. The goods that Defendants advertise, promote, sell, or offer for sale in connection with the CHARLOTTE mark are products closely related to those for which GMA owns registered trademarks and are in the same Class for which GMA owns a

6

trademark registration to the mark CHARLOTTE.

46. The Defendants' goods mentioned in paragraph 35 are in Class 25 and are goods identical or closely related to goods listed in GMA's trademark registration.

47. Since at least 2006, Defendant QUIKSILVER and its customers have used the CHARLOTTE mark as described herein and QUIKSILVER and its customers are co-infringers and acting in concert in the scheme to infringe as set forth herein.

48. Since at least 2006, Defendants have sold an infringing line of headgear and clothing which infringement was furthered and enhanced by QUIKSILVER'S distribution of these infringing items, advertised, promoted, marketed or displayed in connection with the CHARLOTTE mark to Defendants' customers, who in turn peddled, displayed, marketed, offered for sale and sold the infringing goods at the retail level to the general public in connection with the CHARLOTTE mark.

49. GMA has priority over Defendants in the CHARLOTTE mark for the goods described in paragraph 35.

## COUNT I – TRADEMARK INFRINGEMENT (FEDERAL)

50. GMA repeats and realleges the allegations of paragraphs 1 through 49 as if fully set forth herein.

51. Long after the adoption and use by GMA of the CHARLOTTE Trademark, and with at least constructive notice of the registration of the GMA Trademarks, Defendants knowingly and intentionally used reproductions, copies or colorable imitations of the CHARLOTTE Trademark to market, promote, identify design, manufacture, sell and distribute its products and either continue to do so or threaten to do so.

52. Defendants have been offering for sale products using a confusingly similar name,

e.g., CHARLOTTE.

53. Defendants, by their acts as aforesaid, have taken advantage of the creativity of GMA in coining the CHARLOTTE mark, of the good will developed by GMA in the mark CHARLOTTE, and the advertisements for CHARLOTTE.

54. Defendants' use of GMA's word mark results in confusion as to sponsorship, association, source and origin of GMA and Defendants' products.

55. Having adopted and used the CHARLOTTE mark after GMA, Defendants and their co-infringers are junior users of the mark.

56. Defendants injected their products into commerce with the express intent of profiting from GMA's valuable registered trademarks and QUIKSILVER'S customers are acting in concert with QUIKSILVER.

57. The acts of Defendants complained of herein have been without the authorization or consent of GMA.

58. Defendants' acts alone and via their customers have caused and will continue to cause irreparable harm and injury to GMA.

59. The activities of Defendants, complained of herein, constitute infringement of the GMA Trademarks in violation of Sections 35 and 43(a) of the Lanham Act, 15 U.S.C. Sections 1114(1) and 1125(a).

## COUNT II – VIOLATION OF THE NEW YORK ANTI-DILUTION STATUTE

60. As a cause of action and ground for relief, GMA alleges that Defendants are engaged in deceptive trade practices in violation of the New York Anti-Dilution Statute, and incorporates herein by reference each and every allegation set forth in Paragraphs 1

8

through 59 as if fully set forth herein.

61. Section 360-1 of the New York General Business Law provides: "Likelihood of injury to business or of dilution of the distinctive quality of a mark or trade name shall be a ground for injunctive relief in cases of infringement of a mark… or in cases of unfair competition, notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services." N.Y. Gen.Bus. Law sec. 360-1.

62. Defendants have engaged in trademark infringement and unfair competition by manufacturing, marketing, selling and/or offering for sale products using the same or similar CHARLOTTE word mark and upon information and belief continue to fill purchase orders using the word CHARLOTTE.

63. Defendants have engaged in, and continue to engage in, trademark infringement and unfair competition by causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of GMA's products.

64. Defendants have engaged in, and continue to engage in, trademark infringement and unfair competition by causing a likelihood of confusion or of misunderstanding as to affiliation, connection or association of GMA's products with Defendant's products.

65. GMA has not consented to any sponsorship, approval, status, affiliation, or connection with Defendant's products.

66. GMA has been irreparably damaged, and will continue to be damaged by Defendants' trademark infringement and unfair trade practices and is entitled to injunctive relief, pursuant to N.Y.Gen.Bus.Law 360-1.

**COUNT III – UNFAIR COMPETITION UNDER NEW YORK'S COMMON LAW**

67. As a cause of action and ground for relief, GMA alleges that Defendants are engaged

in acts of trademark infringement, unfair competition and misappropriation in violation of the common law of the state of New York and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 66 as if fully set forth herein.

68. Defendants have infringed GMA's trademarks by manufacturing, marketing and/or selling products that infringe the CHARLOTTE trademark.

69. Defendants' acts constitute deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression or omission of a material fact.

70. Upon information and belief, Defendants intend that others rely upon these unfair methods of competition and unfair or deceptive trade practices.

71. Defendants' deceptive business practices involve conduct addressed to the market generally and implicate consumer protection concerns because the deceptive practices have caused and continue to cause injury to consumers. Unless QUIKSILVER'S acts are restrained by this Court, Defendants' deceptive business practices will continue and the public will continue to suffer great and irreparable injury.

72. Defendants' acts are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association with GMA, or origin, sponsorship, or affiliation of GMA's products by Defendant.

73. Defendants' acts have harmed GMA's reputation and have severely damaged GMA's goodwill.

74. Upon information and belief, Defendants' acts are an attempt to deceive the public. The public is likely to be confused as to the source and origin of GMA's products.

75. Defendants have misappropriated GMA's trade name, and upon information and belief continue to do so, by selling products that are ordered under a mark that is

confusingly similar to GMA's line of "CHARLOTTE" products.

76. Defendants' trade name infringements are in violation of the common law of New York.

77. Defendants' aforesaid acts constitute infringement, tarnishment, dilution, misappropriation, and misuse of GMA's trademark, unfair competition, palming-off and passing-off against GMA, and unjust enrichment by Defendant, all in violation of GMA's rights under the common law of New York.

78. Defendants' aforesaid acts are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association with GMA, or origin, sponsorship, or affiliation of GMA's products by Defendant.

79. The public is likely to be confused as to the source, origin, sponsorship, approval or certification of the parties' products.

80. Upon information and belief, Defendants' actions have been willful and deliberate.

81. GMA has suffered, and continues to suffer, substantial and irreparable injury as a result of Defendants' deceptive business practices and therefore GMA is entitled to injunctive relief under New York Common Law.


WHEREFORE, the plaintiff, GMA ACCESSORIES, INC., prays:


A.      That this Court adjudge that Defendants have infringed, counterfeited, tarnished and diluted GMA's CHARLOTTE trademark, competed unfairly, engaged in deceptive trade and business practices, and committed consumer fraud as set forth in GMA's counterclaims, in violation of GMA's rights under New York Law as well as the Lanham Act, 15 U.S.C. §§ 1114, 1116, 1124 and 1125.

B.      That Defendants and all owners, suppliers, distributors, sales companies, sales representatives, salespersons, representatives, printers, officers, directors, agents, servants, employees, affiliates, attorneys, successors, and assigns, and all persons in active concert or participation therewith, including but not limited to their distributors and retailers, be preliminarily and permanently enjoined and restrained from (1) reproducing, copying, displaying, the word mark CHARLOTTE or any mark similar to, or substantially indistinguishable therefrom, and (2) advertising, promoting, importing, selling, marketing, offering for sale or otherwise distributing their infringing products in connection with the word mark CHARLOTTE or any mark similar to, or substantially indistinguishable therefrom, and (3) holding themselves out as, or otherwise representing themselves to be, the owners of, or otherwise authorized to use, the "CHARLOTTE" Trademark or (4) from in any other way infringing GMA's "CHARLOTTE" word mark or (5) effecting assignments or transfers, forming new entities or associations or utilizing any other means or devices for the purpose of circumventing or otherwise avoiding the prohibitions set forth in numbers (1) through (4) hereof.

C.      That Defendants be required to deliver up for destruction all products, brochures, signs, packaging, labels, promotional materials, advertisements, prints, catalogues, wrappers, receptacles, and other written or printed materials that bear the "CHARLOTTE" word mark, and any plates, molds, and other materials for making such infringing products.

D.      That Defendants be directed to file with this Court and to serve upon GMA within three (3) days after service of the injunction issued in this action, a written report under oath, setting forth in detail the manner of compliance with paragraphs C and D, pursuant to 15 U.S.C. 1116(a).

E.      That GMA recover Defendants'   profits arising from its acts of trademark

infringement, trademark dilution, false designation of origin, dilution, tarnishment, false description or representation, unfair competition, deceptive trade and business practices, and consumer fraud pursuant to both New York law and 15 U.S.C. 1117(a).

I.      That GMA recover its reasonable attorney fees incurred in this action pursuant to 15 U.S.C 1117(a).

J.      That GMA have and recover its taxable costs and disbursements incurred in this action pursuant to 15 U.S.C. 1117(a).

K.      That GMA have such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       January 16, 2008

                                    Respectfully Submitted,

                                    THE BOSTANY LAW FIRM

                                    By: CRYSTAL S A SCOTT
                                    CRYSTAL S. A. SCOTT (CS 5615)
                                    Attorney for Plaintiff GMA Accessories, Inc.
                                    40 Wall Street, 61st Floor
                                    New York, New York 10005
                                    (212) 530-4400

13

STATE OF NEW YORK          )
                          )      ss.:
COUNTY OF NEW YORK        )

        Rachel Weiss, being sworn, deposes and says: deponent is not a party to the action, is over 18 years of age and works at 40 Wall Street, New York, New York. On January 16, 2008, plaintiff  served this amended complaint upon:

| Attorney(s) | Address | Party |
|---|---|---|
| | 15202 Graham Street<br>Huntingon Beach, CA 92649 | Defendant<br>Quiksilver, Inc. |
| | 1617 6th Avenue, Suite 500<br>Seattle, WA 98101 | Defendant<br>Nordstrom, Inc. |
| | 32401 Calle Perfecto<br>San Juan Capistrano, CA 92675 | Defendant<br>Swell, Inc. |

the said address (es) designed by said attorney(s) for that purpose by depositing the same enclosed in a post-paid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

*Rachel Weiss*

Rachel Weiss

Sworn to before me this
17th day of January 2008

_____
Notary Public

JOHN P. BOSTANY
Notary Public, State of New York
No. 02BO5072359
Qualified in Kings County
Commission Expires Jan. 27, 2011



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

May 17, 2007

THE ATTACHED U.S. TRADEMARK REGISTRATION 2,535,454 IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF 10 YEARS FROM   February 05, 2002
*SECTION 8 & 15*
SAID RECORDS SHOW TITLE TO BE IN:
  *Registrant*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

E. BONNETT
Certifying Officer

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

United States Patent and Trademark Office

Reg. No. 2,535,454
Registered Feb. 5, 2002

TRADEMARK
PRINCIPAL REGISTER

CHARLOTTE

GMA ACCESSORIES, INC. (NEW YORK COR-
PORATION)
1 EAST 33RD STREET, 9TH FLOOR
NEW YORK, NY 10016

FOR: CLOTHING, FOOTWEAR AND HEAD-
GEAR, NAMELY HATS, SCARVES, GLOVES AND
SOCKS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 11-15-1996; IN COMMERCE 11-15-1996.

OWNER OF U.S. REG. NOS. 221,405 AND 2,217,341.

SER. NO. 75-857,222, FILED 11-24-1999.

ELLIOTT ROBINSON, EXAMINING ATTORNEY

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Dec 19 04:06:43 EST 2007*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | Brows Dict | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |

| NEXT LIST | First Doc | Prev Doc | Next Doc | LAST DOC |

Logout | Please logout when you are done to release system resources allocated for you.

Start | List At: [          ] OR Jump | to record: [          ] **Record 51 out of 101**

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

## Typed Drawing

| | |
|---|---|
| Word Mark | ROXY |
| Goods and Services | IC 025. US 022 039. G & S: CLOTHING, FOOTWEAR AND HEADGEAR, NAMELY, SHIRTS, T-SHIRTS, DRESSES, SKIRTS, PAJAMAS, SWIM SUITS, SWEATSHIRTS, SWEAT PANTS, TANK TOPS, SHORTS, PANTS, JACKETS, SWEATERS, SOCKS, BELTS, WETSUITS, SKI WEAR, SNOWBOARD CLOTHING, NAMELY, SNOW PANTS, POWDER PANTS, JACKETS, SNOW BIBS, GLOVES, THERMAL WEAR, SHOES, ATHLETIC SHOES, SANDALS, SLIPPERS, BOOTS, BEACH FOOTWEAR, HATS, CAPS, AND VISORS. FIRST USE: 19920101. FIRST USE IN COMMERCE: 19920101 |
| Mark Drawing Code | (1) TYPED DRAWING |
| Serial Number | 75612754 |
| Filing Date | December 28, 1998 |
| Current Filing Basis | 1A |
| Original Filing Basis | 1A |
| Published for Opposition | November 21, 2000 |
| Registration Number | 2427898 |
| Registration Date | February 13, 2001 |
| Owner | (REGISTRANT) QUIKSILVER, INC. CORPORATION DELAWARE 15202 Graham Street Huntington Beach CALIFORNIA 92649 |
| Type of Mark | TRADEMARK |
| Register | PRINCIPAL |
| Affidavit Text | SECT 15. SECT 8 (6-YR). |
| Live/Dead | |

Roxy Product Family



Mystique Beanie
$20.00

Card Shark Hat
$20.00

Charlotte Hat
$22.00

Back to Top ▲

Sort By:  [ Price (High to Low) ▼ ]

| Corporate Info | Customer Service 800-892-2281 | | International | Email Sign Up |
| --- | --- | --- | --- | --- |
| Privacy | FAQ | Shipping Charges | ROXY Europe | |
| Terms of Use | Customer Service | Sizing | ROXY Japan | |
| Quiksilver Inc. | Contact Us | Track My Order | ROXY Australia | |
| Quiksilver Foundation | Returns/Exchanges | Store Locator | | |
| About Us | Gift Services | Online Dealers | | |
| Careers | | Site Map | | |

Roxy Charlotte Military Cap - Women's from Dogfunk.com



FREE SHIPPING OVER $10

Men's Clothing / Hats / Military Hats

Next Day Air Only $19.99

## Roxy Charlotte Military Cap - Women's
ITEM # QKS1328
SHIPS IMMEDIATELY QUANTITY ON HAND: 9

$19.95

Select C
Snow White, C

Quanti

Gift B ☐

$6.95?

[ADD TO SHOP]

EMAIL THI
TO A FRIEN

READ REVI

SIGN UP FO
CATALOG

ENTER OU
SWEEPSTA


Roxy

BOARDS
BOOTS
BINDINGS
BACKCOUNTRY
AVALANCHE SAFETY

MEN'S CLOTHING
Men's Jackets
Men's Shirts
Men's Pants
Men's Long
Underwear
Men's Shorts
Men's Shoes
Watches
Gloves
Socks
Hats
Men's Accessories

WOMEN'S CLOTHING

See Other Views
See Larger Photo

Available Colors: (click to view)



All Brands

http://www.dogfunk.com/dogfunk/QKS1328/Roxy-Charlotte-Military-Cap-Womens.html?id=2vULXpwT

12/20/2007

# SWELL

GUYS  GIRLS  GEAR  ROOM  ROOTS

search keyword or item#

ADVANCED

< PREVIOUS  NEXT >



**ROXY**

**ROXY CHARLOTTE HOODIE**

Item#: RXG0104CHA

Totally over the jungle feline prints? We kinda are too,
which is why we're stoked to get this houndstooth print
sweatshirt, featuring a drawstring hood, zip front, contrast
solid waistband and cuffs, and a front pouch pocket.
Regular fit, 24" length, 80% cotton / 20% polyester.

AVAILABLE COLORS:

Was: $58.00
Now: $39.99        1    QTY

Select a Size

Select a Color    SIZE CHARTS

ADD TO BASKET

ADD TO WISH LIST    TELL A FRIEND

VIEW ADDITIONAL IMAGES

YOU MIGHT ALSO LIKE...



**ROXY KALANI TROUSER**
$58.00



**ROXY STOVEPIPE
SIGNATURE TEE**
Was: $24.00
Now: $16.99



**BILLABONG FIONA
SWEATER**
$49.50

Amazon.com: roxy charlotte                                                    Page 1 of 3

Hello. Sign in to get personalized recommendations.        Order as late
New customer? Start here.                                                              using Tw

Your Amazon.com        Today's Deals        Gifts & Wish Lists        Gift Cards        Yo

Amazon.com                          roxy charlotte

**"roxy charlotte"**

Showing Top Results

### Category
**Any Category**
  Books (4)
  Sports & Outdoors (3)
  Apparel (3)

### Listmania!



Women and Music: Music: A
list by "music-books"



Women in Rock: Books: A
list by "music-books"

▷ Create a Listmania! list

**Search Listmania!**

1. **Roxy Charlotte Military Cap - Women's** by Roxy
   Buy new: **$19.95**
   Apparel: See all 3 items

2.  **Unknown Pleasures: A Cultural Biography of Roxy Music** by Paul Stump (**Paperback** - Nov 1999)
   9 Used & new from $4.45
   ☆☆☆☆☆ (9)
   Books: See all 4 items

3. **Roxy Charlotte Women's Hooded Zip Sweatshirt - Formula One Red** by Roxy
   Buy new: ~~$68.00~~ **$55.99**
   Apparel: See all 3 items

4.  **What Makes Women Happy** by Fay Weldon (**Hardcover** - April 1, 2007)
   Buy new: ~~$18.95~~ **$12.89**
   50 Used & new from $5.51
   Get it by **Monday, Dec 24** if you order in the next 23 hours and choose one-day shipping.
   Eligible for **FREE** Super Saver Shipping.
   ☆☆☆☆☆ (3)
   Excerpt - page 209: "... us were virgins, Elsie, Rowena, Charlotte, Roxy Brenda and me. We took ..."
   Surprise me! See a random page in this book.
   Books: See all 4 items

ADVERTISEMENT

# THE BOSTANY LAW FIRM

### 40 WALL STREET

### 61ST FLOOR

### NEW YORK, NEW YORK 10005-1304

TEL: 212-530-4400

FAX: 212-530-4488

NEW JERSEY OFFICE

ONE GATEWAY CENTER
NEWARK, NJ 07102

August 14, 2007

<u>UPS AIR</u>

Bob McKnight, C.E.O.
Quiksilver, Inc.
15202 Graham Street
Huntington Beach, California  92649

Re:    CHARLOTTE® Trademark Infringement

Dear Mr. McKnight:

We represent GMA Accessories, Inc., the owner of the registered trademark CHARLOTTE® in various classes including headgear. A copy of the current title and status of this registration is attached.  It has come to our attention that your Roxy division is marketing and selling a hat named CHARLOTTE without permission from the trademark owner.

We demand that you immediately cease and desist all use of the CHARLOTTE® brand name.  Provide me with certification within 7 days of your receipt of this letter that you have stopped purchasing, selling, marketing, advertising, distributing or transferring products bearing the CHARLOTTE® mark. Within 14 days of your receipt of this letter we demand that you provide us:

(1)    a list of all items that you have purchased, advertised, and/or sold that in any way incorporate GMA's Charlotte®  brand name;

(2)    the quantity sold of each; the purchase and sale price; and your remaining inventory.

If you fail to comply we will be forced to enforce the trademark owner's rights in court.

Very truly yours,

Adrienne S. Raps

Enclosure



THE UNITED STATES OF AMERICA

TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

May 17, 2007

THE ATTACHED U.S. TRADEMARK REGISTRATION 2,535,454 IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF 10 YEARS FROM  February 05, 2002
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
   Registrant

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

E. BONNETT
Certifying Officer

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

Reg. No. 2,535,454

United States Patent and Trademark Office    Registered Feb. 5, 2002

TRADEMARK
PRINCIPAL REGISTER

CHARLOTTE

GMA ACCESSORIES, INC. (NEW YORK COR-
PORATION)
1 EAST 33RD STREET, 9TH FLOOR
NEW YORK, NY 10016

FOR: CLOTHING, FOOTWEAR AND HEAD-
GEAR, NAMELY HATS, SCARVES, GLOVES AND
SOCKS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 11-15-1996; IN COMMERCE 11-15-1996.

OWNER OF U.S. REG. NOS. 221,405 AND 2,217,341.

SER. NO. 75-851,222, FILED 11-24-1999.

ELLIOTT ROBINSON, EXAMINING ATTORNEY

# THE BOSTANY LAW FIRM

40 WALL STREET

61ST FLOOR

NEW YORK, NEW YORK 10005-1304

TEL: 212-530-4400

FAX: 212-530-4488

NEW JERSEY OFFICE

ONE GATEWAY CENTER
NEWARK, NJ 07102

October 16, 2007

Mitch Milstein, Esq.
Quicksilver, Inc. d/b/a Roxy
General Counsel Global IP
15362 Graham Street
Huntington Beach, CA 92649

Re: CHARLOTTE® - ROXY

Dear Mr. Milstein:

Pursuant to your request, enclosed are pictures of GMA's CHARLOTTE hats as you requested. We have requested your price points and cost of goods because damages are in order, where, as here a simple trademark search would have revealed GMA's CHARLOTTE trademark in various classes including clothing, hats, footwear, handbags, and others. Under the Lanham Act, federal registration of a trademark is deemed constructive notice of the registrant's claim of ownership of their trademark. 15 U.S.C. §1072; *Toyota Jidosha Kabushiki Kaisha v. Aliments Lexas Inc.*, 2004 WL 1304054 at * 8 (E.D.N.Y. 2004).

In determining a second user's intent, actual or constructive knowledge of the prior user's mark may indicate bad faith. *Paddington Corp., v. Attiki Importers & Distrib.*, 996 F.2d 577, 587 (2d Cir. 1993); *Mobil Oil Corp. v. Pegasus Petroleum Corp.*, 818 F.2d 254, 258 (2d Cir. 1987). *See also International Star v. Tommy Hilfiger,* 80 F.3d 749, 753-754 (2d Cir. 1996) (a company cannot avoid a finding of knowledge by "covering their eyes and ears").

Moreover, there is recent authority authored by the Chief Judge of the Southern District which no longer requires a showing of bad faith. *Nike v. Top Brand, Co.*, 2005 WL 1654859 at * 10 (S.D.N.Y. 2005) ("a showing of bad faith or intentional misconduct" is no longer required to recover profits pursuant to the amendments of the Lanham Act).

It is also significant that "the language of the statute indicates that absent extenuating circumstances, 'federal courts are expected, and not merely authorized' to grant treble profits or damages, whichever is greater, in cases of willful infringement." *Nike, Inc. v. Top Brand Co. Ltd.*, 2005 WL 1654859 at * 10 (S.D.N.Y. 2005) *quoting Fendi S.A.S. Di Paola Fendi E Sorelle v. Cosmetic World, Ltd.*, 642 F.Supp 1143, 1147 (S.D.N.Y. 1986).

We are also cognizant of the strict scrutiny in the Second Circuit of deductions on gross revenue. In assessing profits the plaintiff is only required to prove defendant's sales because it is the defendant's burden to prove any cost or deduction claimed and it has failed to do so. *See Simon & Schuster, Inc. v. Dove Audio, Inc.*, 970 F. Supp. 279, 302 (S.D.N.Y. 1997); *New York Racing Association, Inc. v. Stroup News Agency, Corp.*, 920 F. Supp. 295, 300 (N.D.N.Y. 1996).

Please supply us your price points, cost of goods and quantity sold within 5 days so that we might have a settlement conversation before, rather than after, litigation is commenced that will be costly for both sides.

Very truly yours,

Andrew T. Sweeney



C 009870





# THE BOSTANY LAW FIRM

40 WALL STREET

61ST FLOOR

NEW YORK, NEW YORK 10005-1304

TEL: 212-530-4400

FAX: 212-530-4488

NEW JERSEY OFFICE

ONE GATEWAY CENTER
NEWARK, NJ 07102

November 26, 2007

Mitch Milstein, Esq.
Quicksilver, Inc. d/b/a Roxy
General Counsel Global IP
15362 Graham Street
Huntington Beach, CA 92649

Re: CHARLOTTE® - ROXY

Dear Mr. Milstein:

Since you requested evidence of our client's use of Charlotte on hats and we supplied that to you, it is confounding why you are now asking for evidence of the use of the mark on scarves, gloves and socks. Although GMA's incontestable registration was conclusive evidence of its rights, we sent proof of use on the hats to facilitate an out of court resolution. It appears that your newest requests are not legitimate and designed to sidestep the important issues at stake here.

Please comply with our August 14, August 31, September 20 and October 16 requests for information so that we might have a settlement conversation before rather than after litigation that will be costly for both sides.

Very truly yours,

Andrew T. Sweeney