Stephen W. Feingold (SF 2763)
Richard H. Brown (RB 5858)
Mark S. Morgan (MM 8799)
**DAY PITNEY LLP**
7 Times Square
New York, New York  10036-7311
Phone: (212) 297-5800
*Attorneys for Defendant Quiksilver, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GMA ACCESSORIES, INC., | Case No. 07 CV 11527 (VM) |
| Plaintiff, | |
| -against- | **ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES** |
| QUIKSILVER, INC., NORDSTROM, INC., and SWELL, INC., | |
| Defendants. | |

Defendant Quiksilver, Inc. ("Quiksilver" or "Defendant") by and through its counsel, as and for its Answer to the Amended Complaint filed against it by plaintiff GMA Accessories, Inc. ("GMA"), sets forth the following Answer and Affirmative Defenses:

**NATURE OF THE CASE**

Defendant is without knowledge or information to form a belief as to the truth of the allegations in the paragraph entitled NATURE OF THE CASE with respect to whether plaintiff owns a registration for CHARLOTTE and whether such registration is valid.  Defendant admits that it owns a registered trademark for the word ROXY bearing Registration Number 2,988,186. Defendant admits that the word "charlotte" was used in lieu of a stock number on one item of head gear and on one item of clothing and otherwise denies the allegations in the third sentence

of this section. The fourth sentence of the NATURE OF THE CASE is not capable of a response because it is ambiguous and susceptible to multiple interpretations in that it is unclear who Plaintiff is alleging believes that Nordstrom and Swell are two of Defendant's largest offending customers. Defendant admits that Nordstrom and Swell are customers and otherwise denies the allegations in the fourth sentence of the NATURE OF THE CASE.

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, and therefore deny the allegations of Paragraph 1.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and therefore deny the allegations of Paragraph 2.

3. Defendant admits that Quiksilver, Inc. ("Quiksilver") is a Delaware corporation, and that its principal place of business is 15202 Graham Street, Huntington Beach, California 92649.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4, and therefore deny the allegations of Paragraph 4.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5, and therefore deny the allegations of Paragraph 5.

6. Defendant admits that the word "charlotte" was used in lieu of a stock number on one item of head gear and on one item of clothing and otherwise denies the allegations in Paragraph 6.

7. Defendant denies the allegations of Paragraph 7.

8. Defendant denies the allegations of Paragraph 8.

9. Defendant denies the allegations as to Quiksilver and its products, but admits that Nordstrom offers for sale a purse bearing the name "charlotte". Defendant is without knowledge

or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9, and therefore deny the remaining allegations of Paragraph 9.

10. Defendant denies the allegations as to Quiksilver and its products, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10, and therefore deny the remaining allegations of Paragraph 10.

11. Defendant admits that this Court has jurisdiction over this action. Defendant denies the remaining allegations of Paragraph 11.

12. Defendant admits that venue is proper in this District.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 with respect to Plaintiff's date of first use and denies that Defendant has used "charlotte" in a trademark manner to designate a source.

14. Denied.

15. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 15, and therefore deny the allegations of Paragraph 15.

16. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 16, and therefore deny the allegations of Paragraph 16.

17. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 17, and therefore deny the allegations of Paragraph 17.

18. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 18, and therefore deny the allegations of Paragraph 18.

19. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 19, and therefore deny the allegations of Paragraph 19.

20.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 20, and therefore deny the allegations of Paragraph 20.

21.     Defendant is unable to respond to the allegations of Paragraph 21 of the Amended Complaint because Plaintiff uses the term GMA Products without having defined it in the Amended Complaint. To the extent that GMA Products refers only to those items specifically identified in Paragraph 21, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21, and therefore deny the allegations of Paragraph 21.

22.     Admitted.

23.     Denied.

24.     Denied to the extent that the allegations of Paragraph 24 refer to Quiksilver and its products, but is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 to the extent they relate to the remaining Defendants.

25.     Defendant admits that it uses the mark ROXY on many items of clothing and head gear as a designation of source. Defendant denies the remaining allegations of Paragraph 21.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Defendant admits that it commenced use of the word "Charlotte" in connection with headgear no earlier than 2006, but denies that such use is "trademark use" within the meaning of Sections 32 and 43 of the Lanham Act.

30.     Denied.

31. Denied.

32. Denied.

33. Denied to the extent that the allegations of Paragraph 33 refer to Quiksilver and its products, but is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 to the extent they relate to the remaining Defendants.

34. Defendant admits that it offered for sale products bearing hang tags that bore the word "Charlotte." Defendant admits that the first document attached as Exhibit C to the Amended Complaint is a web page from the web site <www.roxy.com> dated December 18, 2007, but is without knowledge or information sufficient to admit the accuracy or contents of the other documents attached thereto as Exhibit C. Defendant denies the remaining allegations of Paragraph 34.

35. Denied.

36. Defendant denies that it has used the word "charlotte" to designate the source of any product offered for sale by it and lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 36.

37. Denied.

38. Denied.

39. Defendant admits that it did not conduct a trademark search for the word "charlotte" and denies the remaining allegations of Paragraph 39 of the Amended Complaint.

40. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 40, and therefore deny the allegations of Paragraph 40.

41. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 41, and therefore deny the allegations of Paragraph 41.

42. Defendant admits that it received letters from GMA dated, August 14, 2007 and October 16, 2007. Defendant denies the remaining allegations of Paragraph 42.

43. Defendant denies the allegations in Paragraph 43, except that it admits that it requested that Plaintiff provide information about Plaintiff's use of the word "Charlotte" in commerce in connection with hats, and it refers to the correspondence from Plaintiff's counsel for its precise language.

44. Defendant denies that allegations in Paragraph 44, except that it admits that it received a letter from GMA dated November 26, 2007, and refers to the letter for its precise language.

45. Defendant denies the allegations of Paragraph 45, except that it admits that it offered for sale products bearing hang tags that bore the word "Charlotte".

46. Defendant is without information sufficient to form a belief as to the truth of the allegations of Paragraph 46, and therefore deny the allegations of Paragraph 46.

47. Denied.

48. Denied.

49. Defendant is without information sufficient to form a belief as to the truth of the allegations of Paragraph 49, and therefore deny the allegations of Paragraph 49.

## **COUNT – I TRADEMARK INFRINGEMENT (FEDERAL)**

50. Defendant repeats and realleges its responses to Paragraphs 1 through 49 as if fully set forth herein.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

**COUNT – II VIOLATION OF THE NEW YORK ANTI-DILUTION STATUTE**

60. Denied.

61. The allegations of Paragraph 61 are conclusions of law to which no response is required. To the extent the allegations of Paragraph 61 call for an answer, Defendant admits that Plaintiff has selectively cited Section 360-1 of the New York General Business Law, but otherwise denies the remaining allegations of Paragraph 61.

62. Denied.

63. Denied.

64. Denied.

65. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 65, and therefore deny the allegations of Paragraph 65.

66. Denied.

**COUNT III – UNFAIR COMPETITION UNDER NEW YORK'S COMMON LAW**

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering damages or obtaining injunctive relief by the doctrines of estoppel, laches, waiver, acquiescence and/or unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Defendant adopts and incorporates by reference any and all presumptions and defenses which are or may become available to them pursuant to the Uniform Trade Secrets Act, Lanham Act, or any other applicable law, as a bar to Plaintiff's claims.

### FOURTH AFFIRMATIVE DEFENSE

The conduct alleged in the Complaint does not give rise to trademark infringement because it concerns the use of words in a non-designating source manner.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to monetary damages because of a lack of willful infringement.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff has not sustained any injury or damages as a result of any act or conduct by Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff cannot recover for loss of customers or business occasioned by fair competition permitted by applicable law.

**EIGHTH AFFIRMATIVE DEFENSE**

On information and belief, before filing this action, and before Quiksilver commenced use of the CHARLOTTE name, GMA abandoned whatever rights it enjoyed in the CHARLOTTE name. GMA ceased bona fide use in commerce of the CHARLOTTE name with an intent not to resume such use.

**NINTH AFFIRMATIVE DEFENSE**

The CHARLOTTE name is not a protectable trademark. CHARLOTTE is either merely descriptive or generic and is neither inherently distinctive, nor has it acquired distinctiveness.

**TENTH AFFIRMATIVE DEFENSE**

Defendant's use of CHARLOTTE is not likely to cause confusion, to the extent (if any) GMA has protectable rights.

**ELEVENTH AFFIRMATIVE DEFENSE**

The CHARLOTTE name is not a famous mark and lacks the requisite level of distinctiveness to qualify for protection under the New York State Anti-Dilution statute.

## TWELFTH AFFIRMATIVE DEFENSE

On information and belief, one or more of the trademarks at issue is, or may be, unenforceable by reason of Plaintiff's inequitable conduct, acts or omissions before the United States Patent and Trademark Office.

Defendant reserves the right to amend this answer and to add, delete, or modify these defenses based upon legal theories that may, might or will be divulged through clarification of Plaintiff's claims, through discovery, or through further legal analysis of Plaintiff's position in this litigation.

WHEREFORE, Defendant, Quiksilver, respectfully requests that Plaintiff's Complaint be dismissed with prejudice, and that judgment be entered in favor of Defendant and against Plaintiff, along with an award of reasonable costs, attorneys' fees and such other relief as the Court may deem proper.

## JURY DEMAND

Defendant, Quiksilver, hereby demands a trial by jury on all issues and claims in the Complaint.

**DAY PITNEY LLP**

*Attorneys for Defendant*
*Quiksilver, Inc.*

By:    s/ Stephen W. Feingold
     Stephen W. Feingold (SF 2763)
     Richard H. Brown (RB 5858)
     Mark S. Morgan (MM 8799)
     7 Times Square
     New York, New York 10036-7311
     Phone: (212) 297-5800

Date:  February 4, 2008
New York, New York