Stephen W. Feingold (SF 2763)
Richard H. Brown (RB 5858)
Mark S. Morgan (MM 8799)
**DAY PITNEY LLP**
7 Times Square
New York, New York  10036-7311
Phone: (212) 297-5800
*Attorneys for Defendants*
*Quiksilver, Inc. and Nordstrom, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GMA ACCESSORIES, INC., <br><br> Plaintiff, <br><br> -against- <br><br> QUIKSILVER, INC., NORDSTROM, INC., and SWELL, INC., <br><br> Defendants. | Case No. 07 CV 11527 (VM) <br><br><br> **ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES BY NORDSTROM, INC.** |

Defendant Nordstrom, Inc. ("Nordstrom" or "Defendant") by and through its counsel, as and for its Answer to the Amended Complaint filed against it by plaintiff GMA Accessories, Inc. ("GMA"), sets forth the following Answer and Affirmative Defenses:

**NATURE OF THE CASE**

Defendant is without knowledge or information to form a belief as to the truth of the allegations in the paragraph entitled NATURE OF THE CASE with respect to all the allegations in the unnumbered paragraph identified as NATURE OF THE CASE except Defendant admits it acquired from Quicksilver, Inc. ("Quicksilver") a limited number of hats for which the word "charlotte" was used to identify the product to customers.  In addition, Defendant notes that the fourth sentence of the NATURE OF THE CASE is not capable of a response because it is

1

ambiguous and susceptible to multiple interpretations in that it is unclear who Plaintiff is alleging believes that Nordstrom and Swell are two of Defendant's largest offending customers.

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, and therefore deny the allegations of Paragraph 1.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and therefore deny the allegations of Paragraph 2.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3, and therefore deny the allegations of Paragraph 3.

4. Defendant admits that Nordstrom, Inc. is a corporation existing under the laws of the State of Washington with principal corporate offices located in Seattle, Washington.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5, and therefore deny the allegations of Paragraph 5.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6, and therefore deny the allegations of Paragraph 6 except Defendant admits that it bought one item of headgear from Quicksilver that was identified by the word "charlotte" in lieu of a stock number and that it sold limited numbers of these headgear.

7. Defendant denies it is currently selling any product acquired from Quicksilver that is identified, designated, or otherwise promoted as CHARLOTTE and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7, and therefore deny the remaining allegations of Paragraph 7.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8, and therefore deny the allegations of Paragraph 8.

9. Defendant denies that it is currently using the website <www.nordstrom.com> to offer any products acquired from Quicksilver in connection with any identification of CHARLOTTE, but admits that it used the word "charlotte" to identify a limited quantity of headgear, and denies all other allegations in Paragraph 9 including that it has infringed Plaintiff's CHARLOTTE mark.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10, and therefore deny the allegations of Paragraph 10.

11. Defendant admits that this Court has jurisdiction over this action. Defendant denies the remaining allegations of Paragraph 11.

12. Defendant admits that venue is proper in this District.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 with respect to Plaintiff's date of first use or the date of first use (if any) by the other defendants, and denies that Defendant has used "charlotte" at any time in a trademark manner to designate a source.

14. Denied.

15. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 15, and therefore deny the allegations of Paragraph 15.

16. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 16, and therefore deny the allegations of Paragraph 16.

17. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 17, and therefore deny the allegations of Paragraph 17.

18. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 18, and therefore deny the allegations of Paragraph 18.

19. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 19, and therefore deny the allegations of Paragraph 19.

20. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 20, and therefore deny the allegations of Paragraph 20.

21. Defendant is unable to respond to the allegations of Paragraph 21 of the Amended Complaint because Plaintiff uses the term GMA Products without having defined it in the Amended Complaint. To the extent that GMA Products refers only to those items specifically identified in Paragraph 21, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21, and therefore deny the allegations of Paragraph 21.

22. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 22, and therefore deny the allegations of Paragraph 22.

23. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 23, and therefore deny the allegations of Paragraph 23.

24. Denied.

25. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 25, and therefore deny the allegations of Paragraph 25.

26. Denied as to Defendant and as to other defendants, Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 26, and therefore deny the allegations of Paragraph 26 to the extent that they relate to third parties.

27. Denied as to Defendant and as to other defendants, Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 27, and therefore deny the allegations of Paragraph 27 to the extent that they relate to third parties.

28. Denied as to Defendant and as to other defendants, Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 28, and therefore deny the allegations of Paragraph 28 to the extent that they relate to third parties.

29. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 29, and therefore deny the allegations of Paragraph 29.

30. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 30, and therefore deny the allegations of Paragraph 30.

31. Denied.

32. Denied.

33. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 33, and therefore deny the allegations of Paragraph 33.

34. Denied.

35. Denied.

36. Denied as to Defendant and as to other defendants, Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 36, and therefore deny the allegations of Paragraph 36 to the extent that they relate to third parties.

37. Denied as to Defendant and as to other defendants, Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 37, and therefore deny the allegations of Paragraph 37 to the extent that they relate to third parties.

38. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 38, and therefore deny the allegations of Paragraph 38.

39. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 39, and therefore deny the allegations of Paragraph 39.

40. Defendant admits that it did not conduct a trademark search for the word "charlotte" and denies the remaining allegations of Paragraph 40 including any suggestion or implication that it had a duty or obligation to conduct a trademark search.

41. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 41, and therefore deny the allegations of Paragraph 41.

42. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 42, and therefore deny the allegations of Paragraph 42.

43. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 43, and therefore deny the allegations of Paragraph 43.

44. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 44, and therefore deny the allegations of Paragraph 44.

45. Defendant denies the allegations of Paragraph 45, except upon information and belief, admits that it offered for sale hats bearing Quiksilver's hang tags that bore the word "charlotte" and is without knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 45 as they relate to the other defendants, and therefore deny such allegations.

46. Defendant admits that hats and hoodies are within class 25 of the International Classification system used in the United States Patent and Trademark Office and otherwise denies the allegations Paragraph 46.

47. Denied.

48. Denied.

49. Defendant is without information sufficient to form a belief as to the truth of the allegations of Paragraph 49, and therefore deny the allegations of Paragraph 49.

## COUNT – I TRADEMARK INFRINGEMENT (FEDERAL)

50. Defendant repeats and realleges its responses to Paragraphs 1 through 49 as if fully set forth herein.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

## COUNT – II VIOLATION OF THE NEW YORK ANTI-DILUTION STATUTE

60. Denied.

61. The allegations of Paragraph 61 are conclusions of law to which no response is required. To the extent the allegations of Paragraph 61 call for an answer, Defendant admits that Plaintiff has selectively cited Section 360-1 of the New York General Business Law, but otherwise denies the remaining allegations of Paragraph 61.

62. Denied.

63. Denied.

64. Denied.

65. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 65, and therefore deny the allegations of Paragraph 65.

66. Denied.

## COUNT III – UNFAIR COMPETITION UNDER NEW YORK'S COMMON LAW

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state claims upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering damages or obtaining injunctive relief by the doctrines of estoppel, laches, waiver, acquiescence and/or unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Defendant adopts and incorporates by reference any and all presumptions and defenses which are or may become available to them pursuant to the Uniform Trade Secrets Act, Lanham Act, or any other applicable law, as a bar to Plaintiff's claims.

### FOURTH AFFIRMATIVE DEFENSE

The conduct alleged in the Complaint does not give rise to trademark infringement because it concerns the use of words in a non-designating source manner.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to monetary damages because of a lack of willful infringement.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has not sustained any injury or damages as a result of any act or conduct by Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover for loss of customers or business occasioned by fair competition permitted by applicable law.

### EIGHTH AFFIRMATIVE DEFENSE

On information and belief, before filing this action, and before Defendant sold products bearing the CHARLOTTE name, GMA abandoned whatever rights it enjoyed in the CHARLOTTE name. GMA ceased bona fide use in commerce of the CHARLOTTE name with an intent not to resume such use.

### NINTH AFFIRMATIVE DEFENSE

The CHARLOTTE name is not a protectable trademark. CHARLOTTE is either merely descriptive or generic and is neither inherently distinctive, nor has it acquired distinctiveness.

**TENTH AFFIRMATIVE DEFENSE**

Defendant's use of CHARLOTTE is not likely to cause confusion, to the extent (if any) GMA has protectable rights.

**ELEVENTH AFFIRMATIVE DEFENSE**

The CHARLOTTE name is not a famous mark and lacks the requisite level of distinctiveness to qualify for protection under the New York State Anti-Dilution statute.

**TWELFTH AFFIRMATIVE DEFENSE**

On information and belief, one or more of the trademarks at issue is, or may be, unenforceable by reason of Plaintiff's inequitable conduct, acts or omissions before the United States Patent and Trademark Office.

Defendant reserves the right to amend this answer and to add, delete, or modify these defenses based upon legal theories that may, might or will be divulged through clarification of Plaintiff's claims, through discovery, or through further legal analysis of Plaintiff's position in this litigation.

WHEREFORE, Defendant, Nordstrom respectfully requests that Plaintiff's Amended Complaint be dismissed with prejudice, and that judgment be entered in favor of Nordstrom and against Plaintiff, along with an award of reasonable costs, attorneys' fees and such other relief as the Court may deem proper.

## JURY DEMAND

Defendant, Nordstrom, hereby demands a trial by jury on all issues and claims in the Complaint.

**DAY PITNEY LLP**

*Attorneys for Defendants*
*Quiksilver, Inc. and Nordstrom, Inc.*

By: ___s/ Stephen W. Feingold_____
Stephen W. Feingold (SF 2763)
Richard H. Brown (RB 5858)
Mark S. Morgan (MM 8799)
7 Times Square
New York, New York 10036-7311
Phone: (212) 297-5800

Date:  March 3, 2008
         New York, New York