*MARRERO /O*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

GMA ACCESSORIES, INC.,

      Plaintiff,

v.

QUIKSILVER, INC., NORDSTROM, INC.
and SWELL, INC.,

      Defendants.

Civil Action No. 07-11527 (VM)

**STIPULATED
PROTECTIVE ORDER**

THIS MATTER having been brought before the Court on the application of The Bostany Law Firm, attorneys for Plaintiff GMA Accessories, Inc. ("GMA") and Day Pitney LLP, attorneys for Defendants Quiksilver, Inc., Nordstrom, Inc. and Swell, Inc. (collectively "Defendants"), for the entry of a Stipulated Protective Order ("Order") concerning the confidentiality of certain documents, testimony, interrogatory answers and other information that have been or may be sought, produced or made available by GMA or Defendants in this action (referred to herein as the "Litigation") that contain or otherwise disclose the parties' proprietary information or other kinds of confidential information and/or trade secrets; and

WHEREAS, the parties agree that, pursuant to Fed. R. Civ. P. 26(c), an Order preserving the confidentiality of certain information should be executed; and for good cause shown,

IT IS on this ____ day of _____, 2008, ORDERED, as follows:

1.     This Order shall apply to all information, including any document, or portion thereof, and any other form of evidence or discovery contemplated under Rules 26 through 36 and 45 of the Federal Rules of Civil Procedure that, in the good faith opinion of the party

providing such discovery contains information defined as "Protected Material" pursuant to paragraph 3 below.

2.    This Order is binding upon the parties to the Litigation, and their respective counsel, agents, representatives, officers, employees, experts, witnesses and others as set forth in this Order.

3.    **Definitions.**  For purposes of this Order, the following definitions shall apply:

a.    The term "document" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure and shall include without limitation any records, exhibits, reports, samples, transcripts, electronic mail ("email"), video or audio recordings, affidavits, briefs, summaries, notes, abstracts, drawings, company records and reports, answers to interrogatories, responses to requests for admissions, or motions, including copies or computer-stored versions of any of the foregoing.

b.    The term "Disclosing Party" is defined herein as any party or non-party who is requested to produce or produces documents, materials, or testimony containing Protected Material.  For purposes of this definition each defendant  shall be deemed a separate "Party."

c.    The term "Receiving Party" is defined herein as any party to whom documents, materials, or testimony containing Protected Material is provided.  For purposes of this definition, each defendant shall be deemed a separate "Party."

d.    The term "CONFIDENTIAL INFORMATION" is defined herein as information that has not been made public, the disclosure of which  to the general public will, or is likely to,  in the good faith view of the Disclosing Party to cause injury to the business of the Disclosing Party or provide improper advantage to

2

others. CONFIDENTIAL INFORMATION also includes non-public or private information in the possession of the Disclosing Party which consists of personally identifiable information subject to either contractual or regulatory limitations

     e.    The term "HIGHLY CONFIDENTIAL INFORMATION" is defined herein as information that constitute trade secrets of the Disclosing Party. For purposes of this Agreement, the term "trade secrets" is defined consistent with the common law definition under New York law. .

     f.    The term "ATTORNEYS EYES ONLY" is defined herein as CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION consisting of competitive information relating to current or future marketing or business plans the disclosure of which to the non-Disclosing Party would compromise such current or future business plan or marketing objective. The parties agree that Protected Material shall not be designated as "ATTORNEYS EYES ONLY" unless it contains especially sensitive information.

     g.    The term "Protected Material" refers collectively to information that is CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, and/or ATTORNEYS EYES ONLY information.

     h.    The term "Designated Employee" refers to those employees of a Party granted access to HIGHLY CONFIDENTIAL INFORMATION pursuant to ¶ 12 (b) and (c). A Party shall make available within five (5) business days a current list of Designated Employees upon request by any other Party

    4.    **Applicability of Protective Order.** If, in the course of this Litigation, a party undertakes or is caused to disclose Protected Material, the procedures set forth herein shall be

employed and the disclosure thereof shall be subject to this Order. Protected Material shall

be used solely in the preparation, prosecution, or trial of this Litigation. This Protective

Order shall also apply to any information disclosed by any third party that wishes to ensure

that its production shall be subject to the same terms and conditions as agreed to herein.

5. **Disclosure Prohibited.** Protected Material or the substance or context

thereof, including any notes, memoranda or other similar documents relating thereto, shall

not be disclosed or summarized, either in writing or orally, by a Receiving Party to anyone

other than persons permitted to have access to such information under this Order. Nothing in

this Order shall limit disclosure or use by a Designating Party of its own Protected Material

or of any material independently lawfully collected by any party to this litigation even if such

information or material has otherwise been identified as Protected Material.

6. **Designating and Marking Protected Material.** Protected Material to be

designated "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "ATTORNEYS EYES

ONLY" pursuant to this Order shall be designated and marked as follows:

a. **Documents.** Documents may be designated as "CONFIDENTIAL" by

placing the following legend, or equivalent thereof, on any such document:

"Confidential"

Documents may be designated as "HIGHLY CONFIDENTIAL" by

placing the following legend, or equivalent thereof, on any such document:

"Highly Confidential"

Documents may be designated as "ATTORNEYS EYES ONLY" by placing the

following legend, or equivalent thereof, on any such document:

4

"Attorneys Eyes Only"

Such legends shall be placed upon every page of each document containing Protected Material. In lieu of marking the originals of document, the party may mark the copies that are produced or exchanged.

      b.    **Non-Paper Media.** Where Protected Material is produced in a non-paper medium (*e.g.*, video tape, audio tape, computer disks, clothing), the appropriate confidentiality notice as described in ¶ (a) above should be placed on the medium, if possible, and its container, if any, so as to clearly give notice of the designation. To the extent that any Receiving Party prints any of the information contained on non-paper media that is designated as Protected Material, such printouts will be marked as described in ¶ (a) above by the Receiving Party.

      c.    **Physical Exhibits.** The confidential status of a physical exhibit shall be indicated by placing a label on said physical exhibit with the appropriate confidentiality notice as described in ¶ (a) above.

      d.    **Written Discovery.** In the case of Protected Material incorporated in answers to interrogatories or responses to requests for admission, the appropriate confidentiality notice as described in ¶ (a) above shall be placed only on the first page of the document and on each answer or response that actually contains Protected Material.

      7.    **Designating Inspections of Documents and Tangible Items.** Where discovery is provided by allowing access to the documents or tangible things for inspection instead of delivering copies of them, the Disclosing Party may orally designate such

documents and tangible things as "CONFIDENTIAL INFORMATION", "HIGHLY

CONFIDENTIAL" or "ATTORNEYS EYES ONLY."

Any copies of such documents or tangible things must be designated as indicated in

¶ 6(a) above by the Disclosing Party at the time they are sent to inspecting counsel. At the

initial inspection of documents and things, the Receiving Party shall not make copies of the

documents made available for inspection, and if notes are made therefrom other than a list

identifying documents or things to be copied or otherwise furnished, the notes shall be

treated as having been designated at the same level of confidentiality as the inspected

documents.

If a party believes that inspection, measuring, testing, sampling, or photographing of

that party's processes, products, equipment, premises, or other property pursuant to Fed. R.

Civ. P. 34 will reveal or disclose information that is in good faith deemed CONFIDENTIAL,

HIGHLY CONFIDENTIAL, and/or ATTORNEYS EYES ONLY, that party shall advise in

advance the party seeking such discovery in writing that the inspection, measuring, testing,

sampling, or photographing of that party's processes, products, equipment, premises, or other

property will be permitted only on a confidential basis, and that the information discovered,

and any information derived from that information, shall be treated as CONFIDENTIAL

INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, or ATTORNEYS EYES

ONLY information.

8.      **Deposition Proceedings.** The parties agree that they shall make a good faith

effort to designate as Protected Material those specific portions of a deposition transcript that

contain Protected Material. No portion of a transcript shall be considered Attorneys Eyes Only

or HIGHLY CONFIDENTIAL , unless: (i) during the deposition counsel for either party

designates specific subject matter as being Attorneys Eyes Only information or HIGHLY

CONFIDENTIAL INFORMATION; or (ii) within five (5) days of receipt of the transcript,

counsel for the witness shall designate the precise page and line numbers deemed Attorneys

Eyes Only information or HIGHLY CONFIDENTAL INFORMATION. With respect to

Attorneys Eyes Only information or HIGHLY CONFIDENTIAL INFORMATION designated

in accordance with paragraph 8(ii), the receiving party shall within five (5) business days advise

the disclosing party whether they have shared such information with non-attorneys or persons

not otherwise permitted access thereto. If so, counsel for the party having made such disclosure

shall represent in writing that there will be no further disclosure with anyone other than those

persons permitted under Paragraphs 12 and/or 13. The entire transcript of a deposition shall be

treated as CONFIDENTIAL INFORMATION until 30 days after receipt of the deposition

transcript by counsel for the witness, after which the information revealed during the deposition

shall cease to be treated as CONFIDENTIAL INFORMATION unless, at the deposition and on

the record, or in writing before the 30 days have expired, the witness, counsel of the Disclosing

Party designate those portions of the deposition transcript (including exhibits) as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL". In the case of non-party witnesses, any

party or the non-party witness, his or her counsel may designate information revealed as

Protected Material either by a statement to such effect on the record in the course of the

deposition, or in writing within 30 days of receipt of the deposition by the non-party witness'

counsel.

Counsel for any Disclosing Party shall have the right to exclude from oral depositions,

other than the deponent, deponent's counsel, the reporter, and videographer (if any), any person

who is not authorized by this Order to receive documents or information designated

"CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "ATTORNEYS EYES ONLY." Such right of exclusion shall be applicable only during periods of examination or testimony directed to or constituting Protected Material of the Disclosing Party.

The Court Reporter or other person recording the proceedings shall segregate any portion of the transcript of the deposition or hearing which has been stated to contain Protected Material and may furnish copies of these segregated portions, in a sealed envelope, only to the deponent, to the Court, and to counsel for the parties bound by the terms of this Protective Order. The Court Reporter may be asked to prepare "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", "ATTORNEYS EYES ONLY", or non-confidential versions of the transcript, as appropriate. All video and/or audio copies of depositions that have been stated to contain, in whole or in part, Protected Material, shall be marked CONFIDENTIAL, HIGHLY CONFIDENTIAL, and/or ATTORNEYS EYES ONLY in their entirety depending on the highest level of Protected Material contained in the deposition.

Designations made shall be made after receipt of the deposition transcript by sending written notice to the Court Reporter, to counsel for the parties, and to any other person known to have a copy of said transcript. The notice shall reference this Order, identify the appropriate level of confidentiality, and identify the pages and/or exhibits so designated. All copies of transcripts designated in this fashion shall be marked with a notice indicating the appropriate level of confidentiality of the material and shall be governed by the terms of this Order.

9.    **Inadvertent Nondesignation.** The failure to designate Protected Material as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "ATTORNEYS EYES ONLY" before or at the time of disclosure shall not operate as a waiver of a Disclosing Party's right to designate said information as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or

"ATTORNEYS EYES ONLY."  In the event that Protected Material is designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "ATTORNEYS EYES ONLY" after disclosure, a Receiving Party shall employ reasonable efforts to ensure that all such information is subsequently treated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "ATTORNEYS EYES ONLY" pursuant to the terms of this Order.  Disclosure of such Protected Material to persons not authorized to receive that information before receipt of the proper confidentiality designation shall not be deemed a violation of this Order.  However, in the event the document has been distributed in a manner inconsistent with the designation, a Receiving Party will take the steps necessary to conform distribution to the designation, *i.e.*, returning all copies of the "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "ATTORNEYS EYES ONLY" document, or notes or extracts thereof, to the persons authorized to possess such documents.  In the event distribution has occurred to a person not under the control of a Receiving Party, a request for return of the document, and for an undertaking of confidentiality, shall be made in writing.  In the event the request is not promptly agreed to in writing, or in the event there is no response, or in the event that the party deems the making of the request to be a futile act, the party shall promptly notify the Disclosing Party of the distribution and all pertinent facts concerning it, including the identity of the person or entity not under the control of the Receiving Party.

10.    **Misdesignation.**  A Disclosing Party will use reasonable efforts to avoid designating, or to de-designate in a reasonable time after request, any document or information as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "ATTORNEYS EYES ONLY" that is not entitled to such designation or that is generally available to the public.

9

11.    **Challenging Designation of Materials.**  Any Receiving Party disagreeing with the designation of any document or information as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "ATTORNEYS EYES ONLY" shall notify the Disclosing Party in writing.  The Disclosing Party shall then have a reasonable period, not exceeding seven (7) court days, from the date of receipt of such notice to advise the Receiving Party whether or not the Disclosing Party intends to maintain such designation and, if so, to state the reasons for the particular designation.  The Receiving Party may apply to the Court, within twenty (20) days after receipt of written notice of the inability of the parties to agree, for resolution of the dispute. The Disclosing Party who asserts that the document or information is "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "ATTORNEYS EYES ONLY" shall have the burden of proving that the designation is proper.  Information designated "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "ATTORNEYS EYES ONLY" by a Disclosing Party shall be treated as such by a Receiving Party unless otherwise agreed to by the parties or otherwise ordered by the Court or by any appellate court, should appellate review be sought.

The failure of a Receiving Party to expressly challenge a claim of confidentiality or the designation of any document or information as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "ATTORNEYS EYES ONLY" at the time of disclosure shall not constitute a waiver of the right to assert at any subsequent time that the same is not in fact confidential or not an appropriate designation for any reason.

12.    **Access to CONFIDENTIAL INFORMATION.**  Access to CONFIDENTIAL INFORMATION shall be limited to persons qualified to have access to ATTORNEY EYES ONLY materials pursuant to ¶ 13 below and to others employed by the Receiving Party on a need to know basis.  Access to HIGHLY CONFIDENTIAL INFORMATION but not including

ATTORNEYS EYES ONLY, shall be limited to the following individuals:  (a) persons qualified to have access to ATTORNEYS EYES ONLY materials pursuant to ¶ 13 below; (b) 2 employees of each Party who have a need to know the information to assist counsel in connection with the litigation on an ongoing basis,  (c) such senior level management from each Party who are charged with directing the overall strategy or settlement of this or related litigation including, if necessary, persons employed by a parent company to a Party, and  (d) such persons utilized by a Party to search for documents related to the same subject matter as a document or material designated HIGHLY CONFIDENTIAL. Each Party shall use their good faith efforts to minimize the number of persons entitled to access to HIGHLY CONFIDENTIAL Information under this subsection (c) and in no event the exception of this subsection shall not be used in bad faith by any Party as a means to disclose HIGHLY CONFIDENTIAL Information to persons not otherwise entitled to have access thereto.

13.    **Access to ATTORNEYS EYES ONLY.**  Access to ATTORNEYS EYES ONLY information shall be limited to the following individuals:

   a.    Outside Counsel:  Outside counsel for the respective parties to this litigation, including counsel's Support Staff and Outside Service Organizations;

   b.    In-House Counsel:  In-house counsel at a party working on this litigation (including in-house counsel's Support Staff);

   c.    Court Reporters:  Court reporters taking testimony and their support personnel;

   d.    The Court:  The Court and authorized court personnel;

   e.    Consultants and Experts:  Independent consultants or experts retained by counsel for assistance with respect to this litigation, provided that each such person has

complied with the procedures set forth below in ¶ 17, together with each such person's

necessary clerical and Support Staff.  The persons described in paragraph 13(e) shall

have access to the "ATTORNEYS EYES ONLY" information only after they have been

made aware of the provisions of this Order and have manifested their assent to be bound

thereby by signing a copy of the agreement attached hereto as Exhibit A.

14.    **List of Recipients.**  A list shall be maintained by counsel for the parties of the

names of all persons (except for outside counsel and their support personnel) to whom

CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or

ATTORNEYS EYES ONLY information is disclosed, or to whom the information contained

therein is disclosed, and such list shall be available for inspection by the Court and opposing

counsel upon request.

15.    **Jurisdiction of this Court.**  Each party who receives any CONFIDENTIAL

INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or ATTORNEYS EYES

ONLY information hereby agrees to subject himself or herself to the jurisdiction of this Court

for the purpose of any proceedings relating to the performance under, compliance with, or

violation of this Order.

16.    **Witnesses.**  Nothing herein is intended to prevent showing a document

designated as "CONFIDENTIAL INFORMATION", "HIGHLY CONFIDENTIAL

INFORMATION" or "ATTORNEYS EYES ONLY" to a person who the document indicates

is an author or authorized recipient of the document.  No copies of such documents shall be

given to such individuals for them to retain, except that any Disclosing Party may disclose its

Protected Material at its discretion.  Furthermore, if a document or testimony makes reference to

the actual or alleged conduct or statements of a person who is a potential witness, the discussion

by counsel of such conduct or statements with such witness (without revealing any portion of the document or testimony) shall not constitute a disclosure in violation of this Order.  During deposition or trial testimony, counsel may disclose documents produced by a party to current employees or officers of the Disclosing Party.

17.     **Experts and Consultants.**  A party may disclose Protected Material to outside experts or consultants, provided that the party identifies such experts or consultants to all other parties no later than ten (10) business days before disclosing such materials to such persons. Additionally, the party seeking to disclose such materials shall secure from each such expert or consultant an Declaration Nondisclosure ("Declaration") as provided in Exhibit A and shall deliver a copy of the Declaration forthwith to counsel for all other parties.

In the event that a dispute arises regarding disclosure to an expert or consultant, or if additional Designated Employees are sought to be identified, the parties agree to discuss such objection and/or request and if they are unable to resolve such dispute, the party who objects to the disclosure to the Expert Witnesses or the addition of Designated Employees beyond that permitted in ¶ 12 (b) and (c)  shall apply to the Court within fourteen (14) days after the inability of the parties to agree, for resolution of that dispute.  Pending resolution of the dispute, no disclosure shall be made to the Expert Witnesses or additional Designated Employees.  If no application is made by the party objecting to the proposed Expert Witnesses or additional Designated Employees within fourteen (14) days after the inability of the parties to agree, then disclosure may be made to the Expert Witness or additional Designated Employees.

18.     **Court Reporters and Videographers.**  Any court reporter or videographer who records testimony in this action at a deposition shall be provided with a copy of this Order by the party noticing the deposition.  That party shall advise the court reporter or videographer,

13

before any testimony is taken, that all documents, information, or testimony designated "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "ATTORNEYS EYES ONLY" is and shall remain confidential and shall not be disclosed except as provided in this Protective Order. The noticing party shall further advise the court reporter and videographer that copies of all transcripts, reporting notes and all other records of any such testimony must be treated in accordance with this Protective Order, delivered to attorneys of record, or filed under seal with the Court.

      19.    **Filing Under Seal.**  All pleadings, depositions, briefs, memoranda, or other written materials containing information or materials designated as "HIGHLY CONFIDENTIAL" and/or "ATTORNEYS EYES ONLY" or copies thereof shall be filed with the Court under seal or other appropriate limitation directed by the Court and shall not be disclosed to any person except persons provided for in ¶¶ 12 and 13, above, or upon order of the Court entered after notice to all parties and after opportunity for them to be heard. All materials designated as "HIGHLY CONFIDENTIAL" and/or "ATTORNEYS EYES ONLY" as well as any other materials noted above that are filed with the court, shall also be designated "Filed Under Seal." Nothing herein shall affect the right of any party to contest the admissibility of any such written materials.

      20.    **Storage of Protected Materials.**  The Receiving Party shall use due care with respect to the storage, custody, use and/or dissemination of CONFIDENTIAL INFORMATION. HIGHLY CONFIDENTIAL INFORMATION and ATTORNEYS EYES ONLY information, shall not be stored at any business premises of the Receiving Party unless such information is stored in a secured area and accessible only to persons eligible to review such information.

21.    **Disclosure – Special Cases.**  If an attorney for any Receiving Party desires to give, show, make available or communicate (a) any document or information designated "HIGHLY CONFIDENTIAL" to a person not authorized by ¶ 12 to receive such documents, or (b) any document or information designated "ATTORNEYS EYES ONLY" to a person not authorized by ¶ 13 to receive such documents, the attorney must first provide written notice of that person's name, a statement of that person's responsibilities that require access to such information, a specific identification of the information to which access is required by document identification number or other specific reference, a brief statement as to why such access is necessary, and a signed copy of the agreement attached hereto as Exhibit A (if appropriate, modified as necessary to narrow the scope of access requested).  The Disclosing Party shall have five (5) days after mailing (via overnight delivery) the above-described information to object in writing to such disclosure.  Pending resolution of any informal or formal petition for disclosure, no disclosure shall be made to such person.  If the Disclosing Party who so designated the document refuses to give its consent, the disclosing and Receiving Parties shall confer to attempt to resolve the reasons for withholding consent.  If an agreement cannot be reached, the disclosing or Receiving Party desiring disclosure of the Protected Material may petition the Court for an order granting or prohibiting disclosure.

22.    **Copies of Protected Materials.**  Nothing herein shall restrict a qualified recipient from making working copies, abstracts, digests and analyses of such information for use in connection with this litigation, and such working copies, abstracts, digests and analyses shall be deemed to have the same level of protection under the terms of this Order.  Further, nothing herein shall restrict a qualified recipient from converting or translating such information into machine-readable form for incorporation in a data retrieval system used in connection with

this litigation, provided that access to such information, whatever form stored or reproduced, shall be limited to qualified recipients.

23.     **Procedure in Event of Non-Permitted Disclosure.**  Should any document or information designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "ATTORNEYS EYES ONLY" information be disclosed, through inadvertence or otherwise, to any person or party not authorized under this Order, then the Party responsible for the inadvertent disclosure shall use its best efforts to bind such person to the terms of this Order; and shall (a) promptly inform such person of all the provisions of this Order; (b) request such person to sign the agreement in the form attached hereto as Exhibit A; and (c) identify such person immediately to the Disclosing Party that designated the document as confidential.  The executed agreement shall promptly be served upon the Party that designated the document as confidential.

24.     **Limited Scope.**  The purpose of this Order is to facilitate discovery in this litigation, and in no manner shall it affect the application of any state or federal law regarding confidentiality of information.

25.     **No Waiver of Privilege or Work Product.**  The terms of this Order shall in no way affect a Disclosing Party's right to withhold information on grounds of immunity from discovery such as, for example, attorney/client privilege or the work-product doctrine.

26.     **No Application to Public or Otherwise Available Information.**  The restrictions and obligations set forth herein relating to information designated "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "ATTORNEYS EYES ONLY" shall not apply to any information which:  (a) the parties agree, or the Court rules, is already public knowledge; (b) the parties agree, or the Court rules, has become public knowledge other than as

a result of disclosure by a Receiving Party, its employees or agents in violation of this Protective

Order; or (c) has come or shall come into a Receiving Party's legitimate possession

independently of the producing party.  Such restrictions and obligations shall not be deemed to

prohibit discussions with any person of any information designated "CONFIDENTIAL" or

"ATTORNEYS EYES ONLY" if that person already has or obtains legitimate possession

thereof.

   27. **Conclusion of Litigation.**  Unless counsel agrees otherwise in writing, within

ninety (90) days of the final disposition of this action including any appeals, the attorneys for the

parties shall return promptly to the Disclosing Party from whom they were obtained, all

documents, other than attorney work-product, which have been designated "CONFIDENTIAL",

"HIGHLY CONFIDENTIAL" or "ATTORNEYS EYES ONLY" (including video and audio

copies of "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "ATTORNEYS EYES

ONLY" designated depositions) or destroy same; and return or destroy all copies made thereof,

including all documents, or copies provided by a Receiving party to any other person.

Notwithstanding the foregoing, counsel for the parties shall be permitted to retain a file copy of

materials created during the course of the litigation, or made part of the record, or which have

been filed under seal with the Clerk of the Court and a copy of all depositions, including

exhibits.  Such file copies must be maintained under the conditions of "ATTORNEYS EYES

ONLY" documents as set forth herein.

   28. **Subpoenas in Other Actions.**  In the event any person or Receiving Party

having possession, custody or control of any document or information produced in this action

and designated "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "ATTORNEYS EYES

ONLY" by a Disclosing Party receives a subpoena or other process or order to produce such

information, such subpoenaed person or entity shall notify by electronic mail and overnight mail the attorneys of record of the Disclosing Party claiming such confidential treatment of the document sought by such subpoena or other process order, shall furnish those attorneys with a copy of said subpoena or other process or order, and shall cooperate with respect to any procedure sought to be pursued by the party whose interest may be affected. The Disclosing Party asserting the confidential treatment shall have the burden of defending against such subpoena, process or order. Subject to any reasonable procedure sought to be pursued by the party whose interest may be affected, the person or party receiving the subpoena or other process or order shall be entitled to comply with it (except to the extent the Disclosing Party asserting the confidential treatment is successful in obtaining an order modifying or quashing it), but will cooperate reasonably with the Disclosing Party so that the latter may object to the disclosure.

29. **Continuing Jurisdiction.** The Court retains jurisdiction even after termination of this action to enforce this Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem appropriate. The parties reserve all rights to apply to the Court at any time, before or after termination of this action, for an order: (i) modifying this Protective Order, (ii) seeking further protection against discovery or use of CONFIDENTIAL INFORMATION, "HIGHLY CONFIDENTIAL INFORMATION" and/or ATTORNEYS EYES ONLY information, or other documents or information, or (iii) seeking further production, discovery, disclosure, or use of claimed CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, and/or ATTORNEYS EYES ONLY information, or other documents or information.

30.    **Obligations to Third Parties.** If the discovery process calls for the production

of information that a party does not wish to produce because the party believes its disclosure

would breach an express or implied agreement with a non-party to maintain such information in

confidence, the Disclosing Party shall give written notice to the non-party that its information is

subject to discovery in this litigation, and shall provide the non-party with a copy of this

Protective Order. When such written notice is given to the non-party, the Disclosing Party will

advise the potential Receiving Party that such notice has been given. The parties shall cooperate

with each other and the non-party in attempting to resolve any disputes over disclosure and with

each other in bringing unresolved disputes before the Court for resolution.

31.    Nothing contained in this Protective Order shall be construed to limit the scope

of discovery in this action provided for by the Federal Rules of Civil Procedure, or to preclude

any Party from moving the Court for a further order pursuant to Fed.R.Civ.P. 26(c) or other

provisions of the Federal Rules of Civil Procedure,

32.    The use of "CONFIDENTIAL INFORMATION, "HIGHLY CONFIDENTIAL

INFORMATION" or "ATTORNEYS EYES ONLY INFORMATION" shall be governed by

the pretrial order or as otherwise directed by the Court.

33.    No part of the restrictions imposed by this Protective Order may be waived or

terminated except by a written stipulation executed by counsel of record for each party subject

to the approval of the Court, or by order of the Court for good cause shown. The restrictions

provided for herein shall not terminate upon the conclusion of this case but shall survive

termination and continue in full force and effect until further order of the Court.

34.    The Parties agree that this Protective Order shall be binding upon execution of

the Parties irrespective of when it is entered by the Court.

13 May 2008

The Honorable Victor Marrero, U.S.D.J.

We hereby consent to the form, content
and entry of this Order:

*Attorneys for Plaintiff*
*GMA Accessories, Inc.*

John P.
Bostany

Digitally signed by John P. Bostany
DN: CN = John P. Bostany, C =
US, O = The Bostany Law Firm
Reason: I agree to the terms
defined by the placement of my
signature on this document
Date: 2008.05.12 18:13:31 -04'00'

By: _____
John P. Bostany
THE BOSTANY LAW FIRM
40 Wall Street
New York, NY 10005
Phone: (212) 530-4400
Fax: (212) 530-4488

*Attorneys for Defendants*
*Quiksilver, Inc., Nordstrom, Inc.*
*and Swell, Inc.*

By: _____
Stephen W. Feingold
Mark S. Morgan
DAY PITNEY LLP
7 Times Square
New York, NY 10036-7311
Phone: (212) 297-5800
Fax: (212) 916-2940

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  5-13-08

20

## EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

GMA ACCESSORIES, INC.,

     Plaintiff,

v.

QUIKSILVER, INC., NORDSTROM, INC.
and SWELL, INC.,

     Defendants.

Civil Action No. 07-11527 (VM)

**DECLARATION OF**
**NON-DISCLOSURE**

I, _____, hereby declare and state that:

1.    I have been retained by _____ as an expert witness in this matter.  I have read and understand the Stipulated Protective Order in the case entitled *GMA Accessories, Inc. v. Quiksilver, Inc., Nordstrom, Inc. and Swell, Inc.* and  I understand its terms and agree to be bound by them.

2.    Specifically, and without limitation, I agree that I will not, divulge and/or discuss information or materials designated "Confidential" and/or "Attorneys Eyes Only," a copy thereof, or information disclosed to me pursuant to the Order with any person except if I am informed by counsel for either GMA or Defendants that such disclosure is appropriate under this Order.

3.    I understand that I may not, and I agree that I will not, use information or materials designated as "Confidential" or "Attorneys Eyes Only," a copy thereof, or information disclosed to me pursuant to the Order except in connection with this case.

4.    I understand that I shall return all information or materials designated as "Confidential" and/or "Attorneys Eyes Only" and any copies thereof, to the person(s) from

whom I received them at the conclusion of this case and shall execute an affidavit stating that

I have returned all such information and materials to the person(s) from whom I received

them and identify such person(s).

    5.    I agree that the interpretation and enforcement of this Order shall be governed

in accordance with the laws of the State of New York and agree to submit to the jurisdiction

of United States District Court for the Southern District of New York with respect solely to

the interpretation and enforcement of this Order, including, but not limited to, any sanctions

and/or other punishment that may be ordered for any violation.

                                     _____

                                     [Name]

Executed on this _____ day of _____ under
penalty of perjury under the laws of the United States of America.