UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GMA ACCESSORIES, INC.,

                Plaintiff,

                                        **SECOND AMENDED COMPLAINT**

- against -                                  Civil Action No.: 07CV11527 (VM)

QUIKSILVER, INC., NORDSTROM, INC.,
SWELL, INC., JILL STUART, INC.,
and GURU DENIM, INC.

                Defendants.
------------------------------------------------------------X



    Plaintiff, GMA Accessories, Inc., (hereinafter "GMA"), brings this complaint against Defendants QUIKSILVER, INC. (hereinafter "QUIKSILVER"), NORDSTROM, INC. (hereinafter "NORDSTROM"), SWELL, INC. (hereinafter "SWELL"), JILL STUART, INC. (hereinafter "JILL STUART"), GURU DENIM, INC. (hereinafter "GURU DENIM"), alleging upon information and belief as follows:

### NATURE OF THE CASE

    This is a claim for infringement of the trademark CHARLOTTE which is registered to plaintiff in several classes including class 25 for "clothing, footwear and headgear" and class 18 for "sacks and bags." Defendant QUIKSILVER owns the registered trademark ROXY. Without permission from plaintiff, QUIKSILVER and its customers began using the plaintiff's CHARLOTTE mark along with the ROXY mark to identify clothing and headgear, misleading consumers into believing that both ROXY and CHARLOTTE brands belong to QUIKSILVER. Without permission from plaintiff, Defendant JILL STUART and its customers began using plaintiff's CHARLOTTE mark to identify bags, misleading customers into believing that both

JILL STUART and CHARLOTTE brands belong to JILL STUART.  Without permission from plaintiff, GURU DENIM began using plaintiff's CHARLOTTE mark to identify clothing, in violation of the Lanham Act.  These manufacturers resisted repeated attempts by GMA to persuade them to stop their infringing conduct.

## PARTIES

1. Plaintiff, GMA ACCESSORIES, INC. (hereinafter referred to as "GMA"), is a corporation, duly organized and existing under the laws of the State of New York, with a place of business at 1 East 33rd Street, New York, New York.

2. GMA does business as "Capelli".

3. Defendant QUIKSILVER is a corporation duly organized and existing under the laws of the State of Delaware, with its principle place of business located at 15202 Graham Street, Huntington Beach, California 92649.

4. Defendant NORDSTROM, is a corporation duly organized and existing under the laws of the State of Delaware, with its principle place of business located at 1617 6th Avenue, Suite 500, Seattle, Washington 98101.

5. Defendant SWELL, is a corporation duly organized and existing under the laws of the State of Delaware, with its principle place of business located at 32401 Calle Perfecto, San Juan Capistrano, California 92675.

6. Defendant JILL STUART, is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business located at 550 7th Avenue – 24th Floor, New York, New York 10018.

7. Defendant GURU DENIM, is a corporation duly organized and existing under the laws of the State of California, with its principal place of business located at 2263

East Vernon Avenue, Vernon, California 90058.

8. Defendant, QUIKSILVER, and its customers, with full knowledge and consent of QUIKSILVER, have used CHARLOTTE to display, market, distribute, sell, and/or offer for sale merchandise to the public.

9. Defendants are now displaying, marketing, distributing, selling, and/or offering for sale merchandise in connection with the CHARLOTTE mark.

10. QUIKSILVER uses and has used the website www.roxy.com to further infringe upon the CHARLOTTE mark.

11. NORDSTROM uses and has used the website www.nordstrom.com to further infringe upon the CHARLOTTE mark.

12. SWELL uses and has used the website www.swell.com to further infringe upon the CHARLOTTE mark.

13. JILL STUART uses and has used the website www.jillstuart.com to further infringe upon the CHARLOTTE mark.

14. GURU DENIM uses and has used the website www.truereligionbrandjeans.com to further infringe upon the CHARLOTTE mark.

## JURISDICTION AND VENUE

15. This is an action for unfair competition, federal trademark infringement, federal and state dilution, and common law infringement pursuant to the Lanham Act, 15 U.S.C. Section 1121 and 28 U.S.C. Sections 1331, 1338(a) and (b). The Court has supplemental jurisdiction over the common law trademark infringement and unfair competition claim and the trademark dilution claim under the laws of New York pursuant to 28 U.S.C. Section 1367.

16. Venue is proper under 28 U.S.C. Sec. 1391 (b), and (c) and Sec. 1400 (a).

## FACTS

17. Each of the CHARLOTTE federal registrations owned by GMA pre-date the first use of the CHARLOTTE mark by Defendants.

18. Under Section 33(b) of the Lanham Act, registration of an incontestable mark is conclusive evidence of the ownership of the mark, the validity of the mark and the exclusive right of the owner to use the mark in commerce.

19. Since 1999, GMA has been and is now the title owner of Registration # 2,216,405 for the mark CHARLOTTE in International Class 26 for hair accessories. This mark was deemed incontestable pursuant to section 15 of the Lanham Act.

20. Since 1999, GMA has been and is now the title owner of Registration # 2,217,341 for the mark CHARLOTTE in International Class 18 for sacks and bags. This mark was deemed incontestable pursuant to section 15 of the Lanham Act.

21. Since 2002, GMA has been and is now the title owner of Registration # 2,535,454 for the mark CHARLOTTE in International Class 25 for "clothing, footwear and headgear." This mark has been deemed incontestable by the United States Patent and Trademark Office pursuant to section 15 of the Lanham Act. Since 2002, GMA has been and is now the title owner of Registration # 2,561,025 for the mark CHARLOTTE in International Class 9 for sunglasses. This mark has been deemed incontestable by the United States Patent and Trademark Office pursuant to section 15 of the Lanham Act.

22. GMA has been and is now the title owner of Registration # 3,242,358 for the mark CHARLOTTE in International Class 22.

23. In November of 2001, GMA was assigned all rights to Registration # 1135037. Pursuant to said assignment, GMA's use in commerce of the CHARLOTTE mark dates back to January 2, 1979. (The registrations referred to in ¶11-16 are respectfully referred to herein as the "GMA marks").

24. The GMA Products consist of, among other things, clothing, headgear, bags and fashion accessories and GMA used the CHARLOTTE mark in commerce in connection with these goods before Defendant.

25. Defendant QUIKSILVER is the owner of the mark ROXY.

26. Defendant GURU DENIM uses the CHARLOTTE mark to advertise and/or sell its products.

27. Defendant JILL STUART uses the CHARLOTTE mark in conjunction with the JILL STUART mark in commerce.

28. Defendants were aware or should have been aware of the GMA marks before it began using CHARLOTTE to identify its headgear, clothing, and/or bags.

29. Defendants and numerous online stores are co-infringers and acting in concert to infringe CHARLOTTE, either failing to conduct a trademark search and/or ignoring the knowledge that GMA is the owner of the CHARLOTTE mark for the same goods that defendants decided to call CHARLOTTE and in addition continuing to infringe after receiving actual notice of GMA's claim that defendants' were indeed infringing upon GMA's trademarks.

30. Defendants QUICKSILVER, JILL STUART, and GURU DENIM and those acting in concert with it have used the mark CHARLOTTE alone and/or in conjunction with generic or descriptive terms and/or other brands to identify headgear, clothing, and/or bags.

31. Defendants QUICKSILVER, JILL STUART, and GURU DENIM along with its customers and agents are intentionally infringing and have in the past intentionally infringed upon the CHARLOTTE mark.

32. Defendants are infringing in bad faith.

33. After defendants, and those acting in concert with them, including but not limited to the named defendants, became aware of GMA's registration to the mark CHARLOTTE, they continued to use the mark to advertise, promote, display or sell headgear, clothing, and bags.

34. Defendants commenced use of the CHARLOTTE mark no earlier than 2006.

35. The CHARLOTTE mark is inherently distinctive as to GMA's clothing, headgear, and bags.

36. GMA's use of CHARLOTTE has substantial secondary meaning in the marketplace.

37. The use of the word CHARLOTTE in connection with GMA's clothing, headgear, bags and related products is arbitrary and strong.

38. Since at least 2006, Defendants used the CHARLOTTE mark as described herein.

39. Since at least 2006, Defendant QUICKSILVER sold an infringing line of "CHARLOTTE" headgear and clothing.

40. Since at least 2007, Defendants JILL STUART and GURU JEANS used the CHARLOTTE mark as described herein.

41. Defendants were aware or should have been aware of the GMA marks before they began using CHARLOTTE to identify their headgear and clothing, namely hats, jeans, and bags.

42. Defendants have used the mark CHARLOTTE alone and/or in conjunction with generic or descriptive terms to identify headgear, clothing, and bags.

6

43. Defendants have in the past intentionally infringed and are continued to intentionally infringing upon the CHARLOTTE mark with either actual or constructive notice of GMA's rights to the mark.

44. A search of the United States Patent and Trademark Office list of registered marks would have revealed that GMA was the owner of the mark CHARLOTTE with respect to headgear and clothing, and sacks and bags, and Defendants infringed and are infringing in bad faith.

45. Prior to using the CHARLOTTE mark, Defendants QUIKSILVER, JILL STUART, and GURU DENIM failed to search the United States Patent and Trademark Office website for CHARLOTTE.

46. Prior to using the CHARLOTTE mark, Defendant NORDSTROM failed to search the United States Patent and Trademark Office website for CHARLOTTE.

47. Prior to using the CHARLOTTE mark, Defendant SWELL failed to search the United States Patent and Trademark Office website for CHARLOTTE.

48. Defendants continued to infringe after learning that GMA owned the CHARLOTTE mark.

49. Defendant QUIKSILVER received cease and desist letters in August 2007 and October 2007. QUIKSILVER and its customers did not stop their infringement.

50. Defendants JILL STUART and GURU DENIM received similar cease and desist letters in 2007 and 2008.

51. On September 26, 2007, QUIKSILVER requested that plaintiff provide to it proof of its use in commerce of CHARLOTTE on hats. While plaintiff explained that its incontestable registration is conclusive evidence of its use and its exclusive right to use the mark, to facilitate an out of court settlement, GMA complied with the request.

52. QUIKSILVER received a final warning letter in November 2007.

53. The goods that Defendants advertise, promote, sell, or offer for sale in connection with the CHARLOTTE mark are products closely related to those for which GMA owns registered trademarks and are in the same Class for which GMA owns a trademark registration to the mark CHARLOTTE.

54. The Defendants' goods mentioned in paragraph 42 are in Class 25 or Class 18 and are goods identical or closely related to goods listed in GMA's trademark registration.

55. Since at least 2006, Defendant QUIKSILVER and its customers have used the CHARLOTTE mark as described herein and QUIKSILVER and its customers are co-infringers and acting in concert in the scheme to infringe as set forth herein.

56. Since at least 2007, Defendants JILL STUART and GURU DENIM and its customers have used the CHARLOTTE mark as described herein and JILL STUART and GURU DENIM and its customers are co-infringers and acting in concert in the scheme to infringe as set forth herein.

57. Since at least 2006, Defendants have sold an infringing line of headgear and clothing and bags which infringement was furthered and enhanced by Defendants' distribution of these infringing items, advertised, promoted, marketed or displayed in connection with the CHARLOTTE mark to Defendants' customers, who in turn peddled, displayed, marketed, offered for sale and sold the infringing goods at the retail level to the general public in connection with the CHARLOTTE mark.

58. GMA has priority over Defendants in the CHARLOTTE mark for the goods described in paragraph 41 and 42.

## COUNT I – TRADEMARK INFRINGEMENT (FEDERAL)

59. GMA repeats and realleges the allegations of paragraphs 1 through 58 as if fully set forth herein.

60. Long after the adoption and use by GMA of the CHARLOTTE Trademark, and with at least constructive notice of the registration of the GMA Trademarks, Defendants knowingly and intentionally used reproductions, copies or colorable imitations of the CHARLOTTE Trademark to market, promote, identify design, manufacture, sell and distribute its products and either continue to do so or threaten to do so.

61. Defendants have been offering for sale products using a confusingly similar name, e.g., CHARLOTTE.

62. Defendants, by their acts as aforesaid, have taken advantage of the creativity of GMA in coining the CHARLOTTE mark, of the good will developed by GMA in the mark CHARLOTTE, and the advertisements for CHARLOTTE.

63. Defendants' use of GMA's word mark results in confusion as to sponsorship, association, source and origin of GMA and Defendants' products.

64. Having adopted and used the CHARLOTTE mark after GMA, Defendants and their co-infringers are junior users of the mark.

65. Defendants injected their products into commerce with the express intent of profiting from GMA's valuable registered trademarks and the manufacturer defendants' customers are acting in concert.

66. The acts of Defendants complained of herein have been without the authorization or consent of GMA.

67. Defendants' acts alone and via their customers have caused and will continue to cause irreparable harm and injury to GMA.

68. The activities of Defendants, complained of herein, constitute infringement of the GMA Trademarks in violation of Sections 35 and 43(a) of the Lanham Act, 15 U.S.C. Sections 1114(1) and 1125(a).

## COUNT II – VIOLATION OF THE NEW YORK ANTI-DILUTION STATUTE

69. As a cause of action and ground for relief, GMA alleges that Defendants are engaged in deceptive trade practices in violation of the New York Anti-Dilution Statute, and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 68 as if fully set forth herein.

70. Section 360-1 of the New York General Business Law provides: "Likelihood of injury to business or of dilution of the distinctive quality of a mark or trade name shall be a ground for injunctive relief in cases of infringement of a mark… or in cases of unfair competition, notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services."  N.Y. Gen.Bus. Law sec. 360-1.

71. Defendants have engaged in trademark infringement and unfair competition by manufacturing, marketing, selling and/or offering for sale products using the same or similar CHARLOTTE word mark and upon information and belief continue to fill purchase orders using the word CHARLOTTE.

72. Defendants have engaged in, and continue to engage in, trademark infringement and unfair competition by causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of GMA's products.

73. Defendants have engaged in, and continue to engage in, trademark infringement and unfair competition by causing a likelihood of confusion or of misunderstanding as to

affiliation, connection or association of GMA's products with Defendant's products.

74. GMA has not consented to any sponsorship, approval, status, affiliation, or connection with Defendant's products.

75. GMA has been irreparably damaged, and will continue to be damaged by Defendants' trademark infringement and unfair trade practices and is entitled to injunctive relief, pursuant to N.Y.Gen.Bus.Law 360-1.

## COUNT III – UNFAIR COMPETITION UNDER NEW YORK'S COMMON LAW

76. As a cause of action and ground for relief, GMA alleges that Defendants are engaged in acts of trademark infringement, unfair competition and misappropriation in violation of the common law of the state of New York and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 75 as if fully set forth herein.

77. Defendants have infringed GMA's trademarks by manufacturing, marketing and/or selling products that infringe the CHARLOTTE trademark.

78. Defendants' acts constitute deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression or omission of a material fact.

79. Upon information and belief, Defendants intend that others rely upon these unfair methods of competition and unfair or deceptive trade practices.

80. Defendants' deceptive business practices involve conduct addressed to the market generally and implicate consumer protection concerns because the deceptive practices have caused and continue to cause injury to consumers. Unless defendants' acts are restrained by this Court, Defendants' deceptive business practices will continue and the public will continue to suffer great and irreparable injury.

81. Defendants' acts are likely to cause confusion, or to cause mistake, or to deceive as to

affiliation, connection, or association with GMA, or origin, sponsorship, or affiliation of GMA's products by Defendant.

82. Defendants' acts have harmed GMA's reputation and have severely damaged GMA's goodwill.

83. Upon information and belief, Defendants' acts are an attempt to deceive the public. The public is likely to be confused as to the source and origin of GMA's products.

84. Defendants have misappropriated GMA's trade name, and upon information and belief continue to do so, by selling products that are ordered under a mark that is confusingly similar to GMA's line of "CHARLOTTE" products.

85. Defendants' trade name infringements are in violation of the common law of New York.

86. Defendants' aforesaid acts constitute infringement, tarnishment, dilution, misappropriation, and misuse of GMA's trademark, unfair competition, palming-off and passing-off against GMA, and unjust enrichment by Defendant, all in violation of GMA's rights under the common law of New York.

87. Defendants' aforesaid acts are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association with GMA, or origin, sponsorship, or affiliation of GMA's products by Defendant.

88. The public is likely to be confused as to the source, origin, sponsorship, approval or certification of the parties' products.

89. Upon information and belief, Defendants' actions have been willful and deliberate.

90. GMA has suffered, and continues to suffer, substantial and irreparable injury as a result of Defendants' deceptive business practices and therefore GMA is entitled to injunctive relief under New York Common Law.

WHEREFORE, the plaintiff, GMA ACCESSORIES, INC., prays:

A.    That this Court adjudge that Defendants have infringed, counterfeited, tarnished and diluted GMA's CHARLOTTE trademark, competed unfairly, engaged in deceptive trade and business practices, and committed consumer fraud as set forth in GMA's counterclaims, in violation of GMA's rights under New York Law as well as the Lanham Act, 15 U.S.C. §§ 1114, 1116, 1124 and 1125.

B.    That Defendants and all owners, suppliers, distributors, sales companies, sales representatives, salespersons, representatives, printers, officers, directors, agents, servants, employees, affiliates, attorneys, successors, and assigns, and all persons in active concert or participation therewith, including but not limited to their distributors and retailers, be preliminarily and permanently enjoined and restrained from (1) reproducing, copying, displaying, the word mark CHARLOTTE or any mark similar to, or substantially indistinguishable therefrom, and (2) advertising, promoting, importing, selling, marketing, offering for sale or otherwise distributing their infringing products in connection with the word mark CHARLOTTE or any mark similar to, or substantially indistinguishable therefrom, and (3) holding themselves out as, or otherwise representing themselves to be, the owners of, or otherwise authorized to use, the "CHARLOTTE" Trademark or (4) from in any other way infringing GMA's "CHARLOTTE" word mark or (5) effecting assignments or transfers, forming new entities or associations or utilizing any other means or devices for the purpose of circumventing or otherwise avoiding the prohibitions set forth in numbers (1) through (4) hereof.

C.    That Defendants be required to deliver up for destruction all products, brochures, signs, packaging, labels, promotional materials, advertisements, prints, catalogues, wrappers, receptacles, and other written or printed materials that bear the

"CHARLOTTE" word mark, and any plates, molds, and other materials for making such infringing products.

D. That Defendants be directed to file with this Court and to serve upon GMA within three (3) days after service of the injunction issued in this action, a written report under oath, setting forth in detail the manner of compliance with paragraphs B and C, pursuant to 15 U.S.C. 1116(a).

E. That GMA recover Defendants' profits arising from its acts of trademark infringement, trademark dilution, false designation of origin, dilution, tarnishment, false description or representation, unfair competition, deceptive trade and business practices, and consumer fraud pursuant to both New York law and 15 U.S.C. 1117(a).

I. That GMA recover its reasonable attorney fees incurred in this action pursuant to 15 U.S.C 1117(a).

J. That GMA have and recover its taxable costs and disbursements incurred in this action pursuant to 15 U.S.C. 1117(a).

K. That GMA have such other and further relief as the Court may deem just and proper.

Dated: New York, New York
May 15, 2008

                                      Respectfully Submitted,

                                      THE BOSTANY LAW FIRM

                                      By:   John P. Bostany (JB 1986)
                                      Attorneys for Plaintiff GMA Accessories, Inc.
                                      40 Wall Street, 61st Floor
                                      New York, New York 10005
                                      (212) 530-4400