Dwight Yellen (DY 6547)
BALLON STOLL BALLON BADER & NADLER, P.C.
729 Seventh Avenue - 17th Floor
New York, New York 10019
212.575-7900
dyellen@ballonstoll.com
Attorneys for Defendant
 *Jill Stuart, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

GMA ACCESSORIES, INC.,

               Plaintiff,         07 Civ. 11527(VM)

    - against -

QUICKSILVER, INC., NORDSTROM, INC.,
SWELL, INC. and JILL STUART, INC.,

               Defendant.

----------------------------------------x


## ANSWER


    Defendant Jill Stuart, Inc. ("JSI") by its undersigned counsel, answers the complaint only with regard to allegations involving it, upon information and belief, as follows:

    1. Responding to the nature of the case paragpah, denies the allgations and additionally avers that this is a mere "strike" suit endeavoring to foreclose fair use of a combined use of the Jill Stuart mark with a generic ladies name style designation about which there can be no confusion in the industry. Further, JSI does not conduct business and did not sell

handbags bearing the Charlotte style desigmation.

  1. Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

  2. Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

  3. Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

  4. Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

  5. Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

  6. Admits that JSI was once incorporated and denies the remainder of the allegations in this numbered paragraph of the complaint.

  7. Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

  8. Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

  9. Denies the allegations set forth in this numbered paragraph of the complaint.

  10. Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

  11. Denies knowledge or information sufficient to

form a belief set forth in this numbered paragraph of the complaint.

12. Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

13. Denies the allegations set forth in this numbered paragraph of the complaint.

14. Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

15. Admits that this Court has jurisdiction over this action and denies the remaining allegations in Paragraph 15.

16. Admits that venue is proper in this District.

17. Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

18. Admits the allegations set forth in this numbered paragraph of the complaint, subject only to various defenses that may exist.

19. Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

20. Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

21. Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

22. Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

23. Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

24. Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

25. Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

26. Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

27. Denies the allegations set forth in this numbered paragraph of the complaint.

28. Denies the allegations set forth in this numbered paragraph of the complaint.

29. Denies the allegations set forth in this numbered paragraph of the complaint.

30. Denies the allegations set forth in this numbered paragraph of the complaint.

31. Denies the allegations set forth in this numbered paragraph of the complaint.

32. Denies the allegations set forth in this numbered paragraph of the complaint.

33. Denies the allegations set forth in this numbered paragraph of the complaint.

34. Denies the allegations set forth in this numbered paragraph of the complaint.

35. Denies the allegations set forth in this numbered paragraph of the complaint.

36. Denies the allegations set forth in this numbered paragraph of the complaint.

37. Denies the allegations set forth in this numbered paragraph of the complaint.

38. Denies the allegations set forth in this numbered paragraph of the complaint.

39. Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

40. Denies the allegations set forth in this numbered paragraph of the complaint.

41. Denies the allegations set forth in this numbered

paragraph of the complaint.

    42. Denies the allegations set forth in this numbered paragraph of the complaint.

    43. Denies the allegations set forth in this numbered paragraph of the complaint.

    44. Denies the allegations set forth in this numbered paragraph of the complaint.

    45. Denies the allegations set forth in this numbered paragraph of the complaint.

    46. Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

    47. Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

    48. Denies the allegations set forth in this numbered paragraph of the complaint.

    49. Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

    50. Denies the allegations set forth in this numbered paragraph of the complaint.

    51. Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the

complaint.

52. Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

53. Denies the allegations set forth in this numbered paragraph of the complaint.

54. Denies the allegations set forth in this numbered paragraph of the complaint.

55. Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

56. Denies the allegations set forth in this numbered paragraph of the complaint.

57. Denies the allegations set forth in this numbered paragraph of the complaint.

58. Denies the allegations set forth in this numbered paragraph of the complaint.

59. Repeats and reallges its prior responses.

60. Denies the allegations set forth in this numbered paragraph of the complaint.

61. Denies the allegations set forth in this numbered paragraph of the complaint.

62. Denies the allegations set forth in this numbered paragraph of the complaint.

63. Denies the allegations set forth in this numbered paragraph of the complaint.

64. Denies the allegations set forth in this numbered paragraph of the complaint.

65. Denies the allegations set forth in this numbered paragraph of the complaint.

66. Denies the allegations set forth in this numbered paragraph of the complaint.

67. Denies the allegations set forth in this numbered paragraph of the complaint.

68. Denies the allegations set forth in this numbered paragraph of the complaint.

69. Denies the allegations set forth in this numbered paragraph of the complaint.

70. Admits the allegations set forth in this numbered paragraph of the complaint, subject only to various defenses that may exist.

71. Denies the allegations set forth in this numbered paragraph of the complaint.

72. Denies the allegations set forth in this numbered paragraph of the complaint.

73. Denies the allegations set forth in this numbered paragraph of the complaint.

74. Denies the allegations set forth in this numbered

paragraph of the complaint.

75. Denies the allegations set forth in this numbered paragraph of the complaint.

76. Denies the allegations set forth in this numbered paragraph of the complaint.

77. Denies the allegations set forth in this numbered paragraph of the complaint.

78. Denies the allegations set forth in this numbered paragraph of the complaint.

79. Denies the allegations set forth in this numbered paragraph of the complaint.

80. Denies the allegations set forth in this numbered paragraph of the complaint.

81. Denies the allegations set forth in this numbered paragraph of the complaint.

82. Denies the allegations set forth in this numbered paragraph of the complaint.

83. Denies the allegations set forth in this numbered paragraph of the complaint.

84. Denies the allegations set forth in this numbered paragraph of the complaint.

85. Denies the allegations set forth in this numbered paragraph of the complaint.

86. Denies the allegations set forth in this numbered

paragraph of the complaint.

87. Denies the allegations set forth in this numbered paragraph of the complaint.

88. Denies the allegations set forth in this numbered paragraph of the complaint.

89. Denies the allegations set forth in this numbered paragraph of the complaint.

90. Denies the allegations set forth in this numbered paragraph of the complaint.

### FIRST AFFIRMATIVE DEFENSE

91. The Second Amended Complaint fails to state any claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

92. GMA is barred from recovering damages or obtaining injunctive relief by the doctrines of estoppel, laches, waiver, acquiescence and/or unclean hands.

### THIRD AFFIRMATIVE DEFENSE

93. JSI adopts and incorporates by reference any and all presumptions and defenses which are or may become available to it pursuant to the Uniform Trade Secrets Act, Lanham Act, or any other applicable law, as a bar to GMA's claims.

### FOURTH AFFIRMATIVE DEFENSE

94. The conduct alleged in the Second Amended Complaint does not give rise to trademark infringement because it concerns

the use of words in a non-designating source manner.

### FIFTH AFFIRMATIVE DEFENSE

95. GMA is not entitled to monetary damages because of a lack of willful infringement.

### SIXTH AFFIRMATIVE DEFENSE

96. GMA cannot recover for loss of customers or business occasioned by fair competition permitted by applicable law.

### SEVENTH AFFIRMATIVE DEFENSE

97. Before filing this action, and before Defendants sold products bearing the CHARLOTTE name, GMA abandoned whatever rights it enjoyed in the CHARLOTTE name. GMA ceased *bona fide* use in commerce of the CHARLOTTE name with an intent not to resume such use.

### EIGHTH AFFIRMATIVE DEFENSE

98. The CHARLOTTE name is not a protectable trademark in that it used as a style designation by multiple entities, some of whom commenced use prior to GMA's alleged first use of the mark, and that it has no source meaning to consumers for apparel and related products.

### NINTH AFFIRMATIVE DEFENSE

99. GMA's Federal Registrations for CHARLOTTE are subject to cancellation under the doctrine of fraud on the Trademark Office.

**TENTH AFFIRMATIVE DEFENSE**

100. The CHARLOTTE name is not a famous mark and lacks the requisite level of distinctiveness to qualify for protection under the Federal and New York State Anti-Dilution statute.

**ELEVENTH AFFIRMATIVE DEFENSE**

101. JSI has not conduced any business selling products using the Charlotte style designation.

**WHEREFORE**, JSI demands judgment dismissing the complaint; interest, costs, disbursements, attorneys fees; and such relief as this Court deems just and proper.

Dated:   New York, New York
         June 26, 2008

BALLON STOLL BADER & NADLER, P.C.

By: _____
    Dwight Yellen (DY 6547)

*Attorneys for Defendant*
  *Jill Stuart, Inc.*
729 Seventh Avenue - 17th Floor
New York, New York 10019
212.575-7900
fax 212-764-5060
dyellen@ballonstoll.com

To:

    John P. Bostany, Esq.
    The Bostany Law Firm
    40 Wall Street – 61st Floor
    New York, New York 10005

    Stephen W. Feingold, Esq.
    Day Pitney, L.L.P. (Times Square)
    Times Square Tower
    7 Times Square
    New York, New York 10036

    Mark S. Olinsky, Esq.
    Sills Cummis & Gross
    One Rockefeller Plaza
    New York, New York 10020

## AFFIRMATION/CERTIFICATION OF SERVICE

DWIGHT YELLEN, an attorney duly admitted to practice before the Courts of the State of New York and New Jersey, affirms, declares and certifies under penalty of perjury:

I am not a party to the action, am over 18 years of age, am a member of Ballon Stoll Bader & Nadler, P.C. and have an office at 729 Seventh Avenue, New York, New York 10018 and 505 Main Street, Hackensack, New Jersey 07601. On June 26, 2008 I served or caused to be served a true copy of the annexed papers in the following manner:

☐ By hand delivery,

☐ By overnight courier,

☐ By telefax,

    Fax Numbers: _____

☒ By regular mail, in a sealed envelope, with postage prepaid thereon, in an official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

```
John P. Bostany, Esq.
The Bostany Law Firm
40 Wall Street - 61st Floor
New York, New York 10005

Stephen W. Feingold, Esq.
Day Pitney, L.L.P. (Times Square)
Times Square Tower
7 Times Square
New York, New York 10036

Mark S. Olinsky, Esq.
Sills Cummis & Gross
One Rockefeller Plaza
New York, New York 10020
```

Dated: New York, New York
      June 26, 2008

_____
DWIGHT YELLEN

00114283;1