Mark S. Olinsky (MO 0845)
Mark J. Rosenberg (MR 8739)
**SILLS CUMMIS & GROSS P.C.**
One Rockefeller Plaza
New York, New York 10020
Phone: (212) 6643-7000

*Attorneys for Defendant Nordstrom, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GMA ACCESSORIES, INC., GMA,<br><br>       Plaintiff,<br><br>   -against-<br><br>QUIKSILVER, INC., NORDSTROM, INC.,<br>SWELL, INC., JILL STUART, INC., and<br>GURU DENIM, INC.<br><br>       Defendants. | Case No. 07 CV 11527 (VM)<br><br><br>**AMENDED ANSWER TO<br>SECOND AMENDED COMPLAINT,<br>AFFIRMATIVE DEFENSES,<br>AND COUNTERCLAIMS BY<br>NORDSTROM, INC.** |

Defendant Nordstrom, Inc. ("Nordstrom"), by and through its counsel, as and for its Amended Answer to the Second Amended Complaint herein alleges follows:

**NATURE OF THE CASE**

Nordstrom admits that GMA purports to assert a claim of trademark infringement, is without knowledge or information sufficient to form a belief as the allegations regarding the actions of defendants Quiksilver, Inc. ("Quiksilver"), Jill Stuart, Inc. ("JSI") or Guru Denim, Inc. ("Guru") and denies the remaining allegations of this unnumbered paragraph.

    1.    Nordstrom is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of Second Amended Complaint.

2.      Nordstrom is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Second Amended Complaint.

3.      Nordstrom is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Second Amended Complaint.

4.      Responding to Paragraph 4 of the Second Amended Complaint, Nordstrom denies that it is a Delaware corporation and admits the remaining allegations of Paragraph 4.

5.      Nordstrom is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Second Amended Complaint.

6.      Nordstrom is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Second Amended Complaint.

7.      Nordstrom is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Second Amended Complaint.

8.      Responding to the allegations of Paragraph 8 of the Second Amended Complaint, Nordstrom admits that it bought from Quiksilver "hats" and "hoodies" identified by the word "charlotte" in lieu of a style number and that it sold limited numbers of those products to consumers, is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 regarding Quiksilver's customers other than Nordstrom and denies the remaining allegations of Paragraph 8.

9.      Nordstrom denies the allegations of Paragraph 9 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9.

10.      Nordstrom is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Second Amended Complaint.

2

11.    Nordstrom denies the allegations of Paragraph 11 of the Second Amended Complaint.

12.    Nordstrom is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Second Amended Complaint.

13.    Nordstrom is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Second Amended Complaint.

14.    Nordstrom is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Second Amended Complaint.

15.    Nordstrom admits the allegations of Paragraph 15 of the Second Amended Complaint.

16.    Nordstrom admits the allegations of Paragraph 16 of the Second Amended Complaint.

17.    Responding to the allegations of Paragraph 17 of the Second Amended Complaint, Nordstrom denies that it has used the mark Charlotte, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 17.

18.    Nordstrom denies the allegations of Paragraph 18 of the Second Amended Complaint.

19.    Nordstrom is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Second Amended Complaint.

20.    Nordstrom is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Second Amended Complaint.

41871321.1

21.    Nordstrom is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Second Amended Complaint.

22.    Nordstrom is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Second Amended Complaint.

23.    Nordstrom is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Second Amended Complaint.

24.    Responding to the allegations of Paragraph 24 of the Second Amended Complaint, because GMA uses the ambiguous term "GMA Products" without having defined it, Nordstrom denies the allegations of Paragraph 24.  To the extent that "GMA Products" refers only to those items specifically identified in Paragraph 24, Nordstrom is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25.    Nordstrom is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Second Amended Complaint.

26.    Nordstrom is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Second Amended Complaint.

27.    Nordstrom is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Second Amended Complaint.

28.    Nordstrom denies the allegations of Paragraph 28 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 28.

29.    Nordstrom denies the allegations of Paragraph 29 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 29.

4

30.    Nordstrom denies the allegations of Paragraph 30 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 30.

31.    Nordstrom denies the allegations of Paragraph 31 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 31.

32.    Nordstrom denies the allegations of Paragraph 32 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 32.

33.    Nordstrom denies the allegations of Paragraph 33 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 33.

34.    Nordstrom denies the allegations of Paragraph 34 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 34.

35.    Nordstrom denies the allegations of Paragraph 35 of the Second Amended Complaint.

36.    Nordstrom denies the allegations of Paragraph 36 of the Second Amended Complaint.

37.    Nordstrom denies the allegations of Paragraph 37 of the Second Amended Complaint.

41871321.1

38.    Nordstrom denies the allegations of Paragraph 38 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 38.

39.    Nordstrom is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the Second Amended Complaint.

40.    Nordstrom is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 of the Second Amended Complaint.

41.    Nordstrom denies the allegations of Paragraph 41 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 41.

42.    Nordstrom denies the allegations of Paragraph 42 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 42.

43.    Nordstrom denies the allegations of Paragraph 43 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 43.

44.    Responding to the allegations of Paragraph 44 of the Second Amended Complaint, Nordstrom denies that it infringed or is infringing in bad faith Plaintiff's alleged mark and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 44.

45.    Nordstrom is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the Second Amended Complaint.

41871321.1

46.     Responding to the allegations of Paragraph 46 of the Second Amended Complaint, Nordstrom, to the best of its knowledge, admits that it did not conduct a trademark search and denies any suggestion or implication that it had a duty or obligation to conduct a trademark search.

47.     Nordstrom is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of the Second Amended Complaint.

48.     Nordstrom denies the allegations of Paragraph 48 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 48.

49.     Responding to the allegations of Paragraph 49 of the Second Amended Complaint, Nordstrom denies that it infringed or is infringing Plaintiff's alleged mark and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 49.

50.     Nordstrom is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 of the Second Amended Complaint.

51.     Nordstrom is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 of the Second Amended Complaint.

52.     Nordstrom is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 of the Second Amended Complaint.

53.     Nordstrom denies the allegations of Paragraph 53 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53.

7

54.    Responding the allegations of Paragraph 54 of the Second Amended Complaint, Nordstrom admits that clothing, headgear and bags are within Class 25 or Class 18 of the International Trademark Classification system used in the United States Patent and Trademark Office and denies the remaining allegations of Paragraph 54.

55.    Nordstrom denies the allegations of Paragraph 55 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 55.

56.    Nordstrom denies the allegations of Paragraph 56 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 56.

57.    Nordstrom denies the allegations of Paragraph 57 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 57.

58.    Nordstrom is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 of the Second Amended Complaint.

59.    As its response to Paragraph 59 of the Second Amended Complaint, Nordstrom repeats and realleges its responses to Paragraphs 1 through 58 of the Second Amended Complaint as if fully set forth herein.

60.    Nordstrom denies the allegations of Paragraph 60 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 60.

41871321.1

61.    Nordstrom denies the allegations of Paragraph 61 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 61.

62.    Nordstrom denies the allegations of Paragraph 62 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 62.

63.    Nordstrom denies the allegations of Paragraph 63 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 63.

64.    Nordstrom denies the allegations of Paragraph 64 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 64.

65.    Nordstrom denies the allegations of Paragraph 65 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 65.

66.    Nordstrom denies the allegations of Paragraph 66 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 66.

67.    Nordstrom denies the allegations of Paragraph 67 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 67.

41871321.1

68.     Nordstrom denies the allegations of Paragraph 68 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 68.

69.     Responding to the allegations of Paragraph 69 of the Second Amended Complaint, Nordstrom denies that it is engaging in deceptive trade practices in violation of the New York Anti-Dilution Statute and repeats and realleges its responses to Paragraphs 1 through 68 of the Second Amended Complaint as if fully set forth herein.

70.     Nordstrom admits that Paragraph 70 of the Second Amended Complaint contains a partial citation of N.Y. Gen. Bus. Law § 360-1.

71.     Nordstrom denies the allegations of Paragraph 71 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 71.

72.     Nordstrom denies the allegations of Paragraph 72 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 72.

73.     Nordstrom denies the allegations of Paragraph 73 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 73.

74.     Nordstrom denies the allegations of Paragraph 74 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 74.

41871321.1

75.     Nordstrom denies the allegations of Paragraph 75 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 75.

76.     Responding to the allegations of Paragraph 76 of the Second Amended Complaint, Nordstrom denies that it is engaged in acts of trademark infringement, unfair competition and misappropriation in violation of the common law, and repeats and realleges its responses to Paragraphs 1 through 75 of the Second Amended Complaint as if fully set forth herein.

77.     Nordstrom denies the allegations of Paragraph 77 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 77.

78.     Nordstrom denies the allegations of Paragraph 78 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 78.

79.     Nordstrom denies the allegations of Paragraph 79 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 79.

80.     Nordstrom denies the allegations of Paragraph 80 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 80.

81.     Nordstrom denies the allegations of Paragraph 81 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 81.

82.     Nordstrom denies the allegations of Paragraph 82 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 82.

83.     Nordstrom denies the allegations of Paragraph 83 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 83.

84.     Nordstrom denies the allegations of Paragraph 84 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 84.

85.     Nordstrom denies the allegations of Paragraph 85 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 85.

86.     Nordstrom denies the allegations of Paragraph 86 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 86.

87.     Nordstrom denies the allegations of Paragraph 87 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 87.

88.     Nordstrom denies the allegations of Paragraph 88 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 88.

41871321.1

89.    Nordstrom denies the allegations of Paragraph 89 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 89.

90.    Nordstrom denies the allegations of Paragraph 90 of the Second Amended Complaint regarding Nordstrom and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 90.

## FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state any claims upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

GMA is barred from recovering damages or obtaining injunctive relief by the doctrines of estoppel, laches, waiver, acquiescence and/or unclean hands.

## THIRD AFFIRMATIVE DEFENSE

The conduct alleged in the Second Amended Complaint does not give rise to trademark infringement because it concerns the use of words in a non-designating source manner.

## FOURTH AFFIRMATIVE DEFENSE

CHARLOTTE is a common personal name and lacks secondary meaning.

## FIFTH AFFIRMATIVE DEFENSE

The CHARLOTTE name is not a famous mark and lacks the requisite level of distinctiveness to qualify for protection under the New York State Anti-Dilution statute.

## SIXTH AFFIRMATIVE DEFENSE

GMA has not sustained any injury or damages as a result of any act or conduct by Nordstrom.

13

## SEVENTH AFFIRMATIVE DEFENSE

The CHARLOTTE name is not a protectable trademark in that it used as a style designation by multiple entities, some of whom, on information and belief, commenced use prior to GMA's alleged first use of the mark, that it has no source meaning to consumers for apparel and related products.

## EIGHTH AFFIRMATIVE DEFENSE

Upon information and belief, GMA's federal registrations for CHARLOTTE are subject to cancellation under the doctrine of fraud on the Trademark Office.

## NINTH AFFIRMATIVE DEFENSE

CHARLOTTE is a generic term in the apparel industry when used as a style designation.

## TENTH AFFIRMATIVE DEFENSE

CHARLOTTE is primarily merely a surname without secondary meaning.

## ELEVENTH AFFIRMATIVE DEFENSE

CHARLOTTE is geographically descriptive and lacks secondary meaning.

## TWELFTH AFFIRMATIVE DEFENSE

CHARLOTTE is geographically misdescriptive and therefore not protectable as a trademark.

## COUNTERCLAIMS

As and for its Counterclaims against GMA and Counterclaim Defendant GMA Accessories, Inc. ("GMA"), Nordstrom, Inc. alleges as follows:

## NATURE OF ACTION

1.      By way of these Counterclaims, Nordstrom seeks a declaratory judgment of non-infringement with respect to its use of "Charlotte" on products as a style designation. Nordstrom

14

41871321.1

further seeks cancellation of GMA's federal trademark registrations based on GMA's fraud before the U.S. Patent and Trademark Office and GMA's trademark misuse.

## JURISDICTION AND VENUE

2.    This is an action for that seeks the cancellation of certain trademarks pursuant to 15 U.S.C. §§ 1119 and 1120. Pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, Nordstrom seeks a declaration of rights and/or other legal relations of the parties to this litigation with respect to an actual and justiciable controversy arising under the trademark laws of the United States, 15 U.S.C. 1051 *et seq.*

3.    This Court has jurisdiction over this matter pursuant to the Lanham Act (15 U.S.C. § 1051 *et seq.*); 28 U.S.C. §§ 1331, 1338, and 1367; and the Declaratory Judgment Act (28 U.S.C. § 2201).

4.    Pursuant to 28 U.S.C. § 1391(b), venue is proper in this district because GMA resides within this judicial district.

## THE PARTIES

5.    Defendant/Counter-Claimant Nordstrom, Inc. is a corporation existing under the laws of the State of Washington with its principal corporate office located at 1617 6th Avenue, Suite 500, Seattle, Washington 98101.

7.    Counterclaim Defendant GMA Accessories, Inc. is a corporation existing under the laws of the State of New York with its principal corporate offices located at 1 East 33rd Street, New York, New York, 10016.

15

## GMA'S ALLEGED USE OF THE MARK CHARLOTTE

9.      Upon information and belief, GMA is in the business of selling fashion accessories and novelty items, such as hair accessories, socks, leg warmers, sandals, flip flops, slippers, plush toys, and pet accessories.

10.      Nordstrom was not aware of GMA, its products or its alleged trademarks until 2007 when GMA's counsel sent a cease and desist letter to Nordstrom.

11.      GMA asserts rights to the following U.S. trademark registrations and applications pending before the U.S. Patent and Trademark Office (collectively referred to as the "GMA Charlotte Marks"):

a.      U.S. Registration No. 2,216,405 issued on January 5, 1999, for the mark CHARLOTTE in International Class 26 for hair, accessories, namely, hair clips, scrunches, ribbons and braids.

b.      U.S. Registration No. 2,217,341 issued on January 12, 1999, for the mark CHARLOTTE in International Class 18 for sacks and bags, namely, handbags made of textiles and beads.

c.      U.S. Registration No. 2,535,454 issued on February 5, 2002, for the mark CHARLOTTE in International Class 25 clothing, footwear and headgear, namely hats, scarves, gloves and socks.

d.      U.S. Registration No. 2,561,025 issued on April 16, 2002, for the mark CHARLOTTE in International Class 9 for sunglasses.

e.      U.S. Registration No. 3,242,358 issued on May 15, 2007, for the mark CHARLOTTE in International Class 22 for bags for securing valuables; bands for wrapping or binding; belts, not of metal, for handling loads; fabric and polyester mesh net used for storing

16

41871321.1

toys and other household items; garment bags for storage; mesh bags for storage; multi-purpose cloth bags; packaging bags of textile material; rice straw bags (kamasu); shoe bags for storage; string.

f.    Use-based Application filed on June 30, 2006 bearing Serial No. 78/921503 for the mark CHARLOTTE in International Class 14 for the following goods: bonnet pins of precious metal; bracelets of precious metal; brooches; buckles for watchstraps; charms; chokers; costume jewelry; cuff-links; earrings; gemstones; gold and its alloys; hat pins of precious metal; iridium and its alloys; jewelry; jewelry for the head; jewelry pins for use on hats; lapel pins; necklaces; ornamental pins; ornaments of precious metal; osmium and its alloys; pendants; picture frames of precious metal; platinum and its alloys; precious metal alloys; purses and wallets of precious metal; rhodium and its alloys; rings being jewelry; silver and its alloys; tiaras.

g.    Use-based Application filed October 2, 2006 bearing Serial No. 77/012104 for the mark CHARLOTTE in International Class 24, for the following goods: Bath linen; Bath sheets; Bath towels; Beach towels; Bed blankets; Bed linen; Bed Sheets; Blanket throws; Chenille fabric; Children's blankets; Children's towels; Cloth coasters; Cloth napkins for removing make-up; Comforters; Contoured mattress covers; Cotton based mix fabrics; Cotton fabric; Covered rubber yarn fabrics; Crepe cloth; Crib bumpers; Crib canopies; Curtain fabric; Curtain loops of textile material; Curtains; Curtains made of textile fabrics; Diaper changing mats; Diaper changing pads not of paper; Dining linens; Dish cloths; Draperies; Dust ruffles; Duvet covers; Duvets; Eiderdown covers; Eiderdowns; Fabric diaper stackers; Fabric flags; Fabric for boots and shoes; Fabric of imitation animal skin; Fabric table runners; Fabric table toppers; Fabric valances; Fabric window coverings and treatments, namely curtains, draperies,

17

sheers, swags and valances; Face towels; Feather beds; Felt and non-woven textile fabrics; Fiberglass fabrics for textile use; Fireproof upholstery fabrics; Fitted toilet lid covers; Flannel; Flax fabrics; Frieze; Gauze fabric; Gift wrap of fabric; Hand towels; Hand-towels made of textile fabrics; Hemp base mixed fabrics; Hemp yarn fabrics; Household linen; Inorganic fiber mixed fabrics; Jeans fabric; Jersey fabrics for clothing; Jersey material; Jute fabrics; Kitchen linens; Kitchen towels; Knitted fabrics; Knitted fabrics of chemical-fiber yarn; Knitted fabrics of cotton yarn; Knitted fabrics of wool yarn; Labels of cloth; Lap rugs; Mixed fiber fabrics; Narrow woven fabrics; Net curtains; Nylon fabric; Oil cloths; Pillow cases; Pillow covers; Pillow shams; Pillowcases; Place mats of textile material; Polyester fabric; Pot holders; Puffs; Quilts; Ramie fabric; Rayon fabric; Receiving blankets; Regenerated fiber yarn fabrics; Rubberized cloths; Sackcloth; Sail cloth; Semi-synthetic fiber fabrics; Shams; Shower curtains; Silk-cotton mixed fabrics; Synthetic fiber fabrics; Table cloths not of paper; Table linen; Taffeta; Tapestries of textile; Terry towels; Textile fabric of animal skins imitations; Textile fabrics for home and commercial interiors; Textile fabrics for lingerie; Textile fabrics for the manufacture of clothing; Textile labels; Throws; Ticking fabric; Towel sets; Towels; Traced cloths for embroidery; Tricot quilts; Tulle; Unfitted fabric furniture covers; Upholstery fabrics; Velvet; Wash cloths; Washcloths; Washing gloves; Washing mitts; Window curtains; Wool base mixed fabrics; Wool yarn fabrics; Woolen fabric; Woolen blankets; Worsted fabrics; Woven fabrics; Zephyr fabric.

       h.     U.S. Registration No. 2,412,362 issued on December 12, 2000 for the mark CHARLOTTE & FRIENDS in International Class 3 for cosmetics, namely perfume, lip gloss, and hair lotions.

18

41871321.1

i.      U.S. Registration No. 2,412,360 issued on December 12, 2000 for the mark CHARLOTTE & FRIENDS in International Class 25 for clothing, footwear and headgear, namely, hats, scarves, gloves, and socks.

j.      U.S. Registration No. 2,412,359 issued on December 12, 2000 for the mark CHARLOTTE & FRIENDS in International Class 26 for hair accessories, namely, hair clips, scrunchees, ribbons, and braids.

k.      U.S. Registration No. 2,444,120 issued on April 17, 2001 for the mark CHARLOTTE & FRIENDS in International Class 28 for toys, namely plush animals.

l.      U.S. Registration No. 2,682,145 issued on February 4, 2003, for the mark CHARLOTTE & FRIENDS in International Class 9 for sunglasses.

12.     In connection with several of these registrations, an authorized representative of GMA swore in Section 8 & 15 Declarations (hereinafter "8&15 Declarations") that "[t]he owner is using or is using through a related company or licensee the mark in commerce on or in connection with the goods/services identified above, as evidenced by the attached specimen(s) showing the mark as used in commerce. The mark has been in continuous use for five consecutive years after the date of registration, or the date of publication under Section 12(c), and is still in use in commerce on or in connection with all goods and/or services identified above . . . ."

13.     GMA submitted 8&15 Declarations in which an authorized representative of GMA swore under oath that CHARLOTTE and CHARLOTTE & FRIENDS was used in connection with *all* the goods identified in, among others, each of the following Registrations: Reg. No. 2,217,341 (filed November 26, 2004); Reg. No. 2,216,405 (filed January 5, 1999), Reg. No. 2,535,454 (filed February 14, 2007); and Reg. No. 2,561,025 (filed May 22, 2007).

19

41871321.1

14.    An authorize representative of GMA further swore under oath that when filing these trademark applications for the GMA Charlotte Marks and related Statements of Use with respect to its intent-to-use applications that GMA was using the mark in connection with *all* the goods identified in those applications as of the date claimed.

15.    Upon information and belief, GMA's sworn statements in its intent-to-use applications, Statements of Use and 8&15 Declarations that it was using the GMA CHARLOTTE Marks on all the goods identified in those applications and registrations as of the dates claimed were false.

16.    In connection with at least some of the Section 8 and 15 Affidavits submitted by GMA relating to the GMA Charlotte Marks, GMA submitted the identical specimen it submitted when it filed the underlying application approximately five years earlier.  On information and belief, GMA was no longer using said specimens in commerce when they were submitted in connection with these Section 8 and 15 Affidavits.

17.  Based on the foregoing acts of fraud, all of the GMA registrations obtained by it for the GMA Charlotte Marks are subject to cancellation and GMA is not entitled to any of the presumptions that apply to marks deemed "incontestable" under Section 15 of the Lanham Act.

## "CHARLOTTE" IS A WEAK MARK AND CONSUMERS ARE NOT LIKELY TO CONFUSE ITS SOURCE, ORIGIN, OR SPONSORSHIP

18.    "Charlotte" is a popular female first name and, as a result, it is commonly used as a style designation in the apparel and jewelry industry.

19.    "Charlotte" also has a geographic significance as the capital of the State of North Carolina, the 20th largest city in the Untied States and home to Charlotte campus of the University of North Carolina.

20

20.    "Charlotte" is also a common surname.  For instance, a search of "charlotte" as a last name on <www.whitepages.com> yields more than 300 results.  The Trademark Trial and Appeal Board routinely finds that the use of a word as a surname by more than 300 persons is evidence that the word is primarily merely a surname and not registerable without evidence of secondary meaning.

21.    It is common in the apparel industry for specific items to be given first names or geographic names as style designations in lieu of a number because they are easier to remember.

22.    Section 1202.16 of the Trademark Manual of Examining Procedure specifically states that:  "Subject matter used solely as a model, style or grade designation within a product line does not function as a trademark."

23.    The use of "Charlotte" in the apparel and accessories business is widespread and multiple companies use "Charlotte" as a style designation for their various fashion products.

24.    Several designers use the name "Charlotte" as brands in connection with their apparel and accessories lines, including, but not limited to, CHARLOTTE RUSSE, CHARLOTTE TARANTOLA, CHARLOTTE SLONICKI, and CHARLOTTE CORDAY.

25.    Charlotte Russe owns several U.S. federal trademark registrations for the mark CHARLOTTE RUSSE, including: Reg. No. 2,416,273 in Class 25 for clothing; Reg. No. 2,416270 in Class 26 for hair ornaments; Reg. No. 2,416,268 in Class 14 for costume jewelry; Reg. No. 2,416,268 in Class 18 for handbags and other related goods; Reg. Nos. 2,414,477 and 1,485,692 in Class 42 for retail store services specializing in women's apparel and accessories; and Reg. No. 2,451,427 in Class 3 for cosmetics.

26.    Additionally, Charlotte Russe began using the CHARLOTTE RUSSE mark before GMA's use of CHARLOTTE and thus its use is senior to GMA's use.

27.     Another third party with no relation to the present action, Ehringer-Schwarz GMBH & Co. KG, owns the trademark registration for CHARLOTTE in Class 14 for jewelry bearing Reg. No. 2,117,619 issued on December 2, 1997.  The 8&15 Declaration for this trademark was filed on April 14, 2003 and acknowledged on July 12, 2003.

28.     Charlotte Ford also owned a registration for CHARLOTTE FORD in Class 25 for clothing at the time GMA obtained its CHARLOTTE registrations.

29.     Also, upon information and belief, the owner of the mark CHARLOTTE TARANTOLA has prior common law rights to GMA in the name CHARLOTTE.

30.     Because of the name and geographic significance of "Charlotte" and the widespread use of "Charlotte" as a style designation in the apparel and jewelry industries, "Charlotte" has little or no significance as a source or association identifier and does not serve to identify a single apparel, handbag, or jewelry source, much less serve to identify GMA as the exclusive source of "Charlotte" products.

## COUNT I OF COUNTERCLAIMS

### (CANCELLATION OF THE GMA CHARLOTTE MARKS BASED ON TRADEMARK MISUSE)

31.     Nordstrom repeats and realleges the allegations set forth in Paragraphs 1 through 30 of its Counterclaims as if fully set forth herein.

32     Notwithstanding the fact that the GMA CHARLOTTE Marks lack significance as single source identifiers, GMA has continued to sue and threaten to sue companies, including Nordstrom, who use the word CHARLOTTE in a non-trademark sense and/or in connection with other words.  The suits and threatened suits are both objectively and subjectively without merit and are interposed by GMA with bad faith and the intent to directly injure and harass

22

41871321.1

Nordstrom's business and its business relationships through the use of governmental process as an anticompetitive weapon. As a result, Nordstrom has been injured by GMA's actions.

33.     Pursuant to 15 U.S.C. § 1119, Nordstrom seeks damages arising from GMA's misuse of the CHARLOTTE GMA Marks and an order directing cancellation of the federal registrations of the GMA CHARLOTTE Marks.

## COUNT II OF COUNTERCLAIMS

## (CANCELLATION OF THE GMA CHARLOTTE MARKS BASED ON FRAUD)

34.     Nordstrom repeats and realleges the allegations set forth in Paragraphs 1 through 33 of its Counterclaims as if fully set forth herein.

35.     In GMA's 8 & 15 Declarations, trademark applications, and Statements of Use filed with the United States Patent and Trademark Office, authorized representatives of GMA declared that they were aware "that willful statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of this document."

36.     In GMA's 8 & 15 Declarations, trademark applications, and Statements of Use filed with the United States Patent and Trademark Office, authorized representatives of GMA stated that "all statements made of his/her own knowledge are true and that all statements made on information and belief are believed to be true."

37.     Upon information and belief, as of the dates of its use-based applications, Statements of Use and/or the 8&15 Declarations for the various GMA CHARLOTTE Marks, GMA was not using the marks in connection with all of the goods listed in the applications/registrations, despite its sworn and material statements to the contrary.

41871321.1

38.    Additionally, upon information and belief, the dates of first use set forth in the applications for the GMA CHARLOTTE Marks are fraudulent.

39.    Additionally, upon information and belief, in connection with those Section 8 and 15 Affidavits where GMA filed the same specimen with that Affidavit as it did with the underlying application to register the mark, GMA fraudulently misled the U.S. Patent and Trademark Office about its continued use of the CHARLOTTE Mark.

40.    Upon information and belief, GMA knew that its representations were false when made and intended for the U.S. Patent and Trademark Office to rely on its statements to issue its registrations.  In the alternative, GMA's misrepresentations were objectively fraudulent regardless of its actual intent or knowledge when it submitted the declarations containing untruthful information.

41.    The U.S. Patent and Trademark Office reasonably relied on GMA's statements in issuing the CHARLOTTE registrations to GMA, causing harm to Defendants.

42.    As set forth above, GMA's actions constitute fraud on the U.S. Patent and Trademark Office.  Accordingly, pursuant to 15 U.S.C. § 1119, Defendants seek an order from the Court directing the cancellation of the federal registrations of the GMA CHARLOTTE Marks and for civil damages pursuant to 15 U.S.C. § 1120.

## COUNT III OF COUNTERCLAIM

## (CANCELLATION OF THE GMA CHARLOTTE MARKS BASED ON FRAUD)

43.    Nordstrom repeats and realleges the allegations set forth in Paragraphs 1 through 42 of its Counterclaims as if fully set forth herein.

44.    As set forth above, Charlotte Russe, Charlotte Tarantola, and Charlotte Ford, among others, used marks containing "Charlotte" prior to GMA's use of CHARLOTTE.

24

45.     GMA knew, or should have known, of the existence of these prior uses.

46.     As a part of its applications which led to the GMA CHARLOTTE Mark Registrations, GMA swore to the U.S. Patent and Trademark Office that no one else had the right to use a mark that was likely to cause confusion with its applied-for marks.

47.     Upon information and belief, GMA knew that this statement of material fact was false when made and intended for the U.S. Patent and Trademark Office to rely on its statement to issue its registrations. The U.S. Patent and Trademark Office reasonable relied on GMA's statement in issuing the CHARLOTTE registrations to GMA, causing harm to Nordstrom.

48.     The aforesaid acts of GMA constitute fraud on the U.S. Patent and Trademark Office. Accordingly, pursuant to 15 U.S.C. § 1119, Defendants seek an order from the Court directing the cancellation of the federal registrations of the GMA CHARLOTTE Marks and for civil damages pursuant to 15 U.S.C. § 1120.

## COUNT IV OF COUNTERCLAIMS

## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

49.     Nordstrom repeats and realleges the allegations set forth in Paragraphs 1 through 48 of its Counterclaims as if fully set forth herein.

50.     Because Nordstrom's sale of apparel and related products bearing the word "Charlotte" is displayed as a style name and not as a designation of source, origin, or sponsorship, GMA has no cause of action against Nordstrom for any infringing use of Charlotte.

51.     In the alternative, in the event that the use of Charlotte on products sold by Nordstrom is deemed to be a trademark use, GMA cannot assert any claims of trademark infringement because Charlotte is not an enforceable trademark because it is used by so many

25

entities in the apparel industry as a style designation in lieu of a style number that Charlotte has no source designating power.

52.    In the alternative, in the event that Charlotte is found to be a valid trademark, it is a very weak mark with a narrow zone of protection. The nature of Nordstrom's use on products is sufficiently distinct from GMA's use of CHARLOTTE that consumers are not likely to be confused as to the source, connection or sponsorship of either GMA's or Counterclaimants' products.

53.    GMA has asserted, directly and indirectly, that Charlotte products sold by Nordstrom infringe the GMA CHARLOTTE Marks. GMA's actions in filing its Second Amended Complaint against Nordstrom, and insisting that injunctions be entered, illustrate that an actual controversy exists.

54.    The rights of the parties are dependent upon the facts and application of the law thereto.

55.    Accordingly, pursuant to 28 U.S.C. 2201 and Rule 57 of the Federal Rules of Civil Procedure, Nordstrom is entitled to a declaratory judgment that the manufacture, marketing, offer for sale, and/or sale of the Charlotte products by Nordstrom does not infringe GMA's trademark rights or the GMA CHARLOTTE Marks.

## **PRAYER FOR RELIEF**

WHEREFORE, Nordstrom requests a judgment:

1.    Dismissing the Second Amended Complaint dismissed with prejudice and that judgment be entered for Nordstrom;

2.    With respect to Count I of the Counterclaims, directing the Commissioner of the U.S. Patent and Trademark Office to cancel the federal registrations of the GMA CHARLOTTE

Marks and to deny GMA's trademark applications for the GMA CHARLOTTE MARKS based on trademark misuse;

3.    With respect to Count II of the Counterclaims, directing the Commissioner of the U.S. Patent and Trademark Office to cancel the federal registrations of the GMA CHARLOTTE Marks and to deny GMA's trademark applications for the GMA CHARLOTTE Marks based on fraud;

4.    With respect to Count III of the Counterclaims, directing the Commissioner of the U.S. Patent and Trademark Office to cancel the federal registrations of the GMA CHARLOTTE Marks and to deny GMA's trademark applications for the GMA CHARLOTTE Marks based on fraud;

5.    With respect to Count IV of the Counterclaims, pursuant to 28 U.S.C. 2201 and Rule 57 of the Federal Rules of Civil Procedure, a order declaring that the manufacture, marketing, offer for sale and/or sale of products or services using "Charlotte" by Quiksilver or its retailers does not infringe GMA's trademark rights and/or the GMA CHARLOTTE Marks;

6.    Awarding Nordstrom their reasonable attorneys' fees and costs; and

8.    For such other and further relief as the Court deems just and proper.

41871321.1

## JURY DEMAND

Nordstrom hereby demand a trial by jury on all issues and claims in the Second Amended

Complaint and in Counterclaimants' Counterclaims.

Dated:  New York, New York
        June 26, 2008


                                SILLS CUMMIS & GROSS P.C.


                                By: _____
                                    Mark S. Olinsky (MO 0845)
                                    Mark J. Rosenberg (MR 8739)

                                One Rockefeller Plaza
                                New York, New York 10020
                                Tel. (212) 643-7000
                                Fax (212) 643-6500

                                *Attorneys for Defendant Nordstrom, Inc.*

28

41871321.1