# THE BOSTANY LAW FIRM

40 WALL STREET

61ST FLOOR

NEW YORK, NEW YORK 10005-1304

TEL: 212-530-4400

FAX: 212-530-4488

**NEW JERSEY OFFICE**

ONE GATEWAY CENTER
NEWARK, NJ 07102

June 26, 2008

Hon. Victor Marrero
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED

Re:   *GMA v. Quiksilver, Inc., et al.*
      Docket No.: 07 CV 11527 (VM)

Your Honor:

      We represent the above mentioned plaintiff in this trademark infringement action arising out of a dispute concerning the trademark CHARLOTTE which each side has used to identify a various types of clothing and handbags. Pursuant to your Honor's individual practice rules, we respectfully request a pre-motion conference for permission to file a dispositive motion for summary judgment pursuant to Fed.R.Civ.P. 56. It is respectfully submitted that GMA's incontestable registrations in Classes 18 (bags) and 25 (clothing) are "conclusive evidence" of GMA's exclusive right to the CHARLOTTE trademark. 15 U.S.C. §1115(b); 24 Hour Fitness USA, Inc. v. 24/7 Tribeca Fitness, LLC, 277 F.Supp.2d 356, 361 (S.D.N.Y. 2003). The right to exclusive use extends to all goods contained in the registration certificate. Savin Corp. v. Savin Group, 391 F.3d 439, 456 (2d Cir. 2004).

      Some of the defendants have asserted random counterclaims based on conjecture and speculation and we will be filing a motion to dismiss them since they are frivolous and designed to cause confusion in this case. Indeed, counsel readily admits that they copied these claims directly from another case where they were asserted by another law firm based on conjecture and, after hundreds of thousands of dollars spent on a "fishing expedition", while a pre-answer motion to dismiss and a Rule 11 motion were sub judice, the claims were dismissed on consent.[1] We will show that the fraud counterclaims pled on "information and belief" cannot survive and respectfully ask that the Court permit GMA to file a motion for summary judgment before

---

[1] The *Sanei* case that the Day Pitney firm cites as the basis for both its counterclaims and its improperly filed motion for a stay, was derived from *GMA v. BOP* 07cv3219 (LTS) which was the first filed case assigned to Judge Swain. Judge Swain declined to accept both the *Sanei* case and this case as related. In any event the *Sanei* case was dismissed on consent and the last of the fraud counterclaims asserted by the defendants in the *BOP* case was also dismissed on consent. Copies of the orders are respectfully annexed hereto.

defendants are permitted to turn a straightforward trademark infringement case into an enormously costly discovery exercise on hypothetical arguments obviously designed to raise GMA's legal costs and raise the stakes so as to intimidate the weaker trademark owner.

The counterclaim of "trademark misuse" has never before recognized as a claim. See e.g. Ford Motor Co. v. Obsolete Ford Parts, Inc., 318 F.Supp.2d 516, 521 (E.D. Michigan 2004) ("the court declines to announce or create an independent cause of action for trademark misuse"); Dunn Computer Corp. v. Loudcloud, Inc., 133 F.Supp.2d 823, 830 (E.D. Virginia 2001) ("plaintiff concedes that trademark misuse is only an affirmative defense, not an independent cause of action"); Whitney Information Network, Inc. v. Gagnon, 353 F.Supp.2d 1208 (M.D. Florida 2005) ("no authority in the Eleventh Circuit or elsewhere allowing trademark misuse as an independent unfair competition cause of action").

The fraud claims are also tragically defective for numerous reasons each of which would defeat the claim. "Rule 9(b) requires that each allegedly fraudulent statement be identified with particularity, and that specific reference be made to the time, location, content and speaker of each statement. In addition, the party alleging fraud must specify in what respects each of the statements were false and misleading, and the factual basis for believing the defendant acted fraudulently and was responsible." Great Lakes Mink Ass'n v. Furrari, Inc., 1987 WL 33592 (S.D.N.Y. 1987) (citing cases). Kash 'N Gold, Ltd. v. Samhill Corp., 1990 WL 196089 (S.D.N.Y. 1990). See also, GMA Accessories, Inc. v. Idea Nuova, Inc., 157 F.Supp.2d 234, 243 (S.D.N.Y. 2000) (there was be damages alleged by the fraud and those damages must be a direct and proximate result); King Size, Inc. v. Frank's King Size Clothes, Inc., 547 F.Supp. 1138 (S.D. Tex. 1982) (after alleging the fraud with particularity defendant must then prove that trademark applicant itself believed that other's rights were superior and concealed those rights).

It is respectfully submitted that the CHARLOTTE mark is a strong mark entitled to broad muscular protection under the Lanham Act as Judge Swain found in GMA v. BOP, 507 F.Supp.2d 361 (S.D.N.Y 2007). See also, Nabisco, Inc. v. PE Brands, Inc., 191 F.3d 208, 216 (2d Cir. 1999) ("when a word is applied in an unfamiliar way, it is deemed arbitrary"). Id. There should be "no logical relationship whatsoever between the mark and the product on which it is used." Id.; Lane Capital Management, Inc. v. Lane Capital Management, Inc., 15 F.Supp.2d 389 (S.D.N.Y. 1998). For example, Dana is an arbitrary mark in part because no individual named "Dana" was associated with the company. Satinine v. Les Parfums de Dana, Inc., 1984 WL 830 at * 5 (S.D.N.Y. 1984). See also, Charles of the Ritz Group Ltd. V. Quality King Distributors, Inc., 832 F.2d 1317, 1321 (2d Cir. 1987) ("Opium" as applied to perfume is arbitrary).

We will show that the remaining factors of similarity of the products, bad faith of defendants, bridging the gap, sophistication of purchasers and similarity of the marks all weigh in favor of the plaintiff. Wherefore I respectfully request a pre-motion conference to move for summary judgment.

Respectfully,

John P. Bostany

cc: Stephen Feingold, Esq. (by fax)
    Mark Rosenberg, Esq. (by fax)
    Dwight Yellen, Esq. (by fax)

Request GRANTED. A status conference herein is scheduled for 7-11-08 at 9:30 a.m. to address the matter described above by plaintiff as well as defendants' request by letter dated 6-25-08 for a conference regarding a motion to stay these proceedings

SO ORDERED.

6-27-08
DATE    VICTOR MARRERO, U.S.D.J.

JUN-26-2008 THU 04:44 PM  BOSTANY LAW FIRM  FAX No. 212 530 4413  P. 004/005
Case 1:07-cv-11527-VM-RLE  Document 39  Filed 06/27/2008  Page 3 of 5
Case 1:07-cv-03219-LTS-DCF  Document 236  Filed 06/20/2008  Page 1 of 1

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUN 2 0 2008

WAIN 15.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
GMA ACCESSORIES, INC.

     Plaintiff,

 - against -

CHARLOTTE SOLNICKI,
CHARLOTTE B, LLC, EMINENT, INC.,
SAKS FIFTH AVENUE, INC.,
INTERMIX, INC., WINK NYC, INC.,
LISA KLINE, INC., GIRLSHOP, INC.,
SHOWROOM SEVEN STUDIOS, INC.,
ELECTRIC WONDERLAND, INC.,
SHOWROOM SEVEN INT'L, SHOWROOM
SEVEN, JONATHAN SINGER, GOSI
ENTERPRISES, LTD., TIERNEY DIRECT
LLC and JONATHAN SOLNICKI,

     Defendants.
------------------------------------X

Civil Action No.: 07CV3219 (LTS) (DF)

**CONSENT ORDER**

It is hereby ORDERED, on application of counsel for the undersigned defendants, that the counterclaims of defendants GOSI ENTERPRISES, LTD and JONATHAN SINGER along with their affirmative defense of trademark misuse are hereby dismissed with prejudice.

Dated: June 11, 2008

_____
Chester Rothstein
Amster Rothstein and Ebenstein LLP
90 Park Avenue
New York, New York 10016
Attorneys for Defendants GOSI
ENTERPRISES LTD and Jonathan Singer

_____
John P. Bostany
The Bostany Law Firm
40 Wall Street, 61st Floor
New York, New York 10005
Attorney for Plaintiff GMA Accessories, Inc.

This order resolves Docket Entry # 113.

SO ORDERED: _____ 6/19/08
Hon. Laura Taylor Swain, U.S.D.J.

398235.1

-i-

**COURTESY COPY**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

SANEI CHARLOTTE RONSON LLC,

    Plaintiff/Counterclaim Defendant,

-against-

GMA ACCESSORIES, INC.,

    Defendant/Counterclaim Plaintiff.

---------------------------------------------------------------x

Civil Action No.
07CV9578 (RWS)(DCF)

**STIPULATION OF DISMISSAL**

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned counsel of record for the parties herein that all claims and counterclaims herein are dismissed with prejudice, with each party to bear its own attorneys' fees and costs. All pending motions in this action are hereby withdrawn.

Dated: New York, New York
       June __, 2008

DREIER LLP

By: _____
Ira S. Sacks
499 Park Avenue
New York, New York 10022
Telephone: (212) 328-6100
*Attorneys for Plaintiff/
Counterclaim Defendant*

THE BOSTANY LAW FIRM

By: _____
John P. Bostany
40 Wall Street, 61st Floor
New York, New York 10005
Telephone: (212) 530-4400
*Attorneys for Defendant/
Counterclaim Plaintiff*

SO ORDERED
_____
Robert W. Sweet, U.S.D.J.
6-12-08

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/13/08

1

40 Wall Street, New York, NY 10005
Tel: (212) 530-4400, Fax: (212) 530-4488

**The Bostany Law Firm**

# Fax

| **To:** Hon. Victor Marrero, U.S.D.J | **From:** Daniel A. Levy |
|---|---|
| **Fax:** (212) 805-6382 | **Pages:** 5 |
| **Phone:** (212) 805-6374 | **Date:** June 26, 2008 |
| **Cc:** Stephen Feingold, Esq. | **Fax:** (212) 916-2940 |
| **Cc:** Mark Rosenberg, Esq. | **Fax:** (212) 643-6500 |
| **Cc:** Dwight Yellen, Esq. | **Fax:** (212) 764-5060 |
| **Re:** *GMA Accessories, Inc. v. Quicksilver et al.* | |

☐ Urgent    ☐ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Take Action

I am respectfully submitting the attached letter.

Very truly yours,

[signature]