UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GMA ACCESSORIES, INC.,

                        Plaintiff,

- against -                                             Civil Action No.: 07CV11527 (VM)

QUIKSILVER, INC., NORDSTROM, INC.,
SWELL, INC., and JILL STUART, INC.,

                        Defendants.
-----------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF PLANTIFF'S MOTION TO DISMISS COUNTERCLAIMS and CERTAIN AFFIRMATIVE DEFENSES

Plaintiff GMA Accessories, Inc. (hereinafter "GMA") hereby submits this memorandum of law in support of the motion under Rule 12(b)(6) to dismiss the conclusory counterclaims and the Second, Fifth, Sixth, Ninth through Fifteenth, and Seventeenth Affirmative Defenses set forth in the answers to the Second Amended Complaint of QUICKSILVER INC., NORDSTROM, INC., and SWELL, INC. ( hereinafter the, "Counterclaimants")[1], and to dismiss the Second, Fifth, Eighth and Ninth Affirmative Defenses set forth in the answer to the Second Amended Complaint of JILL STUART, INC.

## PRELIMINARY STATEMENT

On December 26, 2007 the Complaint was filed against QUICKSILVER, INC., at the time the sole defendant. On January 16, 2007, Plaintiff joined in an Amended Complaint, filed January 17, 2008, Defendants NORDSTROM, INC. and SWELL, INC. On the same day, QUICKSILVER,

---

[1] Nordstrom, Inc. filed two answers to the same pleading, each with an identical set of counterclaims and a nearly identical set of affirmative defenses, albeit by different law firms.

INC. answered the first Complaint without any counterclaims. On March 3, 2008, the Counterclaimants answered the Amended Complaint, which, again, was devoid of counterclaims.

Plaintiff filed a Second Amended Complaint on May 15, 2008, which was essentially the same as the first two pleadings, but for the joinder of two additional parties. On June 16, 2008, the Day Pitney firm answered again for these same three Counterclaimants, this time raising four conclusory and boilerplate counterclaims in their answer, which they say they located in a pleading in another case and decided to basically "throw in" to the answer. In this pleading, the Counterclaimants assert affirmative defenses, which, like the counterclaims, are frivolous and have no basis in the law or fact.

After substituting counsel, Defendant NORDSTROM, INC. filed an "Amended Answer and Counterclaims" on June 26, 2008. Here, NORDSTROM, INC. raises virtually identical affirmative defenses and counterclaims as were present in its June 16 answer[2,3,4].

## ARGUMENT

## POINT I

**"Trademark misuse" is not a cause of action and the first counterclaim should be dismissed**

The few courts that addressed the issue consistently held that "trademark misuse" is not a cognizable affirmative claim and should be dismissed. See e.g. *Ford Motor Co. v. Obsolete Ford Parts, Inc.*, 318 F.Supp.2d 516, 521 (E.D. Michigan 2004) ("the court declines to announce or create an independent cause of action for trademark misuse"); *Dunn Computer Corp. v. Loudcloud,*

---

[2] The Fourth Affirmative Defense in Nordstrom's June 26 pleading is identical to the Fifteenth Affirmative Defense in the June 16 pleading. The Seventh through Twelfth Affirmative Defenses in Nordstrom's June 26 pleading are virtually identical to the Ninth through Fourteenth Affirmative Defenses in the June 16 pleading. The Second and Sixth Affirmative Defenses in both pleadings are identical. The counterclaims in both pleadings are virtually identical.

[3] The Eighth and Ninth Affirmative Defenses in Jill Stuart's Answer are identical to the Ninth and Tenth Affirmative Defense in the June 16 pleading. The Second and Fifth Affirmative Defenses in both pleadings are identical.

[4] For the purpose of simplicity, this brief will specifically address the Affirmative Defenses from the June 16 pleading only, with the intent that the arguments apply to the corresponding Affirmative Defenses in Nordstrom's June 26 pleading and in Jill Stuart's June 26 pleading.

*Inc.*, 133 F.Supp.2d 823, 830 (E.D. Virginia 2001) ("plaintiff concedes that trademark misuse is only an affirmative defense, not an independent cause of action"); *Whitney Information Network, Inc. v. Gagnon*, 353 F.Supp.2d 1208 (M.D. Florida 2005) ("no authority in the Eleventh Circuit or elsewhere allowing trademark misuse as an independent unfair competition cause of action").

It is clear that by pleading this unusual claim that on its face cannot survive, Counterclaimants are seeking in bad faith to obfuscate the issues in this case and raise the legal costs for the trademark owner.

## POINT II

### The Second and Third Counterclaims Should be Dismissed as "strike counterclaims" under Rule 9(b)

"Rule 9(b) is intended 'to provide a defendant with fair notice of a plaintiff's claim, to safeguard a defendant's reputation from 'improvident charges of wrongdoing,' and to protect a defendant against the institution of a strike suit". *Id.  See also, O'Brien v. National Property Analysts Partners*, 936 F.2d 674 (2nd Cir. 1991)  (Rule 9(b) is designed to "safeguard a defendant's reputation from 'improvident charges of wrongdoing,' and to protect a defendant against the institution of a strike suit").  "When the complaint contains allegations of fraud, however, Fed.R.Civ.P. 9(b) requires that 'the circumstances constituting fraud … be stated with particularity.' We have stated that 'the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" *Acito v. IMCERA Group, Inc.*, 47 F.3d 47 (2nd Cir. 1995).

"Where pleading is permitted on information and belief, a complaint must adduce specific facts supporting a strong inference of fraud" or it should be dismissed."  *Wexner v. First Manhattan Co.,* 902 F.2d 169, 172 (2d Cir. 1990).  *See also, GMA Accessories, Inc. v. Idea Nuova, Inc.*, 157

F.Supp.2d 234, 243 (S.D.N.Y. 2000); *Kash 'N Gold, Ltd. v. Samhill Corp.*, 1990 WL 196089 (S.D.N.Y. 1990).  It is plaint that Counterclaimants added these baseless counterclaims as swords to fend off the litigation.

The Counterclaimants fail to plead any factual basis with which to make the serious and damaging fraud allegations, other than self-serving paragraphs based entirely upon "information and belief".  The Court is left to infer numerous facts in order to arrive at the conclusion that would support liability if the unpled facts are proven.

Defendants go on to allege that other registrations had priority over GMA at the time that GMA applied.  But defendants do not allege as they must that (a) these entities actually did have priority over GMA and (b) that GMA believed that they had superior rights[5].  In its third counterclaim, defendants refer to Charlotte Russe (who GMA had a brief dispute with which resulted in a co-existence agreement); Charlotte Tarantola (which does not hold a registration and which GMA has a proceeding against in the TTAB); and Charlotte Ford (which registration was expired well before GMA's application though it was not officially cancelled until shortly thereafter).  However, defendants do not (and cannot) allege that any of these entities had a "right" to  the Charlotte mark that was senior to GMA's which is necessary in order for defendants to allege that GMA committed fraud.  More importantly, Counterclaimants fail to even plead that GMA believed others to have priority, which is a separate, necessary element to a fraud claim.  *See e.g. King Size, Inc. v. Frank's King Size Clothes, Inc.*, 547 F.Supp. 1138 (S.D. Tex. 1982) (defendant must prove that trademark applicant itself believed that other's rights were superior and concealed those rights).

It is respectfully submitted that defendants here are asking the Court to infer that GMA knew its statements to be false which inference is to be based upon facts that are themselves speculative, and this brand of pleading cannot as a matter of law survive Rule 9(b). *Wexner v. First*

---

[5] Defendants fail to mention that the USPTO found no other conflicting marks at the time of GMA's application.

*Manhattan Co.*, 902 F.2d 169, 172 (2d Cir. 1990) ("Clearly, an inference that the defendants knew their statements to be false cannot be based on allegations which are themselves speculative"). Such random pleading falls dramatically short of what is needed in order to make out a fraud claim. *See O'Brien v. National Property Analysts Partners*, 936 F.2d 674, 676 (2nd Cir. 1991) ("an ample factual basis must be supplied to support the charges" when pleading upon information and belief, otherwise the claim must fail).

## POINT III

### The Second, Tenth through Fifteenth and Seventeenth Affirmative Defenses must fail because they are barred by the Lanham Act

Here, the Ninth, Eleventh through Fifteenth, and Seventeenth Affirmative Defenses all challenge Plaintiff's right to exclusive use of an incontestable mark. For example, these affirmative defenses allege that the mark does not have secondary meaning, that it is primarily a surname, that it is the name of a geographic location, etc. More importantly, *none* of these defenses appear within the enumerated list of allowable defenses found in 15 U.S.C. §1115(b). Therefore, it is a certainty that Counterclaimants will fail in all of these defenses.

It is undisputed that GMA's registrations in classes 18 and 25 were deemed incontestable by the USPTO pursuant to Section 15 of the Lanham Act, is in the same class of goods trafficked by the defendants. An incontestable registration is "conclusive evidence" of the trademark holder's exclusive right to the CHARLOTTE trademark. 15 U.S.C. §1115(b); *24 Hour Fitness USA, Inc. v. 24/7 Tribeca Fitness, LLC*, 277 F.Supp.2d 356, 361 (S.D.N.Y. 2003). The right to exclusive use extends to all goods contained in the registration certificate. *Savin Corp. v. Savin Group*, 391 F.3d 439, 456 (2d Cir. 2004).

Registrations of the CHARLOTTE mark in class 18 for "sacks and bags" and class 25 for "clothing, footwear and headgear" were deemed incontestable by the USPTO. As such,

Counterclaimants are barred by law from bringing any defenses that challenge Plaintiff's entitlement to trademark protection, and are instead relegated to a short list of precisely nine allowable defenses. *See* 15 U.S.C. §1115(b).

The Court should strike defenses pursuant to Rule 12(f) when, "(1) there may be no question of fact which might allow the defense to succeed; (2) there may be no substantial question of law, a resolution of which could allow the defense to succeed, and (3) the moving party must show that it is prejudiced by the inclusion of the defense." *Deere & Company v. MTD Holdings, Inc.*, 2004 WL 1794507, at *2 (S.D.N.Y.). As discussed above, elements one and two are clearly satisfied. The third element is satisfied because Plaintiff will have to spend a substantial sum of money opposing seven separate defenses that are unwinnable as a matter of law. Accordingly, this Court should strike these defenses pursuant to Rule 12(f).

The Tenth Affirmative Defense is based on fraud, and the Second Affirmative Defense includes "unclean hands." Although this type of defense does appear on the enumerated list in 15 U.S.C. §1115(b), as discussed above, Counterclaimants provided no allegations or evidence that Plaintiff committed fraud or have "unclean hands." *Id.* Rather, Counterclaimants merely alleged that they *believed* that Plaintiff committed fraud, and this kind of pleading is insufficient to support these affirmative defenses. When there is no evidence on the record that supports allegations of misrepresentation, the appropriate remedy is for the court to strike the defense. *See Deere & Company, supra* at *3 ("unclean hands" defense stricken).

In addition, the Tenth Affirmative Defense is essentially an illusory defense. The defense states the GMA's mark "is subject to cancellation" based on fraud. This is no defense at all, but merely a statement of fact because *all* trademarks are subject to cancellation. *See* 15 U.S.C. §1115(b). Therefore, proving that GMA's mark "is subject to cancellation" – a truism – is no defense at all and should not have been pled as such. As this defense is facially defective, it must fail and should be stricken. *See Id.* at *2.

## POINT IV

### The Fifth Affirmative Defense must fail because Plaintiff is not requires to prove willful infringement

Counterclaimants allege as an affirmative defense that "GMA is not entitled to damages because of a lack of willful infringement." This claim flies in the face of the law which states that while willfulness is a *factor* to be considered in an award of damages, the lack of willfulness does not preclude money damages[6]. *See Cartier v. Aaron Faber, Inc.*, 512 F.Supp.2d 165 (S.D.N.Y. 2007) ("willfulness is not a prerequisite for an award of damages"); *Nike v. Top Brand, Co*., 2005 WL 1654859 at * 10 (S.D.N.Y. 2005) ("a showing of bad faith or intentional misconduct" is no longer required to recover profits pursuant to the amendments of the Lanham Act). Since this affirmative defense is insufficient as a matter of law, it should be stricken. *See Deere & Company, supra* at *2.

## POINT V

### The Sixth Affirmative Defense must fail because Plaintiff is not requires to prove damages

Counterclaimants allege as an affirmative defense that "GMA has not sustained any injury or damages as a result of any act or conduct by [Counterclaimants]." However, damages in a trademark case are, as a matter of law, equal to the infringing party's profits "due to the inherent difficulty in isolating the causation behind diverted sales and injured reputation". *George Basch, Inc. v. Blue Coral, Inc*., 968 F.2d 1532, 1539 (2d. Cir. 1992). Accordingly, this defense cannot be maintained as a matter of law and it should be stricken.

---

[6] In later proceedings, extensive evidence of Counterclaimants' willfulness and bad faith will be introduced.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the counterclaims be dismissed along with the Second, Fourth, Fifth and Tenth Affirmative Defenses from the June 16 pleading, the Second, Fourth and Sixth through Twelfth Affirmative Defenses from NORDSTROM, INC.'s June 26 pleading, and the Second, Fifth, Eighth and Ninth Affirmative Defenses in JILL STUART, INC.'s Answer.

Dated: New York, New York
       June 27, 2008

                                                THE BOSTANY LAW FIRM
                                                Attorneys for Plaintiff

                                                _____
                                                By:  John P. Bostany
                                                40 Wall Street – 61st Floor
                                                New York, New York 10005
                                                (212) 530-4400