UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------X
GMA ACCESSORIES, INC.

                    Plaintiff,

- against –

QUIKSILVER, INC., NORDSTROM, INC.,        Civil Action No: 07-CV-11527 (VM) (RLE)
SWELL, INC, AND JILL STUART, INC.,

                    Defendants.
----------------------------------------------------X

## DECLARATION OF STEPHEN W. FEINGOLD

Stephen W. Feingold declares under penalty of perjury as follows:

1.    I am a member of the law firm Day Pitney LLP in New York, New York.  Day Pitney LLP is counsel for Defendant Quiksilver, Inc. ("Quiksilver") in the above-captioned action.

2.    Exhibit A is a summary chart indicating trademark actions instituted by or against Plaintiff, GMA Accessories, Inc. ("GMA") involving GMA's CHARLOTTE mark in either federal court or before the Trademark Trial and Appeal Board.  This chart was created by our review of certain online databases by searching for GMA Accessories, Inc. and accurately reflects the information available from those databases on the dates they were searched during the last thirty (30) days.  These databases, such as the uspto.gov database for opposition proceedings, are often under inclusive, it is therefore possible that there are other proceedings involving GMA and its CHARLOTTE mark which are not included.  These databases are also often not maintained on a regular basis, as such this chart may not reflect the most recent information in the case.  Notably, document requests calling for production of this information

were served on Plaintiff, but such information has not been produced due to objections that documents evidencing other cases brought by or against GMA relating to its CHARLOTTE mark are not relevant and beyond the scope of this litigation, and referring Defendants to the appropriate government office to obtain that information which is publicly available.

3.    Exhibit B is a true and accurate copy of GMA's Memorandum of Law in Support of Defendant's Motion to Dismiss from *Sanei Charlotte Ronson LLC v. GMA Accessories, Inc.*, Civ. No. 07CV9578 (CM), Dkt. No. 8 (S.D.N.Y. Nov. 19, 2007).

4.    Exhibit C is a true and accurate copy of the transcript from a court conference held by Judge Colleen McMahon  with counsel for Sanei Charlotte Ronson LLC and GMA on February 15, 2008 in *Sanei Charlotte Ronson LLC v. GMA Accessories, Inc.*, Civ. No. 07CV9578 (CM), during which Judge McMahon denied GMA's motion to dismiss Sanei Charlotte Ronson's claims for trademark misuse and fraud on the United States Patent and Trademark Office ("PTO").

5.    Exhibit D is a true and accurate copy of the registration certificate issued by the PTO for Reg. No. 2,535,454 for GMA's CHARLOTTE mark in class 25.

6.    Exhibit E is a true and accurate copy of the registration certificate issued by the PTO for Reg. No. 2,217,341 for GMA's CHARLOTTE mark in class 18.

7.    Exhibit F is a true and accurate copy of PTO's Trademark Applications and Registrations Retrieval (TARR) status report of Reg. No. 1,135,037 for GMA's cancelled CHARLOTTE mark as of July 11, 2008.

I declare under penalty of perjury that the foregoing in true and correct.


Date: July 14, 2007                    s/ Stephen W. Feingold

                                       Stephen W. Feingold
                                       Member of Day Pitney LLP

# EXHIBIT A

| Case Name | Court & Filing Date | Plaintiff | Defendant(s) | Nature of the Dispute | Procedural Posture | Status |
|---|---|---|---|---|---|---|
| GMA Accessories, Inc., et al | S.D.N.Y.; August 16, 2006 | GMA Accessories | Croscill Inc.; Lines of Things, Inc.; Bed, Bath & Beyond, Inc.; Burlington Coat Factory | GMA Accessories brought suit against the defendants for marketing, distributing, selling and/or offering sale merchandise that infringes GMA Accessories' rights. The products involved are: 1. Registration #2,216,405, Class 26, Mark "Charlotte," 2. Registration #2,217,341, Class 18, Mark "Charlotte," 3. Registration #2,526,854, Class 24, Mark "Charlotte," 4. Registration #2,546,026, Class 16, Mark "Charlotte," 5. Registration #2,473,359, Class 35, Mark "Charlotte & Friends," 6. Registration #2,412,361, Class 16, Mark "Charlotte & Friends," 7. Registration #2,412,363, Class 18, Mark "Charlotte & Friends," 8. Registration #2,444,130, Class 28, Mark "Charlotte & Friends," 9. Registration #2,983,145, Class 9, Mark "Charlotte & Friends," and 10. Registration #2,412,365, Class 3, Mark "Charlotte & Friends." | | |
| GMA Accessories, Inc. v. BOP, LLC | S.D.N.Y.; April 23, 2007 | GMA Accessories | BOP, LLC; Belmondo; Girlshop, Inc.; Showroom Seven Studios, Inc.; Electric Wonderland, Inc.; Gretal Enterprises Ltd.; Jonathan Solnicki; Charlotte Solnicki; Jonathan Singer; Emmett, Inc.; Lewis Tierney; Intermix, Inc.; Saks Fifth Avenue, Inc.; Linda Kinn, Inc.; Wink NYC Inc. | GMA brought suit for trademark infringement for the defendants' use of GMA's registered mark "Charlotte." 1. Registration #2,216,405, Class 26, Mark "Charlotte," 2. Registration #2,217,341, Class 18, Mark "Charlotte," 3. Registration #2,526,854, Class 24, Mark "Charlotte," 4. Registration #2,546,026, Class 16, Mark "Charlotte," 5. Registration #3,242,258, Class 22, Mark "Charlotte & Friends." | | |

| Case Name | Court & Filing Date | Plaintiff | Defendant(s) | Nature of the Dispute | Procedural Posture | Status |
|---|---|---|---|---|---|---|
| Jemez Corporation d/b/a The GMA Accessories, Inc. | S.D.N.Y.: October 4, 2007 | Jemez Corporation d/b/a The Frye Corporation | GMA Accessories, Inc. | Plaintiff brought suit for non-infringement, invalidity and cancellation of GMA's mark "Charlotte." GMA raised counter-claims for trademark infringement. 1. Registration #2,216,405, Class 26, Mark "Charlotte;" 2. Registration #2,317,341, Class 18, Mark "Charlotte;" 3. Registration #2,305,425, Class 26, Mark "Charlotte;" 4. Registration #2,561,035, Class 9, Mark "Charlotte;" and 5. Registration #3,242,358, Class 22, Mark "Charlotte." | 01/23/2008 – Judge signs an Order Referring Case to a Magistrate Judge for settlement. 02/26/2008 – Order of Discontinuance. | The matter was closed on February 26, 2008, pursuant to Judge D.F. Eaton signed an Order of Discontinuance with prejudice. |
| Saint Charlotte Ronson LLC v. GMA Accessories, Inc. | S.D.N.Y.: October 26, 2007 | Saint Charlotte Ronson LLC | GMA Accessories, Inc. | The plaintiff brought an action for declaratory judgment that plaintiff's use of the mark "Charlotte Ronson," a personal designer, does not infringe upon any rights GMA holds in the mark "Charlotte." The plaintiff also seeks an injunction and monetary damages for the wrongful use of the mark. In its answer, defendant GMA asserted a counter-claim against plaintiff. Registrations held by GMA Accessories, Inc.: JCB, Style, Inc., Cynthia Smith, Inc., Chou LLC. GMA/Penumbra, Ltd., Nine Stitches Corp., Skinny Catsfog, Inc., and AKO Corporation. 1.) for infringement of GMA's mark "Charlotte." "However, these counterclaims were improperly asserted and only pertained to defendant-declarant seven that only presented a mark "Charlotte" as to Mark 26. 2008 GMA filed an amended answer that only presented a counter-claim against plaintiff for infringement of the following trademarks held by GMA Accessories: 1. Registration #2,216,405, Class 26, Mark "Charlotte;" 2. Registration #2,317,341, Class 18, Mark "Charlotte;" 3. Registration #2,305,425, Class 26, Mark "Charlotte;" 4. Registration #2,561,035, Class 9, Mark "Charlotte;" 5. Registration #3,242,358, Class 22, Mark "Charlotte;" 6. Registration #2,412,359, Class 26, Mark "Charlotte & Friends;" 7. Registration #2,444,120, Class 26, Mark "Charlotte & Friends;" 8. Registration #2,412,360, Class 16, Mark "Charlotte & Friends;" 9. Registration #2,413,050, Class 9, Mark "Charlotte & Friends;" 10. Registration #2,682,145, Class 9, Mark "Charlotte & Friends" | 11/15/2008 – GMA files a motion to dismiss for lack of jurisdiction, failure to state a claim, and failure to comply with Rule 8(a). 04/11/2008 – Plaintiff files a Motion for Sanctions. 04/11/2008 – Order referring the case to a Magistrate Judge for settlement. 05/22/2008 – Enforced term to Judge that the settlement has not be consummated and then the agreement is rescinded. | The matter was filed on June 18, 2008 pursuant to an order and disposition of dismissal. |
| GMA Accessories v. Lauren Merkin Productions, LLC | S.D.N.Y.: November 30, 2007 | GMA Accessories | Lauren Merkin Productions, LLC | Plaintiff brought suit against defendant, Lauren Merkin Productions, LLC, for trademark infringement of the mark "Charlotte." Plaintiff claims that such use constitutes trademark infringement of GMA Accessories' rights. 1. Registration #2,216,405, Class 26, Mark "Charlotte;" 2. Registration #2,317,341, Class 18, Mark "Charlotte;" 3. Registration #2,305,425, Class 26, Mark "Charlotte;" 4. Registration #2,561,035, Class 9, Mark "Charlotte;" and 5. Registration #3,242,358, Class 22, Mark "Charlotte." | 01/30/2008 – Order referring the matter to a Magistrate Judge for settlement negotiations. 02/26/2008 – Order of Dismissal with prejudice provided that the Court retains jurisdiction over the settlement agreement. | The matter was closed on February 20, 2008, Magistrate Judge A. J. Peck signed an Order of Dismissal on Consent and terminated any pending motions. The Court retains jurisdiction over the settlement. |
| Fossil Partners LP v GMA Accessories, Inc. | N.D.N.Y.: March 4, 2008 | Fossil Partners LP | GMA Accessories, Inc. | Fossil Partners, LP, plaintiff, seeks a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, against GMA Accessories, Inc. that its use of the mark "Charlotte" does not constitute trademark infringement of GMA Accessories' rights. 1. Registration #2,216,405, Class 26, Mark "Charlotte;" 2. Registration #2,317,341, Class 18, Mark "Charlotte;" 3. Registration #2,305,425, Class 26, Mark "Charlotte;" 4. Registration #2,561,035, Class 9, Mark "Charlotte;" and 5. Registration #3,242,358, Class 22, Mark "Charlotte." | 01/30/2008 – Order referring the matter to a Magistrate Judge for settlement negotiations. 05/13/2008 – Order granting a Motion for Dismissal with prejudice. Any and all claims by Fossil Partners LP against GMA Accessories, Inc. are dismissed. | The matter was dismissed on May 15, 2008. Judge R.L. DiGiovanni signed an Order of Dismissal. Any claims by Fossil Partners LP against GMA Accessories are dismissed with prejudice. |
| Guru Denim, Inc. v. GMA Accessories, Inc. | C.D.Ca.: May 6, 2008 | Guru Denim, Inc. | GMA Accessories, Inc. | Plaintiff requests declaratory judgment for non-infringement of a trademark, a trademark and non-dilution of a trademark. | 05/19/2008 – GMA Accessories filed an Offer of Judgment and agreeing plaintiff to release liability. 05/19/2008 – GMA files a Notice of Offer of Judgment. 05/20/2008 – Plaintiff, Guru Denim, files a Notice of Acceptance of Offer of Judgment. 06/02/2008 – Judge grants Judgment in favor of GMA Accessories. The case is terminated. | The matter was closed on June 2, 2008. Judge A.R. Collins entered Judgment in favor of GMA Accessories against Guru Denim. |

2

| Case Name | Court & Filing Date | Plaintiff | Defendant(s) | Nature of the Dispute | Procedural Posture | Status |
|---|---|---|---|---|---|---|
| GMA Accessories, Inc. v. Cie Lyngsand ApS | TTAB October 30, 2003 | GMA Accessories | Cie Lyngsand ApS | Cie Lyngsand filed an application on October 2, 2001 to register the mark "Charlotte Lyngsand" in Class 014. | • 08/10/2003 – USPTO issues a Notice of Publication for the registration of mark "Charlotte Lyngsand." • 11/12/2003 – GMA Accessories files a Notice of Opposition to the registration of the mark "Charlotte Lyngsand." • 11/21/2003 – Notice and trial dates sent to parties. • 01/25/2004 – Applicant, Charlotte Lyngsand ApS withdraws its trademark application. • 02/03/2004 – TTAB notes the application has been abandoned and dismisses the opposition with prejudice. | The matter was terminated on February 3, 2004, March 5, 2004, and November 19, 2004. |
| GMA Accessories, Inc. v. RLJ Basketball LLC | TTAB January 15, 2004 | GMA Accessories | RLJ Basketball LLC | RLJ Basketball filed an application on May 1, 2003 to register the mark "Charlotte Bobcats" in Class 025. | • 12/17/2003 – USPTO issues a Notice of Publication for the registration of mark "Charlotte Bobcats." • 01/15/2004 – GMA files a Notice of Opposition to the registration of the mark "Charlotte Bobcats." • 01/27/2004 – Notice and trial dates sent to parties. • 03/30/2004 – TTAB notes the request to reopen testimony and dismisses GMA Accessories' Opposition with prejudice. | The matter was terminated on March 30, 2006. |
| GMA Accessories, Inc. v. GC Trademarks, LLC | TTAB October 27, 2004 | GMA Accessories | GC Trademarks | GC Trademarks filed an application on August 11, 2003 to register the mark "Charlotte" in Classes 006, 009, 025, 026, 034, and 041. | • 01/17/2007 – GMA Accessories files a motion for discovery sanctions against GC Trademarks. • 04/18/2007 – TTAB grants opposer's motion for sanctions, judgment is entered against the applicant GC Trademarks. • 04/18/2007 – The application to trademark "Good Charlotte" is abandoned. | The matter was terminated on March 30, 2006. |
| GMA Accessories, Inc. v. The Black & Decker Corp. | TTAB July 12, 2005 | GMA Accessories | Black & Decker | Black & Decker Corp. filed an application on July 12, 2004 to register "Charlene" in Class 006. | • 07/13/2004 – Black & Decker Corp. files an application to register "Charlene" in Class 006. • 06/09/2005 – Notice of Opposition and trial dates sent to parties. • 07/25/2005 – GMA Accessories files an Opposition. • 09/13/2005 – TTAB issues a decision on the matter (submitted to find 02/22/2006) and dismisses the opposition. | Waiting for expiration of appeal period. |
| GMA Accessories, Inc. v. RLJ Acquisitions LLC | TTAB October 31, 2005 | GMA Accessories | RLJ Acquisitions | RLJ Acquisitions filed an application on February 10, 2004 to register the mark "Charlotte Jumpman Classic" in Classes 025 and 041. | • 09/01/2004 – USPTO issues a Notice of Publication for the registration of the mark "Charlotte Jumpman Classic." • 11/03/2005 – Notice of Opposition and trial dates sent to parties. • RLJ Acquisitions files an answer to the opposition. • 12/05/2005 – TTAB enters judgment against the applicant pursuant to RLJ's abandonment of the application. | The matter is still pending. |
| GMA Accessories, Inc. v. Daily Sparkle, LLC (opposer) | TTAB November 25, 2005 | GMA Accessories (opposer) | Daily Sparkle | Daily Sparkle filed an application on October 26, 2004 to register the mark "Charlotte Tarantula" in Class 014. | • 10/05/2005 – USPTO issues a Notice of Publication for the registration of mark "Charlotte Tarantula." • 11/25/2005 – GMA Accessories requests and is granted a further extension to file a notice of opposition. • 03/25/2006 – Notice of Opposition to the mark "Charlotte Tarantula." • 06/06/2007 – Notice of Opposition and trial dates sent to parties. • 11/05/2007 – GMA files a Motion for Summary Judgment. • 12/03/2007 – Proceedings are suspended. | The matter is still pending. |
| GMA Accessories & Artwork, Inc. v. Wright Medical Technology, Inc. (potential opposer) | TTAB March 22, 2006 | GMA Accessories & Artwork (potential opposer) | Wright Medical Technology, Inc. | Wright Medical Technology filed an application on November 18, 2004 to register the mark "Charlotte" in Class 010. | • 02/08/2006 – USPTO issues a Notice of Publication for the registration of mark "Charlotte." • 03/22/2006 – GMA Accessories requests a number of oppositions because it is engaged in settlement negotiations with the applicant, Wright Medical Technology. • 06/22/2006 – GMA requests and is granted a further extension to file a notice of opposition. • 06/22/2006 – Notice of Opposition and trial dates sent to parties. • 11/08/2007 – The parties request a dismissal of the Opposition pursuant to a settlement agreement. • 12/18/2007 – TTAB dismisses the Opposition with prejudice. | The matter was terminated on December 18, 2007. |
| GMA Accessories, Inc. v. Charlotte Tilbury Ltd | TTAB May 25, 2006 | GMA Accessories | Charlotte Tilbury Limited | Charlotte Tilbury filed an application on September 20, 2004 to register the mark "Charlotte Tilbury" in Classes 003, 014, 018, 021, 024, and 044. | • 04/26/2006 – USPTO issues a Notice of Publication for the registration of mark "Charlotte Tilbury." • 05/25/2006 – GMA Accessories files an Opposition to the mark "Charlotte Tilbury." • 06/24/2006 – GMA files a Motion for Summary Judgment. • 10/04/2006 – The Opposition proceeding is temporarily suspended pending settlement negotiations between the parties. | The matter was terminated on December 6, 2005 after RLJ abandoned its application. |

| Case Name | Court & Filing Date | Plaintiff | Defendant(s) | Nature of the Dispute | Procedural Posture | Status |
|---|---|---|---|---|---|---|
| GMA Accessories, Inc. v. Anna Gencili | TTAB; June 30, 2006 | GMA Accessories | Anna Gencili | Anna Gencili filed an application on March 18, 2003 to register the mark "Eau de Charlotte" in Class 003. | • 09/24/2004 – USPTO issues a Notice of Publication for the registration of mark "Eau de Charlotte." <br>• 05/10/2006 – GMA Accessories files a Petition for Cancellation of the registration of "Eau de Charlotte." <br>• 06/04/2006 – Notice of Petition and trial dates sent to parties. <br>• 06/30/2006 – Notice of Default is sent to the parties. <br>• 06/25/2006 – GMA Accessories files a Motion to Withdraw its Petition for Cancellation. | The petition for cancellation is pending. |
| GMA Accessories, Inc. v. JJJ International LLC | TTAB; June 30, 2006 | GMA Accessories | JJJ International LLC | JJJ International filed an application on February 14, 2003 to register the mark "Charlotte Conley" in Classes 014, 018, and 025. | • 12/11/2003 – USPTO issues a Notice of Publication for the registration of mark "Charlotte Conley." <br>• 04/13/2006 – GMA Accessories files a Petition for Cancellation of the registration of "Charlotte Conley." <br>• 06/30/2006 – Notice of Default is sent to the parties. <br>• 11/20/2007 – TTAB enters a Default Judgment. <br>• 01/04/2008 – The Commissioner for Trademarks cancels JJJ International's registration. | The matter was terminated on March 4, 2008. |
| GMA Accessories, Inc. v. Charlotte Brown | TTAB; June 30, 2006 | GMA Accessories | Charlotte Brown | Charlotte Brown filed an application on October 30, 2000 to register the mark "Princess Charlotte" in Class 025. | • 08/18/2004 – USPTO issues a Notice of Publication for the registration of mark "Princess Charlotte." <br>• 05/03/2006 – GMA Accessories files a Petition for Cancellation of the registration of "Princess Charlotte." <br>• 06/30/2006 – Notice of Default is sent to the parties. <br>• 11/20/2007 – TTAB enters a Default Judgment. <br>• 01/04/2008 – The Commissioner for Trademarks cancels Charlotte Brown's registration. | The matter was terminated on October 24, 2006. |
| GMA Accessories v. Joe de Charlotte Ltd. | TTAB; June 30, 2006 | GMA Accessories | Joe de Charlotte Ltd. | Joe de Charlotte Ltd. filed an application on August 30, 2003 to register the mark "Joie de Charlotte" in Class 025. | • 08/03/2004 – USPTO issues a Notice of Publication for the registration of mark "Joie de Charlotte." <br>• 05/03/2006 – GMA Accessories files a Petition for Cancellation of the registration of "Joie de Charlotte." <br>• 06/30/2006 – Notice of Default is sent to the parties. <br>• 11/20/2007 – TTAB enters a Default Judgment against Joe de Charlotte Ltd. and cancels its registration of the mark "Joie de Charlotte." <br>• 01/04/2008 – The Commissioner for Trademarks cancels Joe De Charlotte's registration. | The matter was terminated on October 05, 2006. |
| GMA Accessories v. Ehriger Schwerz GmbH & Co. KG | TTAB; July 25, 2007 | GMA Accessories | Ehriger Schwerz GmbH & Co. KG | Ehriger Schwerz GmbH & Co. KG filed an application on December 1, 2005 to register the mark "Charlotte" in Class 014. | • 08/14/2007 – USPTO issues a Notice of Publication for the registration of the mark "Charlotte." <br>• 09/07/2007 – Applicant, Ehriger Schwerz files a Motion to dismiss to state a claim. | The matter is still pending. |
| Charlotte Tilbury Ltd. et al v. GMA Accessories | TTAB; July 25, 2007 | Charlotte Tilbury and Consuli Inc. (potential opposers). | GMA Accessories | GMA Accessories filed an application on October 02, 2006 to register the mark "Charlotte" in Class 003. | • 06/20/2007 – USPTO issues a Notice of Publication for the registration of the mark "Charlotte." <br>• 07/20/2007 – Consuli Inc. requests and is granted an Extension of Time to file an Opposition. <br>• 11/02/2007 – Charlotte Tilbury Ltd. requests and is granted an Extension of Time to file an Opposition. <br>• 11/07/2007 – Notice and trial dates sent to parties. <br>• 01/17/2008 – Charlotte Tilbury Ltd. files an Opposition to the registration of the mark "Charlotte." <br>• 01/17/2008 – Proceedings are suspended pending a resolution of the Motion to Dismiss. <br>• 03/11/2008 – The matter is terminated between Charlotte Tilbury, opposer, and GMA Accessories, applicant. | The matter is still pending. |
| GMA Accessories v. TCLC Holdings | TTAB; January 9, 2008 | GMA Accessories | TCLC Holdings LLC | TCLC filed an application on October 7, 2005 to register the mark "Charlotte Meerzzari" in Class 025. | • 11/21/2007 – USPTO issues a Notice of Publication for registration of the mark "Charlotte Meerzzari." <br>• 01/09/2008 – GMA Accessories requests and is granted an Extension of Time to file an Opposition. | The matter was terminated. |
| GMA Accessories v. TCLC Holdings LLC | TTAB; February 5, 2008 | GMA Accessories | TCLC Holdings LLC | TCLC filed an application on July 16, 2005 to register the mark "Charlotte Moss" in Class 025. | • 11/21/2007 – USPTO issues a Notice of Publication for the registration of the mark "Charlotte Moss." <br>• 02/05/2008 – GMA Accessories requests a second extension of Time to file an Opposition. <br>• 02/14/2008 – TCLC denies request for an Extension. | The matter has been terminated. |

4

EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SANEI CHARLOTTE RONSON LLC,

                          Plaintiff,


                                                    Civil Action No.: 07CV9578 (CM)

        - against -

GMA ACCESSORIES, INC.,

                          Defendant.
-------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS


### NATURE OF THE CASE

    Sanei Charlotte Ronson, LLC (hereinafter "SANEI") is an applicant in the U.S.P.T.O. for the mark CHARLOTTE RONSON with respect to clothing, handbags and other goods. GMA Accessories, Inc. has been the registered owner of the mark CHARLOTTE for many years also with respect to clothing, handbags and other goods. GMA's CHARLOTTE mark has become incontestable with respect to the clothing and handbags and has been recognized as a strong mark with respect to clothing in a recent decision by Hon. Laura Taylor. Swain. See *GMA v. BOP*, 507 F.Supp.2d 361 (S.D.N.Y. 2007) (the SOLNICKI case).

    SANEI premises much of its complaint upon accusations of bad faith prosecution of the SOLNICKI case pending under docket number 07CV3219(LTS), yet SANEI did not mark this case as related. Both GMA and SANEI have motions for summary judgment pending in the Trademark Trial and Appeal Board ("TTAB") where the parties are seeking a determination of the primary issue, i.e. does SANEI have the right to use CHARLOTTE RONSON.

## FACTS

For a summary of the facts and exhibits, the Court is respectfully referred to the accompanying declaration of Andrew T. Sweeney.

## POINT I

### SANEI has not set forth an actual and immediate threat of a lawsuit and therefore its first claim for Declaratory Judgment Should be Dismissed

Only where a plaintiff has been threatened with federal trademark infringement litigation and where there is a question as to the validity of the trademark registration, may a plaintiff file a federal lawsuit for declaratory judgment. *Moog Controls, Inc. v. Moog, Inc.*, 923 F.Supp. 427, 432 citing 4 J. Thomas McCarthy, McCarthy On Trademarks And Unfair Competition (3d. ed. 1995) Section 32.21(2) at 32-76. "The federal declaratory judgment is not a prize to the winner of a race to the courthouses". *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 219 (2d Cir. 1978).

"The Second Circuit has held that the filing of an opposition in a trademark registration proceeding 'is not by itself a charge or warning of a future charge of infringement' and therefore does not, without more, create an actual controversy." *Progressive Apparel Group, Inc., v. Anheuser-Busch, Inc.*, 1996 WL 50277 (S.D.N.Y. 1996) (citing *Topp-Cola Co. v. Coca-Cola Co.*, 314 F.2d 124, 125-26 (2d Cir. 1963)).

Here the parties have been perfectly content to litigate in the TTAB where SANEI not too long ago filed a monstrous motion for summary judgment containing thousands of pages of exhibits which we were forced to oppose at great cost to GMA.

The SOLNICKI case cannot be viewed as a direct or indirect threat by GMA to SANEI. Indeed, CHARLOTTE SOLNICKI is an internationally known company whose use of the CHARLOTTE mark was widespread and highly publicized in Hollywood, on the internet and in the media. The fact that GMA will not grant permission for the defendants in the SOLNICKI case to sell CHARLOTTE RONSON goods cannot be viewed as a threat of imminent litigation upon SANEI. *See Progressive Apparel Group, Inc., v. Anheuser-Busch, Inc., supra* (maintaining that there is confusion between two marks does not constitute immediate threat).

GMA should not be forced to duplicate its efforts in another proceeding where, as here, it has not placed SANEI in imminent jeopardy of being sued and the matter is fully briefed before the TTAB. This Court is afforded ample discretion in its decision of whether to exercise jurisdiction. *See e.g. Bausch & Lomb Inc. v. CIBA*, 39 F.Supp.2d 271, 274-75 (W.D.N.Y. 1999) (String Citing)("even if there is an actual controversy and thus jurisdiction, the exercise of that jurisdiction rests within the sound discretion of the district court").    Accordingly, it is respectfully requested that the Court decline to exercise declaratory jurisdiction here.

### POINT II

### <u>"Trademark misuse" is not a cause of action and this claim should be dismissed</u>

SANEI's second claim alleges "trademark misuse." However, courts that have addressed the issue have consistently held that "trademark misuse" is not a cognizable affirmative claim and should be dismissed. See e.g. *Ford Motor Co. v. Obsolete Ford Parts, Inc.*, 318 F.Supp.2d 516, 521 (E.D. Michigan 2004) ("the court declines to announce or create an independent cause of action for trademark misuse"); *Dunn Computer Corp. v. Loudcloud, Inc.*, 133 F.Supp.2d 823, 830 (E.D. Virginia 2001) ("plaintiff concedes that trademark misuse is only an affirmative defense, not an independent cause of action"); *Whitney Information Network, Inc. v. Gagnon,*

3

353 F.Supp.2d 1208 (M.D. Florida 2005) ("no authority in the Eleventh Circuit or elsewhere allowing trademark misuse as an independent unfair competition cause of action").

## POINT III

### The Third and Fourth Claims Should be Dismissed for Failing to Comply with virtually every aspect of Rule 9(b)

"When the complaint contains allegations of fraud, however, Fed.R.Civ.P. 9(b) requires that 'the circumstances constituting fraud ... be stated with particularity.' We have stated that 'the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" *Acito v. IMCERA Group, Inc.*, 47 F.3d 47 (2nd Cir. 1995). "Rule 9(b) is intended 'to provide a defendant with fair notice of a plaintiff's claim, to safeguard a defendant's reputation from 'improvident charges of wrongdoing,' and to protect a defendant against the institution of a strike suit". *Id. See also, O'Brien v. National Property Analysts Partners*, 936 F.2d 674 (2nd Cir. 1991) (Rule 9(b) is designed to "safeguard a defendant's reputation from 'improvident charges of wrongdoing,' and to protect a defendant against the institution of a strike suit").

In trademark cases, "Rule 9(b) requires that each allegedly fraudulent statement be identified with particularity, and that specific reference be made to the time, location, content and speaker of each statement. In addition, the party alleging fraud must specify in what respects each of the statements were false and misleading, and the factual basis for believing the defendant acted fraudulently and was responsible." *Great Lakes Mink Ass'n v. Furrari, Inc.*, 1987 WL 33592 (S.D.N.Y. 1987) (citing cases). See also *GMA Accessories, Inc. v. Idea Nuova, Inc.*, 157 F.Supp.2d 234, 243 (S.D.N.Y. 2000); *Kash 'N Gold, Ltd. v. Samhill Corp.*, 1990 WL

4

196089 (S.D.N.Y. 1990).

The conclusory allegations do not satisfy any of the requirements of Rule 9(b). SANEI refers to Charlotte Russe (who GMA had a brief dispute with which resulted in a co-existence agreement); Charlotte Tarantola (which does not hold a registration and which GMA has a proceeding against in the TTAB); Charlotte Corday (which defaulted in a TTAB proceeding brought by GMA); and Charlotte Ford (which registration was expired well before GMA's application though it was not officially cancelled until shortly thereafter).

However, SANEI does not (and cannot) allege that any of these parties had a "right" to the CHARLOTTE mark that was senior to GMA's and that GMA believe that this right was superior, both of which must be pled in order for plaintiff to properly allege that GMA committed fraud. See e.g. *King Size, Inc. v. Frank's King Size Clothes, Inc.*, 547 F.Supp. 1138 (S.D. Tex. 1982) (defendant must prove that trademark applicant itself believed that other's rights were superior and concealed those rights).

Accordingly both fraud claims should be dismissed.


## POINT IV

### The fraud claims would also fail because they do not allege injury

In addition, SANEI has failed to plead essential elements of their fraud claims – "causation and damages – at all, much less with particularity" which would itself be grounds for their dismissal. *GMA Accessories, Inc. v. Idea Nuova, Inc.*, 157 F.Supp.2d 234, 243 (S.D.N.Y. 2000). *See Kaye v. Grossman*, 202 F.3d 611, 614 (2nd Cir. 2000) (there must be a loss as a "direct , immediate and proximate result" of the alleged fraud). Here SANEI fails to allege how the fraud that it failed to plead caused injury to SANEI.

## POINT V

### Sanei's 2d, 3d and 4th claims would not be able to be brought in any event because they lack jurisdiction

"The court is without jurisdiction to hear a 15 U.S.C. Section 1119 claim when there is no other justiciable controversy between the parties involving the defendant's mark." *Thomas & Betts Corp.*, 48 F. Supp.2d 1088 (N.D. Ill. 1999). *See also Ditri v. Coldwell Banker Residential Affiliates, Inc.*, 954 F.2d 869, 874 (3d Cir. 1992) (Section 37 (15 U.S.C. 1119) is not intended "to provide a cancellation remedy in the absence of an underlying basis of jurisdiction.").

Judge Curtin from the Western District of New York had occasion to analyze a situation where a defendant had "neither filed nor threatened a federal lawsuit" based on a registered trademark but an action was nevertheless initiated against it for cancellation pursuant to 15 U.S.C. 1119. *Moog Controls, Inc. v. Moog, Inc.* 923 F.Supp. 427, 431 (W.D.N.Y. 1996). Even though the defendant in that case had a federally registered trademark which plaintiff sought to cancel pursuant to the statute, in dismissing for lack of subject matter jurisdiction, Judge Curtin noted,

> [T] he provisions of Section 1119 granting the Court authority to determine the right to registration and order cancellation assume a properly instituted and otherwise jurisdictionally supported action involving a registered trademark. Universal Sewing Machine Co. v. Standard Equipment Corp., 185 F.Supp. 257 (S.D.N.Y. 1960). In other words, when seeking cancellation offensively and relying solely upon that claim for federal jurisdiction would seem to be relegated to first exhausting his administrative remedies before resorting to the Courts. Such a situation, exemplified by the instant action, must be distinguished from the cases where there is present some independent basis of federal jurisdiction, and wherein the validity of a registered trademark is brought into issue, for example, by way of defense or counterclaim. Id. at 259.

*Moog Controls, Inc. v. Moog, Inc., supra.*

6

Here Sanei seeks to use 15 U.S.C. 1119 offensively in its second, third and fourth claims and as such they lack federal jurisdiction.

## POINT V

### SANEI has not set forth a claim for unfair competition

"The gravamen of a claim of unfair competition is a bad faith misappropriation of a commercial advantage belonging to another by infringement or dilution of trademark or trade name or by exploitation of proprietary information or trade secrets." *Frink America, Inc. v. Champion Road Machinery Limited,* 62 F.Supp.2d 679, 685 (N.D.N.Y. 1999). SANEI's sixth claim does not even allege that GMA infringed a trademark or trade name and therefore this claim should be dismissed.

## POINT VI

### The plaintiff's only remaining claim (fifth claim) lacks federal jurisdiction

The fifth claim is the only claim that is pled adequately in SANEI's complaint is one for relief under state law, i.e. tortious interference with prospective economic relations.[1]  Inasmuch as diversity is lacking between the parties, this claim cannot survive.

Dismissal of pendant state claims pursuant to Fed.R.Civ.P. 12(b)(1) is proper where the claimant has no other grounds for federal jurisdiction. *United Mine Workers of America v. Gibbs,* 385 U.S. 715, 726, 86 S.Ct.. 1130, 16 L.Ed.2d 218 (1966); *In Re Merrill Lynch, Ltd. Partnerships Litigation,* 154 F.3d 56, 61 (2d Cir. 1998); *Keith v. Black Diamond Advisors, Inc.,* 48 F.Supp.2d 326, 335 (S.D.N.Y. 1999).

---

[1] This claim is patently frivolous because it wildly accuses GMA of suing retailers of CHARLOTTE SOLNICKI merchandise specifically in order to injure CHARLOTTE RONSON rather than to protect the CHARLOTTE mark.

## CONCLUSION

For the foregoing reasons, it is respectfully requested the first and fifth claims be dismissed for lack of jurisdiction; that the second, third, fourth and sixth claims be dismissed for failure to state a claim and lack of jurisdiction; and that the complaint herein be dismissed in its entirety.


Dated: New York, New York
November 19, 2007



Respectfully submitted,

THE BOSTANY LAW FIRM

By: _____
    Andrew T. Sweeney (AS 0724)
    Attorneys for Defendant
    40 Wall Street, 61st Floor
    New York, N.Y. 10005
    (212) 530-4400

EXHIBIT C

Ex. C - Charlotte Ronson Decision to Deny Motion to Dismiss (J. McMahon).txt

1

```
82F8SANC
1   UNITED STATES DISTRICT COURT
1   SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x
2
3   SANEI CHARLOTTE RONSON LLC,
3
4                 Plaintiff,
4
5           v.                          07 Cv. 9578 (CM)
5
6   GMA ACCESSORIES, INC.,
6
7                 Defendant.
7
8   ------------------------------x
8
9                                  February 15, 2008
9                                  10:30 a.m.
10
10  Before:
11
11                     HON. COLLEEN MCMAHON
12
12                                  District Judge
13
13                         APPEARANCES
14
14  DREIER LLP
15       Attorneys for Plaintiff
15  IRA S. SACKS
16  MARY GRIECO
16  SAFIA A. ANAND
17
17  ORRICK, HERRINGTON & SUTCLIFFE LLP
18       Attorneys for Plaintiff
18  LISA T. SIMPSON
19
19  THE BOSTANY LAW FIRM
20       Attorneys for Defendant
20  JOHN P. BOSTANY
21
21
22
22
23
23
24
25
```

                    SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300

                                                            2

```
82F8SANC
1        (Case called)
2        THE DEPUTY CLERK:  Parties, please state your
3   appearances.
4        MR. SACKS:  Good morning, your Honor.  Ira Sacks from
5   Dreier LLP.  With me from Dreier is Safia Anand and Mary
6   Grieco.
7        MS. SIMPSON:  Lisa Simpson from Orrick, Herrington &
8   Sutcliffe, also here on behalf of Sanei.
```
                          Page 1

Ex. C - Charlotte Ronson Decision to Deny Motion to Dismiss (J. McMahon).txt
```
 9              MR. BOSTANY:  John Bostany for the defendant.
10              THE COURT:  The motion to dismiss is denied.
11              That's the only reason we have the court reporter
12      here.
13              (Adjourned)
14
15
16
17
18
19
20
21
22
23
24
25
```

                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300

.

# EXHIBIT D

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**

Reg. No. 2,535,454
Registered Feb. 5, 2002

## TRADEMARK
### PRINCIPAL REGISTER

## CHARLOTTE

GMA ACCESSORIES, INC. (NEW YORK COR-
PORATION)
1 EAST 33RD STREET, 9TH FLOOR
NEW YORK, NY 10016

FOR: CLOTHING, FOOTWEAR AND HEAD-
GEAR, NAMELY HATS, SCARVES, GLOVES AND
SOCKS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 11-15-1996; IN COMMERCE 11-15-1996.

OWNER OF U.S. REG. NOS. 221,405 AND 2,217,341.

SER. NO. 75-857,222, FILED 11-24-1999.

ELLIOTT ROBINSON, EXAMINING ATTORNEY

# EXHIBIT E

**Int. Cl.: 18**

**Prior U.S. Cls.: 1, 2, 3, 22 and 41**

**United States Patent and Trademark Office**

**Reg. No. 2,217,341**

Registered Jan. 12, 1999

## TRADEMARK
### PRINCIPAL REGISTER

## CHARLOTTE

GMA ACCESSORIES, INC. (NEW YORK COR-
PORATION)
1 EAST 33RD STREET, 9TH FLOOR
NEW YORK, NY 10016

FOR: SACKS AND BAGS, NAMELY, HAND-
BAGS MADE OF TEXTILES AND BEADS, IN
CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 11–0–1996; IN COMMERCE
11–0–1996.

SER. NO. 75–403,211, FILED 12–10–1997.

JILL C. ALT, EXAMINING ATTORNEY

# EXHIBIT F

**Thank you for your request. Here are the latest results from the TARR web server.**

**This page was generated by the TARR system on** 2008-07-11 15:26:28 ET

**Serial Number:** 73199969 Assignment Information          Trademark Document Retrieval

**Registration Number:** 1135037

**Mark (words only):** CHARLOTTE

**Standard Character claim:** No

**Current Status:** Registration canceled under Section 8.

**Date of Status:** 2001-05-19

**Filing Date:** 1979-01-15

**Transformed into a National Application:** No

**Registration Date:** 1980-05-13

**Register:** Principal

**Law Office Assigned:** (NOT AVAILABLE)

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at TrademarkAssistanceCenter@uspto.gov**

**Current Location:** 900 -File Repository (Franconia)

**Date In Location:** 2000-08-16

---

## LAST APPLICANT(S)/OWNER(S) OF RECORD

1. ZYLOWARE CORPORATION

**Address:**
ZYLOWARE CORPORATION
11-15 47TH AVE.
LONG ISLAND, NY 11101
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** New York

---

## GOODS AND/OR SERVICES

**International Class:** 009
**Class Status:** Section 8 - Cancelled

EYEGLASS FRAMES AND PARTS THEREOF
**Basis:** 1(a)
**First Use Date:** 1979-01-02
**First Use in Commerce Date:** 1979-01-02

---

## ADDITIONAL INFORMATION

(NOT AVAILABLE)

---

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

---

## PROSECUTION HISTORY

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval" shown near the top of this page.**

2006-07-02 - Attorney Revoked And/Or Appointed

2006-07-02 - TEAS Revoke/Appoint Attorney Received

2006-07-02 - TEAS Change Of Correspondence Received

2001-05-19 - Canceled Section 8 (10-year)/Expired Section 9

1985-10-07 - Section 8 (6-year) accepted & Section 15 acknowledged

1985-06-19 - Section 8 (6-year) and Section 15 Filed

---

## ATTORNEY/CORRESPONDENT INFORMATION

**Attorney of Record**
John P. Bostany

**Correspondent**
John P. Bostany
The Bostany Law Firm
-61st Floor
40 Wall Street
New York NY 10005
Phone Number: 2125304400
Fax Number: 2125304488

---