UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x

GMA ACCESSORIES, INC.,

                    Plaintiff,

         - against -

QUIKSILVER, INC., and JILL STUART, INC.,

                  Defendants.

-----------------------------------------------------x

                        07 CV 11527 (VM) (RLE)

## **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO JOIN**

### **PRELIMINARY STATEMENT**

      This memorandum of law is respectfully submitted in support of Plaintiff's Motion to join Jill Stuart International, Ltd. and Jill Stuart International, LLC as named defendants in this action.

### **FACTS**

      For a comprehensive statement of the facts of this matter, the Court is respectfully referred to the accompanying Declaration of John P. Bostany dated August 19, 2008.

**ARGUMENT**

**Point 1:  The Court may allow the plaintiff to correct the Complaint to name the other Jill Stuart entities**

Where, as here, a corporate entity is named in a lawsuit, properly served, and that entity is properly incorporated into the litigation, the court may allow the plaintiff to pursue relief from a similarly named entity, when the same natural persons would have been notified to appear.  See Fluoro Electric Corporation v. Branford Associates, 289 F.2d 320 (2d Cir. 1973).

In this case, Jill Stuart, Inc. was the entity originally named in the Complaint; it was properly served and it answered the Complaint.  It was not until after the fact that GMA learned that the same people who owned Jill Stuart, Inc. were also doing business under the name Jill Stuart International, Ltd. and Jill Stuart International, LLC.  Dwight Yellen, counsel for all three of these Jill Stuart entities, later advised that GMA should have brought the action against Jill Stuart International, Ltd. and Jill Stuart International, LLC.

Had GMA corrected this accidental omission and included these other Jill Stuart entities in the original Complaint, the same natural persons would have been notified to defend in court – namely, Jill Stuart and her husband Ron Curtis, through their attorney Dwight Yellen – and these same persons would have appeared and participated in this action.  There is no dispute that these individuals were aware of these proceedings, and since they knew that they were being accused of selling infringing merchandise under the name Jill Stuart, they clearly had notice of the accusation that they were being sued for the very trademark infringement that they were committed under the name Jill Stuart International, Ltd. and Jill Stuart International, LLC.

It is respectfully submitted that, "regardless of [their] legal structure, coporate or

partnership; that the party was in substance the same organization of individuals, regardless of name." Id at 324. "The close relationship between the entity which was the object of the suit makes this a proper correction of a 'misnomer'." Id. Moreover the attorneys for all of the 3 entities, just like in Flouro Electric, "are one and the same and have been throughout". Id.

Pursuant to Rule 19, the joinder is appropriate because complete relief cannot be had against the manufacturer of the infringing bag, if the entities claiming responsibility for the conduct are not named in the Complaint.

## CONCLUSION

Wherefore, GMA respectfully requests that this court issue an Order to include Jill Stuart International, Ltd. and Jill Stuart International, LLC as defendants in this action.

Dated: New York, New York
        August 19, 2008

Respectfully submitted,

By:    _____
       John P. Bostany
       THE BOSTANY LAW FIRM
       Attorneys for Plaintiff
       40 Wall Street, 61st Floor
       New York, New York 10005
       (212) 530-4400