UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

GMA ACCESSORIES, INC.,

      Plaintiff,

    - against -

QUIKSILVER, INC., NORDSTROM, INC.
and JILL STUART, INC.,

      Defendants.

------------------------------------------------------x

07 CV 11527 (VM) (RLE)

## <u>AMENDED MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND</u>

### <u>PRELIMINARY STATEMENT</u>

  This memorandum of law is respectfully submitted in support of Plaintiff's Motion to amend the pleadings to include Jill Stuart International, Ltd. and Jill Stuart International, LLC as named defendants in this action.

### <u>FACTS</u>

  For a comprehensive statement of the facts of this matter, the Court is respectfully referred to the accompanying Declaration of John P. Bostany dated August 19, 2008.

**ARGUMENT**

**Point 1:  The Court may allow the plaintiff to correct the Complaint to name the other Jill Stuart entities**

Where, as here, the plaintiff did not name the wrong defendant but, rather, merely mislabeled the right defendant in such a way as it was clear who the plaintiff was trying to sue, it is appropriate for the court to amend the caption and include the proper party in the case.  See Datskow v. Teledyne, Inc., 899 F.2d 1298, 1301, 1302 (2d Cir. 1990).  Moreover, it is appropriate to relate back the pleadings to the date of the original complaint.  See Susan Faris Designs, Inc. v. Sheraton New York Corp., 2000 WL 191689 at *3-*5 (S.D.N.Y. 2000).

In this case, Jill Stuart, Inc. was the entity originally named in the Complaint; it was properly served and it answered the Complaint.  It was not until after the fact that GMA learned that the same people who owned Jill Stuart, Inc. were also doing business under the name Jill Stuart International, Ltd. and Jill Stuart International, LLC.  Dwight Yellen, counsel for all three of these Jill Stuart entities, later advised that GMA should have brought the action against Jill Stuart International, Ltd. and Jill Stuart International, LLC.

Had GMA corrected this accidental omission and included these other Jill Stuart entities in the original Complaint, the same natural persons would have been notified to defend in court – namely, Jill Stuart and her husband Ron Curtis, through their attorney Dwight Yellen – and these same persons would have appeared and participated in this action.  There is no dispute that these individuals were aware of these proceedings, and since they knew that they were being accused of selling infringing merchandise under the name Jill Stuart, they clearly had notice of the accusation that they were being sued for the very trademark infringement that they were

committed under the name Jill Stuart International, Ltd. and Jill Stuart International, LLC.

As was the case in Datskow v. Teledyne, Inc., supra, GMA made clear in the Second Amended Complaint that the entity that it intended to sue was the entity that made the Jill Stuart Charlotte bag, the mailing addresses of all of the Jill Stuart entities is the same, all of the Jill Stuart entities contain the term "Jill Stuart", and the name in the caption, Jill Stuart, Inc., was a fair approximation of the correct entity.  See Id. at 1301 ("all of the words in the plaintiff's designation appear in the correct designation" with the correct designation including the word "international" and either "Ltd." or "LLC").  Since GMA sufficiently alerted Jill Stuart International, Ltd. and Jill Stuart International, LLC that they were the entities being sued, this case should be categorized as "mislabeling."  Id. at 1302.

Moreover, it is appropriate for the court to relate back the claims against Jill Stuart International, Ltd. and Jill Stuart International, LLC to the date of the Second Amended Complaint.  "In a case similar to this one, the Second Circuit held that amendment and relation back were appropriate where the name in the caption approximates the correct name of the defendant, the correct name is not readily identifiable, and the defendant has taken the risk of incorrect identification by conducting business under a name easily confused with those of its parent and its affiliated companies and divisions."  Susan Faris Designs, Inc. v. Sheraton New York Corp., supra at *5 citing Datskow v. Teledyne, Inc., 899 F.2d 1298, 1302 (2d Cir.1990). See also William H. McGee & Co. v. M/V Ming Plenty, 164 F.R.D. 601, 606 (S.D.N.Y.1995)("The misidentification of similarly named or related companies is the classic case for application of Rule 15(c) relation back.").

## **CONCLUSION**

Wherefore, GMA respectfully requests that this court issue an Order to amend the pleadings to include Jill Stuart International, Ltd. and Jill Stuart International, LLC as defendants in this action.

Dated: New York, New York
        August 20, 2008

Respectfully submitted,

By:    _____
        John P. Bostany
        THE BOSTANY LAW FIRM
        Attorneys for Plaintiff
        40 Wall Street, 61st Floor
        New York, New York 10005
        (212) 530-4400