# THE BOSTANY LAW FIRM

40 WALL STREET

61ST FLOOR

NEW YORK, NEW YORK 10005-1304

TEL: 212-530-4400

FAX: 212-530-4488

NEW JERSEY OFFICE

ONE GATEWAY CENTER
NEWARK, NJ 07102

August 21, 2008

*VIA FACSIMILE*

Hon. Victor Marrero
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

> USDS SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 8-25-08

Re:   *GMA v. Quiksilver, Inc., et al.*
      Docket No.: 07 CV 11527 (VM)

Your Honor:

I respectfully reply to the August 19 letter from Jill Stuart, which appears to address the issue contained in GMA's August 19 Motion to Correct Misnomer; this motion is before Magistrate Judge Ellis.

### *Mislabeling of Entity Warrants Amendment Not Dismissal*

As set forth in the Memorandum of Law in support of the Motion to Correct Misnomer, this is a case of "mislabeling" the party, and not a case of suing the wrong party. Indeed, GMA made clear in the Second Amended Complaint that the entity that it intended to sue was the entity that made the Jill Stuart Charlotte bag, the mailing addresses of all of the Jill Stuart entities is the same, all of the Jill Stuart entities contain the term "Jill Stuart", and the name in the caption, Jill Stuart, Inc., was a fair approximation of the correct entity. *See Datskow v. Teledyne, Inc.*, 899 F.2d 1298, 1301, 1302 (2d Cir. 1990). Accordingly, it is respectfully submitted that the appropriate remedy would be to allow correction of the misnomer.

### *The Misjoinder Allegation is Misplaced and Waived*

On April 18, 2008, a scheduling order was entered, allowing joinder and amendment by May 15.

On May 15, the court permitted joinder, *inter alia*, after Nordstrom identified its suppliers; see the attached Consent Order.

Jill Stuart, Inc., a Nordstrom supplier, was joined on May 15.

There is no dispute that the Jill Stuart entities, mentioned in our Motion to Correct Misnomer, supply Nordstrom with the Charlotte handbag that is alleged to infringe upon GMA's CHARLOTTE mark. They are, therefore, sued for the sale, advertising, etc. of the infringing Charlotte handbag, which is the same activity that Nordstrom is accused of. Rule 20(a)(2)(A) is therefore satisfied because the infringement claims against Jill Stuart arose out of the same "transaction, occurrence, or series of transactions." Rule 20(a)(2)(B) is satisfied because at least one of the questions of law or fact are common to all defendants. *See e.g.* GMA's Motion to Dismiss Counterclaims Shared by All Defendants.

Moreover, Jill Stuart waived the misjoinder defense. According to Rule 12(b), all defenses should have been raised when Jill Stuart filed its Answer, or within a pre-answer motion; Jill Stuart failed to do so. Accordingly, Jill Stuart waived this defense.

Even if it had not waived the defense, its cases do not support its argument. *Fong* is an employment discrimination case where the court found that severance *was not* proper even though the transactions were unrelated. *Bell Atlantic* is an anti-trust case with specific conspiracy requirements. In *Colt*, the two defendants did not have a business relationship with respect to the goods (unlike Nordstrom and Jill Stuart).

### *The Dilution Claims Under State Law are Proper*

Jill Stuart abstains from informing Your Honor of GMA's millions of dollars of sales of CHARLOTTE products on the very goods that are at issue here. Counsel also omits mention of the Order from the most related case to this one which acknowledged the filings supporting the extensive sales that are absent from Mr. Yellen's letter. *See GMA v. BOP*, 507 F.Supp.2d 361 (S.D.N.Y 2007) (Swain, J) (CHARLOTTE mark is "arbitrary," "extensively advertised" and "strong."). Instead Jill Stuart mis-cited the *Croscill* decision by Judge Lynch which involved different products in a class for which GMA had no registration.

Wherefore, it is respectfully asked that the motion remain with Magistrate Judge Ellis and that Jill Stuart's request to file a separate motion be denied.

Respectfully,

John P. Bostany

Enclosure
Cc: Hon. Ronald L. Ellis, U.S.M.J.
    Dwight Yellen, Esq.
    Barry Benjamin, Esq.

The parties are directed to address the matter set forth above to Magistrate Judge Ronald Ellis, to whom this dispute has been referred for resolution, as well as for supervision of remaining pretrial proceedings, establishing case management schedules as necessary, and settlement.

SO ORDERED.

8-24-08
Date         VICTOR MARRERO, U.S.D.J.

Case 1:07-cv-11527-VM-RLE   Document 63   Filed 08/25/2008   Page 3 of 3
AUG-21-2008 THU 11:10 AM    BOSTANY LAW FIRM           FAX No. 212 530 4413              P. 003 003
Case 1:07-cv-11527-VM   Document 23   Filed 05/15/2008   Page 1 of 1

Marrero, J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GMA ACCESSORIES, INC.,

    Plaintiff,

v.

QUIKSILVER, INC., NORDSTROM, INC. and
SWELL, INC.,

    Defendants.

Civil Action No. 07-11527 (VM)

CONSENT ORDER

WHEREAS the scheduling order allowed plaintiff to amend its complaint and add parties without a motion, by May 15, 2008; and

WHEREAS, defendants will respond to plaintiff's April 9 requests for the identity of suppliers and retailers on or about May 15, 2008 on consent; and for good cause shown, it is

ORDERED, that plaintiff may add parties and/or amend its complaint by May 29, 2008 without the need for a motion.

Dated: May 14, 2008

*Attorneys for Plaintiff*
GMA Accessories, Inc.

By: _____
John P. Bostany
THE BOSTANY LAW FIRM
40 Wall Street
New York, NY 10005
Phone: (212) 530-4400
Fax: (212) 530-4488

*Attorneys for Defendants*
Quiksilver, Inc., Nordstrom, Inc. and Swell, Inc.

By: _____
Stephen W. Feingold
Mark S. Morgan
DAY PITNEY LLP
7 Times Square
New York, NY 10036-7311
Phone: (212) 297-5800
Fax: (212) 916-2940

15 May 2008

SO ORDERED
Hon. Victor Marrero, U.S.D.J.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-15-08