**BALLON STOLL BADER & NADLER, P.C.**
COUNSELLORS AT LAW          FOUNDED 1931

729 Seventh Avenue
New York, NY 10019-6831
Tel: 212-575-7900   Fax: 212-764-5060
www.ballonstoll.com

Affiliate offices:
Hackensack, New Jersey
Philadelphia, Pennsylvania

August 19, 2008

**VIA FAX (212) 805-6382 and Mail**

Honorable Victor Marrero
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-25-08

Re:   GMA Accessories, Inc. v. Quicksilver, Inc., et al.
      Civil Action No. 07-CV-11527 (VM)

Honorable Sir:

   This firm represents defendant Jill Stuart, Inc. ("Jill Stuart") in this matter. I am writing in accordance with your Honor's individual practices to request a pre-motion conference for leave to file a motion to sever or drop all claims made against Jill Stuart in accordance with *Fed. R. Civ. P. 12(c), 56 and 21*. Since this is a dispositive motion I am directing it to you Honor as opposed to Magistrate Ellis.

   ***Rule 21 Misjoinder.*** When plaintiff amended its complaint for the second time on May 15, 2008, it misjoined Jill Stuart as a defendant. A party is misjoined when the *Rule 20(a)* preconditions of permissive joinder are not satisfied. *See Fong v. Rego Park Nursing Home*, 1996 U.S. Dist. LEXIS 22289, at *6, 1996 WL 468660, at *2 (E.D.N.Y. 1996) (citing *Glendora v. Malone*, 917 F. Supp. 224, 227 (S.D.N.Y. 1996)). Because plaintiff does not allege facts establishing that Jill Stuart's supposed trademark violations arose "out of the same transaction, occurrence, or series of transactions or occurrences" as the other defendants, the transactional relatedness requirement of *Rule 20(a)* has not been satisfied. *Fed. R. Civ. P. 20(a)(2)(A)*. *See also Colt Defense LLC v. Heckler & Koch Defense, Inc.*, 2004 U.S. District LEXIS 28690, at *9 (E.D.Va. 2004) (holding that "allegations against multiple and unrelated defendants for independent acts of … trademark infringement do not set forth claims arising from the same transaction or occurrence within the meaning of *Rule 20(a)*"). Further, the bald allegation of conspiracy made in paragraph twenty-nine of the Second Amended Complaint does not help plaintiff establish transactional relatedness. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-1965 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). According to *Rule 21* this Court may drop a party at any time from a matter and also sever any claim against a party. *Fed. R. Civ. P. 21*. *See also Pergo v. Alloc, Inc.*, 262 F. Supp. 2d 122, 134 (S.D.N.Y. 2003) (granting defendant's motion to sever because plaintiff's complaint failed to establish that defendants' alleged actions arose out of the same transaction or series of transactions).

   Additionally, plaintiff is asking the parties to stipulate to add further parties to this litigation. There are no proposed allegations concerning these new parties, just a stipulation to add them as parties.

Honorable Victor Marrero
August 19 2008
Page 2 of 2

This will only add to further convolute the proceedings and Jill Stuart is not inclined to add further parties without a court order.

   ***Rule 12(c) Judgment on the Pleadings.*** In a recent decision Judge Lynch held that GMA's CHARLOTTE mark was not an "extremely strong mark entitled to protection under §360-1" of the New York General Business Law. *GMA Accessories, Inc. v. Croscill, Inc.*, 2008 U.S. Dist. LEXIS 16052, at * 38, 2008 WL 591803, at *11 (S.D.N.Y. 2008) [internal quotations omitted]. Therefore, I request leave to motion for judgment on the pleadings pursuant to *Rule 12(c)* because, as a matter of law, the CHARLOTTE mark lacks the requisite strength for GMA to prevail on its *§360-1* claim made in Count II of its Second Amended Complaint.

   ***Rule 56 Motion for Summary Judgment.*** Finally, should this Court grant my request for leave to motion for summary judgment pursuant to *Rule 56*, I intend to show that Jill Stuart Inc. has not had ongoing operations, let alone sales, for many years. Thus, GMA has sued the wrong party and summary judgment should be granted in favor of Jill Stuart. Further there is also the issue of whether an internal style designation rises to the level, as a matter of law, of trademark infringement.

   I should note that I sent a similar request to your Honor on June 30, 2008. After that request and before the conference with Magistrate Ellis I believed the matter had been settled. Such settlement has not concluded.

   Based upon the foregoing, I respectfully request a pre-motion conference to make these applications to the Court.

Respectfully,

*Dwight Yellen* (signature)

Dwight Yellen

cc:   Magistrate Ronald L. Ellis (via mail)
      Ron Curtis
      John Bostany, Esq.
      Stephen W. Feingold, Esq.
      Mark S. Olinsky, Esq.
      Howard Bader, Esq.
      *(all by email)*

> The parties are directed to address the matter set forth above to Magistrate Judge Ronald Ellis, to whom this dispute has been referred for resolution, as well as for supervision of remaining pretrial proceedings, establishing case management schedules as necessary, and settlement. The court's referral shall extend to dispositive motions.
>
> SO ORDERED.
>
> 8-25-08
> Date          VICTOR MARRERO, U.S.D.J.

{00114949;3}