UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x

GMA ACCESSORIES, INC.,

              Plaintiff,

       - against -

QUIKSILVER, INC.,
NORDSTROM, INC.,
SWELL, INC., JILL STUART, INC.,
and GURU DENIM, INC.,

              Defendant.
-----------------------------------------------------x

07 CV 11527 (VM)(RLE)

**DECLARATION IN OPPOSITION
TO MOTION TO AMEND
AND IN SUPPORT OF DEFENDANT
JILL STUART INC.'S
<u>CROSS–MOTION FOR DISMISSAL</u>**

      DWIGHT YELLEN declares certifies and affirms, pursuant to 28 U.S.C. §1746,

under penalty of perjury under the laws of the United States of America, that the

following is true and correct:

      1.     I am a member of Ballon Stoll Bader & Nadler, PC, attorneys of record

herein for defendant Jill Stuart, Inc. This Declaration is submitted in opposition to

plaintiff GMA Accessories, Inc.'s ("<u>GMA</u>") motion for an Order permitting yet another

amendment of the Complaint and in support of Jill Stuart, Inc.'s cross motion for

dismissal and/or severance of the action as against Jill Stuart, Inc. Briefly, plaintiff's

efforts to maintain the action against Jill Stuart in this case are unwarranted. Further had

rudimentary due diligence been undertaken by plaintiff the fact that Jill Stuart, Inc. does

not exist would have been discovered.

      2.     In his supporting papers, attorney John P. Bostany incorrectly avers that I

stated to him that the correct parties in interest are Jill Stuart International Ltd. ("<u>JSI</u>

<u>Ltd.</u>") and Jill Stuart International LLC ("<u>JSI LLC</u>"). These allegations are incorrect. In

fact, neither JSI Ltd. nor JSI LLC is in any way connected to the transactions and activities which form the basis of the Complaint against Jill Stuart, Inc.

3.    *Jill Stuart*.  My firm acts as general counsel to JSI Ltd. and JSI LLC.  The *Jill Stuart*® marks are used by JSI Ltd., JSI LLC, their affiliates and several <u>unaffiliated licensees</u> (who we do not represent) for the manufacture and sale of a variety of products including apparel, shoes, boots, belts, perfume and handbags.  The *Jill Stuart*® trademark is owned by a Family Trust.  *Jill Stuart*® branded products are sold in upscale department stores and specialty retailers throughout the world, as well as in free-standing *Jill Stuart*® retail shops and boutiques where the purchases are wrapped in a distinctive *Jill Stuart*® shopping bag.

4.    JSI Ltd. and JSI LLC were created for the purpose of engaging in the manufacture, design, development and distribution of the seasonal *Jill Stuart*® Designer Apparel Collections.  Neither JSI Ltd. nor JSI LLC is in the business of manufacturing or distributing bags of any sort.  Both JSI Ltd. and JSI LLC are licensees of the *Jill Stuart*® trademarks.

5.    Jill Stuart Inc. is a defunct corporation which, as an apparent afterthought, was added as a defendant herein with the filing of the Second Amended Complaint ("<u>Complaint</u>") in May 2008 (<u>Exhibit 1</u> hereto).  The named defendant, Jill Stuart, Inc., ceased operating in the late 1980's.  Jill Stuart, Inc. never operated at 550 Seventh Avenue and did not manufacture or sell handbags.  **It is a matter of public record** that Jill Stuart Inc. was dissolved by proclamation by the New York Secretary of State in 1994 (<u>Exhibit 6</u> hereto)

6.      *Jill Stuart*® branded handbags are designed, manufactured and distributed under license by an entity which is otherwise unaffiliated with the *Jill Stuart*® brand and which my law firm does not represent.  The handbag licensee sub-licenses the use of the trademark from a *Jill Stuart*® licensing entity which is a licensee of the Trust.

7.      In support of his request that the Court "Order" that JSI Ltd. and JSI LLC be joined as defendants in these proceedings, Plaintiff's counsel incorrectly asserts that (a) his omission was inadvertent and (b) that the omission rises only to the level of a "misnomer."  The documentary facts plainly disclose otherwise.

### *Plaintiff's Initial Contacts Regarding "Charlotte"*

8.      *The Cease and Desist Letter*.  We learned in or around March 2008 that counsel for the Plaintiff attempted in December 2007 to communicate a "cease and desist" demand regarding a handbag designed and sold by the *Jill Stuart*® handbag licensee using the style designator "Charlotte."  Mr. Bostany also demanded that "Jill Stuart LLC" (a) certify by December 21, 2007 that is ceased "marketing and selling" handbags under the name "Charlotte" and (b) provide by December 28, 2007 certain data concerning sales of "Charlotte" products.  A copy of that letter is annexed hereto as Exhibit 2.

9.      Mr. Bostany's December 2007 letter did not find its way to a *Jill Stuart*® affiliated entity until March 2008.  Accordingly, no response could have been received by Mr. Bostany within the demanded time frame.  Moreover, the *Jill Stuart*® handbag licensee does not maintain any offices at 550 Seventh Avenue.

10.     Had our client's received learned of the letter in December 2007, they no doubt would have instructed counsel to inform Mr. Bostany that (a) there is not now and never has been to my knowledge an entity known as "Jill Stuart LLC" and (b) none of the *Jill Stuart*® affiliated entities engages in any business that markets or sells a handbag under the name "Charlotte." They did just that in March 2008, when Mr. Bostany's demands came to light. Jay Begler, Esq., trademark counsel to the *Jill Stuart*® affiliated entities, responded to Mr. Bostany's letter (Exhibit 3 hereto).

11.     *The Complaint Amendments*. Mr. Bostany commenced this action on behalf of GMA on December 26, 2007. Notwithstanding the absence of any response to his December 2007 letter, Mr. Bostany chose not to name any *Jill Stuart*® affiliated entity as a defendant.

12.     On January 17, 2008 Mr. Bostany amended the Complaint for the first time, adding two additional parties. Although he still had not received any response to the demands mis-directed to "Jill Stuart LLC," Mr. Bostany again elected to ignore the allegedly infringing conduct cited with respect to the allegedly infringing *Jill Stuart*® handbag and did not name any *Jill Stuart*® affiliated entity as a defendant.

13.     Mr. Bostany's demands came to light in or around early March 2008. We expected Mr. Begler's letter to effectively conclude this dispute. Yet, on May 15, 2008, 140 days after commencement of this action, Mr. Bostany caused Jill Stuart Inc. to be added as a party to this lawsuit. Although Mr. Bostany apparently knew the address from which the *Jill Stuart*® affiliated entities operate, he elected to serve the Secretary of State notwithstanding the fact that the information on file with the Secretary of State

concerning this defunct entity was outdated and not at all calculated to provide actual notice of the suit.

14.     We eventually did receive a copy of the Complaint from co-defendant Nordstrom and an Answer was interposed on June 26, 2008, by which all of the salient allegations of the Complaint were denied (Exhibit 4 hereto) .

### *Who is the Targeted Entity? Not a Simple Misnomer*

15.     It is clear that Mr. Bostany, by naming first "Jill Stuart LLC" and then "Jill Stuart Inc.," made no genuine or meaningful effort to ascertain the identity of the entity which was believed to be engaged in infringing activity.  Did GMA purchase an allegedly infringing bag?  I think not.  Did they bother to order a certificate of good standing from the New York Secretary of State?  Apparently not.  The absence of due diligence in his quest is underscored by the current efforts to include JSI LLC and JSI Ltd., neither of which is engaged in the manufacture and sale of handbags.

16.     Although the judiciary typically adheres to a lenient amendment policy which permits correction of the name of a defendant where either the party being sued is adequately identified in the body of the pleading or where the actual party in interest was in fact served with the Summons and Complaint, neither of these criteria has been met by GMA.  The only entity named and served, *i.e.* Jill Stuart Inc., is and has been defunct and non-operational for two decades.  It is also impossible to determine from the body of the Complaint the nature of the alleged infringement and, hence, the targeted defendant.

17.     I have carefully reviewed the allegations of the Complaint which relate to Jill Stuart, Inc. in particular and to the collective Defendants in general.  I find it

impossible from the four corners of the Complaint to ascertain from the Complaint whether the targeted "Jill Stuart" entity is accused of manufacturing or of designing or of selling. With the exception of one nebulous reference to "bags" in a single paragraph, there nothing to indicate the type of product targeted. Nor is there any attempt to explain or describe the alleged conspiracy or the affirmative acts of any alleged conspirator. It simply cannot be said that the Complaint adequately describes the targeted entity.

### *The Targeted Handbag*

18.    I learned that the woman's name "Charlotte" was used as a style designation for one of the handbag designs created by the *Jill Stuart*® handbag licensee. Annexed hereto as <u>Exhibit 5</u> is a depiction of the "Charlotte" bag. The name "Charlotte" does not appear on the bag. The name *Jill Stuart*® is etched into the buckle and other metalwork on the bag.

19.    I learned that, prior to withdrawing the "Charlotte" bag from the marketplace, only about 122 such bags were sold to retailers. I am informed and believe that the licensee suffered a net loss on the "Charlotte" style handbag. The *Jill Stuart*® licensor entity received less than $1,000 in royalties with respect to sales of the "Charlotte" bag.

### *Conclusion*

20.    Plaintiff should not be permitted to add or substitute either JSI LLC or JSI Ltd as defendants in this lawsuit. Neither of these entities is connected to the manufacture or sale of the targeted property. Nor are there any allegations within the

Complaint from which the identity of the targeted defendant could be gleaned. This case therefore must be dismissed in its entirety as against Jill Stuart, Inc.

21.    If the Court is unwilling for any reason to dismiss the action as concerns "Jill Stuart," then the litigation as against the Jill Stuart, Inc. must be severed and must proceed separately from the "Quicksilver" litigation. The sole nexus seemed to be that Nordstrom sold infringing goods. Nordstrom has been dismissed from the case. (As has Swell, Inc. and Guru Denim, Inc.) The "Quicksilver" portion of this case has been vigorously litigated and lacks even the most perfunctory connection to any case against "Jill Stuart, Inc." With sales of a shade more than 100 bags the dispute between GMA and whatever entity sold the targeted handbags with the style designation "Charlotte" cannot require the degree of litigiousness as will be necessitated in connection with the Quicksilver portion of this action. As more fully discussed in the accompanying Memorandum of Law, the rules concerning "permissive joinder" do not permit consolidation of the case against Jill Stuart, Inc. with the case against Quicksilver.


**WHEREFORE, GMA's** motion must be denied in all respects and defendant Jill Stuart, Inc.'s cross-motion granted.

Dated: New York, New York
          September 3, 2008


DWIGHT YELLEN (DY 6547)

EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GMA ACCESSORIES, INC.,

                            Plaintiff,

                                                    **SECOND AMENDED COMPLAINT**

- against -
                                                    Civil Action No.: 07CV11527 (VM)

QUIKSILVER, INC., NORDSTROM, INC.,
SWELL, INC., JILL STUART, INC.,
and GURU DENIM, INC.

                            Defendants.
------------------------------------------------------------------X



Plaintiff, GMA Accessories, Inc., (hereinafter "GMA"), brings this complaint against Defendants QUIKSILVER, INC. (hereinafter "QUIKSILVER"), NORDSTROM, INC. (hereinafter "NORDSTROM"), SWELL, INC. (hereinafter "SWELL"), JILL STUART, INC. (hereinafter "JILL STUART"), GURU DENIM, INC. (hereinafter "GURU DENIM"), alleging upon information and belief as follows:

### NATURE OF THE CASE

This is a claim for infringement of the trademark CHARLOTTE which is registered to plaintiff in several classes including class 25 for "clothing, footwear and headgear" and class 18 for "sacks and bags." Defendant QUIKSILVER owns the registered trademark ROXY. Without permission from plaintiff, QUIKSILVER and its customers began using the plaintiff's CHARLOTTE mark along with the ROXY mark to identify clothing and headgear, misleading consumers into believing that both ROXY and CHARLOTTE brands belong to QUIKSILVER. Without permission from plaintiff, Defendant JILL STUART and its customers began using plaintiff's CHARLOTTE mark to identify bags, misleading customers into believing that both

JILL STUART and CHARLOTTE brands belong to JILL STUART.  Without permission from

plaintiff, GURU DENIM began using plaintiff's CHARLOTTE mark to identify clothing, in

violation of the Lanham Act.  These manufacturers resisted repeated attempts by GMA to

persuade them to stop their infringing conduct.

## PARTIES

1.  Plaintiff, GMA ACCESSORIES, INC. (hereinafter referred to as "GMA"), is a

    corporation, duly organized and existing under the laws of the State of New York,

    with a place of business at 1 East 33rd Street, New York, New York.

2.  GMA does business as "Capelli".

3.  Defendant QUIKSILVER is a corporation duly organized and existing under the laws

    of the State of Delaware, with its principle place of business located at 15202 Graham

    Street, Huntington Beach, California 92649.

4.  Defendant NORDSTROM, is a corporation duly organized and existing under the

    laws of the State of Delaware, with its principle place of business located at 1617 6th

    Avenue, Suite 500, Seattle, Washington 98101.

5.  Defendant SWELL, is a corporation duly organized and existing under the laws of the

    State of Delaware, with its principle place of business located at 32401 Calle

    Perfecto, San Juan Capistrano, California 92675.

6.  Defendant JILL STUART, is a corporation duly organized and existing under the

    laws of the State of New York, with its principal place of business located at 550 7th

    Avenue – 24th Floor, New York, New York 10018.

7.  Defendant GURU DENIM, is a corporation duly organized and existing under the

    laws of the State of California, with its principal place of business located at 2263

East Vernon Avenue, Vernon, California 90058.

8. Defendant, QUIKSILVER, and its customers, with full knowledge and consent of QUIKSILVER, have used CHARLOTTE to display, market, distribute, sell, and/or offer for sale merchandise to the public.

9. Defendants are now displaying, marketing, distributing, selling, and/or offering for sale merchandise in connection with the CHARLOTTE mark.

10. QUIKSILVER uses and has used the website www.roxy.com to further infringe upon the CHARLOTTE mark.

11. NORDSTROM uses and has used the website www.nordstrom.com to further infringe upon the CHARLOTTE mark.

12. SWELL uses and has used the website www.swell.com to further infringe upon the CHARLOTTE mark.

13. JILL STUART uses and has used the website www.jillstuart.com to further infringe upon the CHARLOTTE mark.

14. GURU DENIM uses and has used the website www.truereligionbrandjeans.com to further infringe upon the CHARLOTTE mark.


**JURISDICTION AND VENUE**

15. This is an action for unfair competition, federal trademark infringement, federal and state dilution, and common law infringement pursuant to the Lanham Act, 15 U.S.C. Section 1121 and 28 U.S.C. Sections 1331, 1338(a) and (b).   The Court has supplemental jurisdiction over the common law trademark infringement and unfair competition claim and the trademark dilution claim under the laws of New York pursuant to 28 U.S.C. Section 1367.

16. Venue is proper under 28 U.S.C. Sec. 1391 (b), and (c) and Sec. 1400 (a).

## FACTS

17. Each of the CHARLOTTE federal registrations owned by GMA pre-date the first use of the CHARLOTTE mark by Defendants.

18. Under Section 33(b) of the Lanham Act, registration of an incontestable mark is conclusive evidence of the ownership of the mark, the validity of the mark and the exclusive right of the owner to use the mark in commerce.

19. Since 1999, GMA has been and is now the title owner of Registration # 2,216,405 for the mark CHARLOTTE in International Class 26 for hair accessories. This mark was deemed incontestable pursuant to section 15 of the Lanham Act.

20. Since 1999, GMA has been and is now the title owner of Registration # 2,217,341 for the mark CHARLOTTE in International Class 18 for sacks and bags. This mark was deemed incontestable pursuant to section 15 of the Lanham Act.

21. Since 2002, GMA has been and is now the title owner of Registration # 2,535,454 for the mark CHARLOTTE in International Class 25 for "clothing, footwear and headgear." This mark has been deemed incontestable by the United States Patent and Trademark Office pursuant to section 15 of the Lanham Act. Since 2002, GMA has been and is now the title owner of Registration # 2,561,025 for the mark CHARLOTTE in International Class 9 for sunglasses. This mark has been deemed incontestable by the United States Patent and Trademark Office pursuant to section 15 of the Lanham Act.

22. GMA has been and is now the title owner of Registration # 3,242,358 for the mark CHARLOTTE in International Class 22.

4

23. In November of 2001, GMA was assigned all rights to Registration # 1135037. Pursuant to said assignment, GMA's use in commerce of the CHARLOTTE mark dates back to January 2, 1979. (The registrations referred to in ¶11-16 are respectfully referred to herein as the "GMA marks").

24. The GMA Products consist of, among other things, clothing, headgear, bags and fashion accessories and GMA used the CHARLOTTE mark in commerce in connection with these goods before Defendant.

25. Defendant QUIKSILVER is the owner of the mark ROXY.

26. Defendant GURU DENIM uses the CHARLOTTE mark to advertise and/or sell its products.

27. Defendant JILL STUART uses the CHARLOTTE mark in conjunction with the JILL STUART mark in commerce.

28. Defendants were aware or should have been aware of the GMA marks before it began using CHARLOTTE to identify its headgear, clothing, and/or bags.

29. Defendants and numerous online stores are co-infringers and acting in concert to infringe CHARLOTTE, either failing to conduct a trademark search and/or ignoring the knowledge that GMA is the owner of the CHARLOTTE mark for the same goods that defendants decided to call CHARLOTTE and in addition continuing to infringe after receiving actual notice of GMA's claim that defendants' were indeed infringing upon GMA's trademarks.

30. Defendants QUICKSILVER, JILL STUART, and GURU DENIM and those acting in concert with it have used the mark CHARLOTTE alone and/or in conjunction with generic or descriptive terms and/or other brands to identify headgear, clothing, and/or bags.

5

31. Defendants QUICKSILVER, JILL STUART, and GURU DENIM along with its customers and agents are intentionally infringing and have in the past intentionally infringed upon the CHARLOTTE mark.

32. Defendants are infringing in bad faith.

33. After defendants, and those acting in concert with them, including but not limited to the named defendants, became aware of GMA's registration to the mark CHARLOTTE, they continued to use the mark to advertise, promote, display or sell headgear, clothing, and bags.

34. Defendants commenced use of the CHARLOTTE mark no earlier than 2006.

35. The CHARLOTTE mark is inherently distinctive as to GMA's clothing, headgear, and bags.

36. GMA's use of CHARLOTTE has substantial secondary meaning in the marketplace.

37. The use of the word CHARLOTTE in connection with GMA's clothing, headgear, bags and related products is arbitrary and strong.

38. Since at least 2006, Defendants used the CHARLOTTE mark as described herein.

39. Since at least 2006, Defendant QUICKSILVER sold an infringing line of "CHARLOTTE" headgear and clothing.

40. Since at least 2007, Defendants JILL STUART and GURU JEANS used the CHARLOTTE mark as described herein.

41. Defendants were aware or should have been aware of the GMA marks before they began using CHARLOTTE to identify their headgear and clothing, namely hats, jeans, and bags.

42. Defendants have used the mark CHARLOTTE alone and/or in conjunction with generic or descriptive terms to identify headgear, clothing, and bags.

6

43. Defendants have in the past intentionally infringed and are continued to intentionally infringing upon the CHARLOTTE mark with either actual or constructive notice of GMA's rights to the mark.

44. A search of the United States Patent and Trademark Office list of registered marks would have revealed that GMA was the owner of the mark CHARLOTTE with respect to headgear and clothing, and sacks and bags, and Defendants infringed and are infringing in bad faith.

45. Prior to using the CHARLOTTE mark, Defendants QUIKSILVER, JILL STUART, and GURU DENIM failed to search the United States Patent and Trademark Office website for CHARLOTTE.

46. Prior to using the CHARLOTTE mark, Defendant NORDSTROM failed to search the United States Patent and Trademark Office website for CHARLOTTE.

47. Prior to using the CHARLOTTE mark, Defendant SWELL failed to search the United States Patent and Trademark Office website for CHARLOTTE.

48. Defendants continued to infringe after learning that GMA owned the CHARLOTTE mark.

49. Defendant QUIKSILVER received cease and desist letters in August 2007 and October 2007.  QUIKSILVER and its customers did not stop their infringement.

50. Defendants JILL STUART and GURU DENIM received similar cease and desist letters in 2007 and 2008.

51. On September 26, 2007, QUIKSILVER requested that plaintiff provide to it proof of its use in commerce of CHARLOTTE on hats.  While plaintiff explained that its incontestable registration is conclusive evidence of its use and its exclusive right to use the mark, to facilitate an out of court settlement, GMA complied with the request.

7

52. QUIKSILVER received a final warning letter in November 2007.

53. The goods that Defendants advertise, promote, sell, or offer for sale in connection with the CHARLOTTE mark are products closely related to those for which GMA owns registered trademarks and are in the same Class for which GMA owns a trademark registration to the mark CHARLOTTE.

54. The Defendants' goods mentioned in paragraph 42 are in Class 25 or Class 18 and are goods identical or closely related to goods listed in GMA's trademark registration.

55. Since at least 2006, Defendant QUIKSILVER and its customers have used the CHARLOTTE mark as described herein and QUIKSILVER and its customers are co-infringers and acting in concert in the scheme to infringe as set forth herein.

56. Since at least 2007, Defendants JILL STUART and GURU DENIM and its customers have used the CHARLOTTE mark as described herein and JILL STUART and GURU DENIM and its customers are co-infringers and acting in concert in the scheme to infringe as set forth herein.

57. Since at least 2006, Defendants have sold an infringing line of headgear and clothing and bags which infringement was furthered and enhanced by Defendants' distribution of these infringing items, advertised, promoted, marketed or displayed in connection with the CHARLOTTE mark to Defendants' customers, who in turn peddled, displayed, marketed, offered for sale and sold the infringing goods at the retail level to the general public in connection with the CHARLOTTE mark.

58. GMA has priority over Defendants in the CHARLOTTE mark for the goods described in paragraph 41 and 42.

## COUNT I – TRADEMARK INFRINGEMENT (FEDERAL)

59. GMA repeats and realleges the allegations of paragraphs 1 through 58 as if fully set forth herein.

60. Long after the adoption and use by GMA of the CHARLOTTE Trademark, and with at least constructive notice of the registration of the GMA Trademarks, Defendants knowingly and intentionally used reproductions, copies or colorable imitations of the CHARLOTTE Trademark to market, promote, identify design, manufacture, sell and distribute its products and either continue to do so or threaten to do so.

61. Defendants have been offering for sale products using a confusingly similar name, e.g., CHARLOTTE.

62. Defendants, by their acts as aforesaid, have taken advantage of the creativity of GMA in coining the CHARLOTTE mark, of the good will developed by GMA in the mark CHARLOTTE, and the advertisements for CHARLOTTE.

63. Defendants' use of GMA's word mark results in confusion as to sponsorship, association, source and origin of GMA and Defendants' products.

64. Having adopted and used the CHARLOTTE mark after GMA, Defendants and their co-infringers are junior users of the mark.

65. Defendants injected their products into commerce with the express intent of profiting from GMA's valuable registered trademarks and the manufacturer defendants' customers are acting in concert.

66. The acts of Defendants complained of herein have been without the authorization or consent of GMA.

67. Defendants' acts alone and via their customers have caused and will continue to cause irreparable harm and injury to GMA.

9

68. The activities of Defendants, complained of herein, constitute infringement of the GMA Trademarks in violation of Sections 35 and 43(a) of the Lanham Act, 15 U.S.C. Sections 1114(1) and 1125(a).

## COUNT II – VIOLATION OF THE NEW YORK ANTI-DILUTION STATUTE

69. As a cause of action and ground for relief, GMA alleges that Defendants are engaged in deceptive trade practices in violation of the New York Anti-Dilution Statute, and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 68 as if fully set forth herein.

70. Section 360-1 of the New York General Business Law provides: "Likelihood of injury to business or of dilution of the distinctive quality of a mark or trade name shall be a ground for injunctive relief in cases of infringement of a mark… or in cases of unfair competition, notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services." N.Y. Gen.Bus. Law sec. 360-1.

71. Defendants have engaged in trademark infringement and unfair competition by manufacturing, marketing, selling and/or offering for sale products using the same or similar CHARLOTTE word mark and upon information and belief continue to fill purchase orders using the word CHARLOTTE.

72. Defendants have engaged in, and continue to engage in, trademark infringement and unfair competition by causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of GMA's products.

73. Defendants have engaged in, and continue to engage in, trademark infringement and unfair competition by causing a likelihood of confusion or of misunderstanding as to

10

affiliation, connection or association of GMA's products with Defendant's products.

74. GMA has not consented to any sponsorship, approval, status, affiliation, or connection with Defendant's products.

75. GMA has been irreparably damaged, and will continue to be damaged by Defendants' trademark infringement and unfair trade practices and is entitled to injunctive relief, pursuant to N.Y.Gen.Bus.Law 360-1.

**COUNT III – UNFAIR COMPETITION UNDER NEW YORK'S COMMON LAW**

76. As a cause of action and ground for relief, GMA alleges that Defendants are engaged in acts of trademark infringement, unfair competition and misappropriation in violation of the common law of the state of New York and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 75 as if fully set forth herein.

77. Defendants have infringed GMA's trademarks by manufacturing, marketing and/or selling products that infringe the CHARLOTTE trademark.

78. Defendants' acts constitute deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression or omission of a material fact.

79. Upon information and belief, Defendants intend that others rely upon these unfair methods of competition and unfair or deceptive trade practices.

80. Defendants' deceptive business practices involve conduct addressed to the market generally and implicate consumer protection concerns because the deceptive practices have caused and continue to cause injury to consumers. Unless defendants' acts are restrained by this Court, Defendants' deceptive business practices will continue and the public will continue to suffer great and irreparable injury.

81. Defendants' acts are likely to cause confusion, or to cause mistake, or to deceive as to

affiliation, connection, or association with GMA, or origin, sponsorship, or affiliation of GMA's products by Defendant.

82. Defendants' acts have harmed GMA's reputation and have severely damaged GMA's goodwill.

83. Upon information and belief, Defendants' acts are an attempt to deceive the public. The public is likely to be confused as to the source and origin of GMA's products.

84. Defendants have misappropriated GMA's trade name, and upon information and belief continue to do so, by selling products that are ordered under a mark that is confusingly similar to GMA's line of "CHARLOTTE" products.

85. Defendants' trade name infringements are in violation of the common law of New York.

86. Defendants' aforesaid acts constitute infringement, tarnishment, dilution, misappropriation, and misuse of GMA's trademark, unfair competition, palming-off and passing-off against GMA, and unjust enrichment by Defendant, all in violation of GMA's rights under the common law of New York.

87. Defendants' aforesaid acts are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association with GMA, or origin, sponsorship, or affiliation of GMA's products by Defendant.

88. The public is likely to be confused as to the source, origin, sponsorship, approval or certification of the parties' products.

89. Upon information and belief, Defendants' actions have been willful and deliberate.

90. GMA has suffered, and continues to suffer, substantial and irreparable injury as a result of Defendants' deceptive business practices and therefore GMA is entitled to injunctive relief under New York Common Law.

WHEREFORE, the plaintiff, GMA ACCESSORIES, INC., prays:

A.    That this Court adjudge that Defendants have infringed, counterfeited, tarnished and diluted GMA's CHARLOTTE trademark, competed unfairly, engaged in deceptive trade and business practices, and committed consumer fraud as set forth in GMA's counterclaims, in violation of GMA's rights under New York Law as well as the Lanham Act, 15 U.S.C. §§ 1114, 1116, 1124 and 1125.

B.    That Defendants and all owners, suppliers, distributors, sales companies, sales representatives, salespersons, representatives, printers, officers, directors, agents, servants, employees, affiliates, attorneys, successors, and assigns, and all persons in active concert or participation therewith, including but not limited to their distributors and retailers, be preliminarily and permanently enjoined and restrained from (1) reproducing, copying, displaying, the word mark CHARLOTTE or any mark similar to, or substantially indistinguishable therefrom, and (2) advertising, promoting, importing, selling, marketing, offering for sale or otherwise distributing their infringing products in connection with the word mark CHARLOTTE or any mark similar to, or substantially indistinguishable therefrom, and (3) holding themselves out as, or otherwise representing themselves to be, the owners of, or otherwise authorized to use, the "CHARLOTTE" Trademark or (4) from in any other way infringing GMA's "CHARLOTTE" word mark or (5) effecting assignments or transfers, forming new entities or associations or utilizing any other means or devices for the purpose of circumventing or otherwise avoiding the prohibitions set forth in numbers (1) through (4) hereof.

C.    That Defendants be required to deliver up for destruction all products, brochures, signs, packaging, labels, promotional materials, advertisements, prints, catalogues, wrappers, receptacles, and other written or printed materials that bear the

"CHARLOTTE" word mark, and any plates, molds, and other materials for making such infringing products.

D.      That Defendants be directed to file with this Court and to serve upon GMA within three (3) days after service of the injunction issued in this action, a written report under oath, setting forth in detail the manner of compliance with paragraphs B and C, pursuant to 15 U.S.C. 1116(a).

E.      That GMA recover Defendants'  profits arising from its acts of trademark infringement, trademark dilution, false designation of origin, dilution, tarnishment, false description or representation, unfair competition, deceptive trade and business practices, and consumer fraud pursuant to both New York law and 15 U.S.C. 1117(a).

I.      That GMA recover its reasonable attorney fees incurred in this action pursuant to 15 U.S.C 1117(a).

J.      That GMA have and recover its taxable costs and disbursements incurred in this action pursuant to 15 U.S.C. 1117(a).

K.      That GMA have such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       May 15, 2008

                                    Respectfully Submitted,

                                    THE BOSTANY LAW FIRM

                                    By:     John P. Bostany (JB 1986)
                                    Attorneys for Plaintiff GMA Accessories, Inc.
                                    40 Wall Street, 61st Floor
                                    New York, New York 10005
                                    (212) 530-4400

                                        14

EXHIBIT 2

# THE BOSTANY LAW FIRM

40 WALL STREET

61ST FLOOR

NEW YORK, NEW YORK 10005-1304

TEL: 212-530-4400

FAX: 212-530-4488

NEW JERSEY OFFICE

ONE GATEWAY CENTER
NEWARK, NJ 07102

December 13, 2007

UPS AIR

Jill Stuart LLC
550 7th Avenue
24th Floor
New York, New York 10018

Re:     CHARLOTTE® Trademark Infringement

To Whom It May Concern:

We represent GMA Accessories, Inc., the owner of the registered trademark CHARLOTTE® in various classes including clothing. A copy of the current title and status of this registration is attached. It has come to our attention that you are marketing and selling a Jill Stuart handbag under the name CHARLOTTE without permission from the trademark owner.

We demand that you immediately cease and desist all use of the CHARLOTTE® brand name. Provide me with certification within 7 days of your receipt of this letter that you have stopped purchasing, selling, marketing, advertising, distributing or transferring products bearing the CHARLOTTE® mark. Within 14 days of your receipt of this letter we demand that you provide us:

(1)     a list of all items that you have purchased, advertised, and/or sold that in any way incorporate GMA's Charlotte® brand name;

(2)     the quantity sold of each; the purchase and sale price; and your remaining inventory.

If you fail to comply we will be forced to enforce the trademark owner's rights in court.

Very truly yours,

Crystal S. A. Scott

Enclosure

# THE BOSTANY LAW FIRM

### 40 WALL STREET

### 61ST FLOOR

### NEW YORK, NEW YORK 10005-1304

#### TEL: 212-530-4400

FAX: 212-530-4488

NEW JERSEY OFFICE

ONE GATEWAY CENTER
NEWARK, NJ 07102

March 3, 2008

Jay Begler, Esq.
Nixon Peabody, L.L.P
One Embarcadero Center
San Francisco, California 94111

Re:    CHARLOTTE® Trademark Infringement - Jill Stuart

Dear Mr. Begler:

Per your request, we are sending you a copy of our original December 13, 2007 letter, which according to the enclosed UPS tracking information, you received on December 14, 2007 at 3:22 P.M.   We kindly request that you promptly comply with our request for information so as to prevent any further legal action in the matter.

Very truly yours,

Jacqueline S. Antonious

EXHIBIT 3

# DRAFT MARCH 11, 2008

One Embarcadero Center
San Francisco, California 94111-3996
(415) 984-8200
Fax: (415) 984-8300

Jay Begler
Direct Dial: (415) 984-8287
E-Mail: jbegler@nixonpeabody.com

## _Without Prejudice Rule 408E Communication_

## VIA FedEx
Crystal S.A. Scott Esq.
The Bostany Law Firm
40 Wall Street
61st Floor
New York, New York 10005-1304

Re:    GMA Accessories Claim Against Jill Stuart-

Dear Ms. Scott,

This will acknowledge with thanks your letter of March 3rd, received by our office today. We have given careful consideration to your claim of trademark infringement and reject it for the reasons set forth below.

As you will see from the first attachment hereto, Jill Stuart is using the notation Charlotte, not as a trademark but only as style designation. The use of an individual's name to designate a particular style of bag is consistent with the practice of our client, as you will see from attachment two. This type of practice, moreover, is extremely common in the fashion industry. Indeed as you can see from the third attachment, many major designers use Charlotte as a style designator, including Missoni, JP Todd and Guess by Marciano.

Thus, the use of Charlotte by our client is not as a designator of origin and accordingly can not cause any confusion. Customers of the JILL STUART Charlotte style bag will know that the term Charlotte is used to distinguish

10908320 1
033684.1

on style of bag from other styles sold by Jill Stuart. The same can be said for the many other bag manufacturers that use Charlotte as a style designator.

Finally we note in passing the questions raised by the defendants in *GMA Accessories Inc v Croscill et al* (SD NY 2007) regarding your client's sparse use of its mark and Judge Lynch's observations in that case that your client "had not presented evidence that the mark is heavily advertised, or other evidence from which its prominence in the marketplace may be inferred..."

We trust this concludes the matter, but you should be advised that our client will not stop using this common style designation and will fully defend its right to do so if necessary.


                              Very truly yours,


                              Jay Begler
                              of Nixon Peabody LLP

**ATTACHMENT ONE**

Endless.com: JILL STUART Charlotte Handbag: Categories                    Page 1 of 2



**DESIGNER BRANDS**
**FREE Overnight Shipping**
FREE Return Shipping • 110% Price Guarantee

| Women's Shoes | Men's Shoes | Kids' Shoes | Handbags | SALE |

Search  Designer                              GO              Order in the next **2** hours **18** minutes

### JILL STUART Charlotte Handbag
Shop all JILL STUART

**Select Color:**

**Availability:**    Please select color.

You

To
choos

Be the first to rate this item

**The details...**

A shiny patent leather flap and gleaming gold-tone hardware accent t
handbag from Jill Stuart. The perfect accompaniment for romantic dir
events, the fully-lined bag features a slim, two-compartment design v
pocket for valuables and a slip pocket on the outside to keep your cel
used items close at hand. The clasp closure is simple and secure, and
handle adds a classic touch.

    Suede and patent leather
    Twill fabric lining
    Clasp closure
    6.75" high
    9" wide
    1.5" deep
    5.5" shoulder drop
    Dust bag included
    Made in China
    Item # B000TK7TTQ

Jill Stuart began her career as an accessories designer, selling her firs
hobos and silver and leather chokers to Bloomingdale's while still in h
Dalton School. The innovative Jill Stuart Collection was then launched
philosophy of design is practical and gracious: "I appreciate personal
designer outfit. To create fashion and images that enhance individual

Endless.com: JILL STUART Charlotte Handbag: Categories                    Page 2 of 2

**Look for similar items by category**
Handbags & Accessories

### Find Out First
about new brands, styles, trends and sales

| Enter e-mail | Subscribe |

### Our Promise to You
FREE Overnight Shipping · FREE Return Shipping
365-Day Returns · 110% Price Guarantee

### What Do Yc
Do you have a sugge
about Endless.com

Home | My Account | Order Status | Shipping | Returns | 110% Price Guarantee | Contact Us | Help | Abou
Affiliates Program | Conditions of Use | Secure Shopping | Privacy Notice | Jobs

© 2006 - 2008 Endless.com or its affiliates. All rights reserved. Endless and the Endless logo are trademarks of Endless.cc

**ATTACHMENT TWO**

Endless.com: JILL STUART - Free Overnight Shipping & Return Shipping          Page 1 of 2



| Women's Shoes | Men's Shoes | Kids' Shoes | Handbags | SALE |

Search   Designer                    [          ]   [GO]        Order in the next **2** hours **17** minutes

**Narrow By**   Clear all selections

**Category**        ▼

Endless.com

   Women's Shoes
   Men's Shoes
   Kids' Shoes
   Handbags & Accessories

**Brand**      Clear brands ▼

Find a brand:

[                    ]

   Alberto Fermani
   Badgley Mischka
   BALLY
   Betsey Johnson
   Bettye Muller
   Bruno Magli
   Calvin Klein Collection
   Casadei
   Claudia Ciuti

**Currently selected brands:**
   JILL STUART

**Color Family:**

Select color(s):

## JILL STUART

**9 results in Designer Brands**

Show Only:

Sort By:  Featured



JILL STUART Anna
Handbag
**SALE** $295.00 $162.25
Free Overnight



JILL STUART Charlotte
Handbag
**SALE** $325.00 $178.75
Free Overnight



JILL STUART Jean
Patent Handbag
**SALE** $375.00 $206.25
Free Overnight



JILL STUART Raia Hobo
**SALE** $275.00 $178.75
Free Overnight



JILL STUART Larissa
Satchel
**SALE** $495.00 $272.25
Free Overnight



JILL STUART Freja
Handbag
**SALE** $325.00 $227.50
Free Overnight



Endless.com: JILL STUART - Free Overnight Shipping & Return Shipping    Page 2 of 2

JILL STUART Yana
Handbag
**SALE** $~~445.00~~ $311.50
Free Overnight

### Find Out First

about new brands, styles, trends and sales

| Enter e-mail | Subscribe |

### Our Promise to You

FREE Overnight Shipping · FREE Return Shipping
365-Day Returns · 110% Price Guarantee

### What Do

Do you have a su
about Endless.

Home | My Account | Order Status | Shipping | Returns | 110% Price Guarantee | Contact Us | Help | About
Affiliates Program | Conditions of Use | Secure Shopping | Privacy Notice | Jobs

© 2006 - 2008 Endless.com or its affiliates. All rights reserved. Endless and the Endless logo are trademarks of Endless.co

**ATTACHMENT THREE**

charlotte - Handbags & Luggage - BizRate - Compare prices, reviews & buy - Price - Rev...   Page 1 of 6

## charlotte

[Go!]

Home > Clothing & Accessories > Handbags & Luggage > charlotte

# charlotte Handbags & Luggage

( Related Searches: tods charlotte, charlotte coin, latico charlotte. More)

There were no matches for charlotte touch ups. These are matches for **charlotte**.

⟳ Not what you're looking for? See Other Matches for "charlotte"

| charlotte Handbags & Luggage | Products per page: 20  · | Sort by: Most Popular |
|---|---|---|

Type Of Product

Price Range

Color

Brand

Stores



JP Tods Charlotte Medium Handbag - Camel
The JP Tods **Charlotte** Wave Eastwest Calfskin Handba
fashionable... More



JP Tod's Charlotte Piccola Medium Handbag - Black
JP Tod's **Charlotte** Piccola Medium Handbag in Black R
Value... More



Womens GUESS by Marciano - Charlotte Half Flap (Bro
Gold)
Up to 75% Off - Shoulder bag made of metallic synthetic
leather... More



JP Tod's Charlotte Piccola Medium Handbag - White
JP Tod's **Charlotte** Piccola Medium Handbag in White R
Value... More



Miquel Rius Jordi Labanda **Charlotte** Small Bag
Small tote bag The bag is 9.75 inches (length)x11.5 inch
(height... More



Miquel Rius Jordi Labanda **Charlotte** Large Bag with Le
Handle
Large tote bag Leather shoulder straps Available in color
More



Miquel Rius Jordi Labanda **Charlotte** Large Bag
Large tote bag Available in colors: Red  More

Miquel Rius Jordi Labanda **Charlotte** Coin Purse

charlotte - Handbags & Luggage - BizRate - Compare prices, reviews & buy - Price - Rev...   Page 2 of 6



Compare prices on the latest Handbags & Luggage


Save on Handbags & Luggage with BizRate. Shop for a Dior Handbag, Samsonite Luggage, a Gucci Handbag, or Discount Luggage.

Fossil Handbag
Coach Handbag


Snap shut clasp coin purse Wrist strap Available in colors
More


JILL STUART **Charlotte** Handbag   More


Aaneta **Charlotte** Large Tote   More


M Missoni **Charlotte** Front Flap Red Print - Fabric Handb
M Missoni **Charlotte** Front Flap Red Print - Fabric Handb
More


Piano - **Charlotte** Tote Bag
Simple & Cute! This design of a girl & her piano is perfec
More


Tod's Camel **Charlotte** Medium Handbag
Home>> JP Tod's Handbags
Description                                    Need... Mo


Tod's Camel **Charlotte** Large Handbag
Home>>JP Tod's Handbags
Description                                    Need... Mo


JP Tod's **Charlotte** Piccola Medium - Camel
JP Tod's **Charlotte** Piccola Medium Handbag in Camel l
Retail... More


JP Tod's **Charlotte** Piccola Large - Beige
JP Tod's **Charlotte** Piccola Large Handbag in Beige Lea
Retail... More


Miss Beadle (full length) Tote Bag
**Charlotte** Stewart as Miss Beadle in the classic televisio
More

charlotte - Handbags & Luggage - BizRate - Compare prices, reviews & buy - Price - Rev...   Page 3 of 6

Guess Handbag
Roxy Luggage
Prada Handbag
Chloe Handbag



Gund "Charlotte" My Little Baby Backpack
Charlotte" My Little Baby Backpack by Gund. If you were
little... More

**Suggested Searches**

tods charlotte black
handbag charlotte
tods handbag charlotte
handbags
dooney bourke
purses
bag handbag purse



Miquel Rius Jordi Labanda Charlotte Cosmetic Case
Cosmetic bag with zipper top opening Available in colors:
More



Camelbak Muse Women's Hydration Pack
The Ultimate Women's Backcountry Winter Pack The Mu
the women... More

Shipping costs above are an estimate of UPS ground, or equivalent U.S.

## Stores Selling Handbags & Luggage (Sponsored Links)

**Touch Ups Charlotte**
Free Shipping Both Ways at Zappos 365 Day Return Policy on All Shoes
www.zappos.com   Overall Rating: ●

**Ship Your Luggage**
Guaranteed Door-to-Door **Luggage** Delivery. Instant Online Quotes.
www.luggageforward.com

**Touch Ups Charlotte**
More Than 40% Off on 500 Top Brands Free Shipping on Over 40,000 SI
amazon.com/shoes   Overall Rating: ●

**Buy Touch Ups Shoes**
20-30% Sale on **Touch Ups** Shoes - Guaranteed delivery dates
www.bestbridalprices.com

**Luggage Charlotte**
Brand Name **Luggage** & Accessories. at Leading Prices. Free Shipping.
www.luggagespot.com

**Handbags at Endless**
Free Overnight Shipping on **Handbags** Free Returns + 110% Price Guar.
endless.com/designer

**Free Shipping and Dyeing**
Group discounts with Dyeables, Saugus, Coloriffics and **Touch Ups!**
www.saltzbridalshoes.com

## Related Searches in Handbags & Luggage

Case Logic 17 Inches Macbook Pro Shuttle, Macbook Computer Wheeled Case, 2 Pieces Luggage Set, S
Bag Mother, Terra Girls, Disney Cars Dvd, Carbon Fiber 4, Designer Plus Size Clothes, 12 Inches Laptop
Discontinued Handbags, Signature Shoulder Tote Bags, Ultra Thin Wallet, Leather Womens Portfolio, Dis

More

## Learn More About charlotte Handbags & Luggage

### JP Tods Charlotte Medium Handbag - Camel

**Description:**
The JP Tods **Charlotte** Wave Eastwest Calfskin Handbag is fashionable stylish handbag designed by JP textured calf skin leather - Slanted side pockets - White top-stitching - Main compartment with ziptop closu

### JP Tod's Charlotte Piccola Medium Handbag - Black

**Description:**
JP Tod's **Charlotte** Piccola Medium Handbag in Black Retail Value of $925 Textured leather exterior with lining with interior zip pocket Full zip closure. Polished nickel hardware Roomy, hemispherical... (More)

### Womens GUESS by Marciano - Charlotte Half Flap (Bronze, Gold)

**Description:**
Up to 75% Off - Shoulder bag made of metallic synthetic leather with metallic croco embossed synthetic le hardware. Cone stud details. Brand letter charm dangle with sparkle accents. Top flap with a... (More)

### JP Tod's Charlotte Piccola Medium Handbag - White

**Description:**
JP Tod's **Charlotte** Piccola Medium Handbag in White Retail Value of $925 Textured leather exterior with lining with interior zip pocket Full zip closure. Polished nickel hardware Roomy, hemispherical... (More)

### Miquel Rius Jordi Labanda Charlotte Small Bag

**Description:**
Small tote bag The bag is 9.75 inches (length)x11.5 inches (height), straps are 8 inches. Available in colo

### Miquel Rius Jordi Labanda Charlotte Large Bag with Leather Handle

**Description:**
Large tote bag Leather shoulder straps Available in colors: Red. (More)

### Miquel Rius Jordi Labanda Charlotte Large Bag

**Description:**
Large tote bag Available in colors: Red. (More)

### Miquel Rius Jordi Labanda Charlotte Coin Purse

**Description:**
Snap shut clasp coin purse Wrist strap Available in colors: Red. (More)

charlotte - Handbags & Luggage - BizRate - Compare prices, reviews & buy - Price - Rev...  Page 5 of 6

JILL STUART Charlotte Handbag

Aaneta Charlotte Large Tote

M Missoni Charlotte Front Flap Red Print - Fabric Handbags

**Description:**
M Missoni **Charlotte** Front Flap Red Print - Fabric Handbags (More)

Piano - Charlotte Tote Bag

**Description:**
Simple & Cute! This design of a girl & her piano is perfect for any musician or music fan. Enjoy! (More)

Tod's Camel Charlotte Medium Handbag

**Description:**
Home>> JP Tod's Handbags Description                    Need Help?   (More)

Tod's Camel Charlotte Large Handbag

**Description:**
Home>>JP Tod's Handbags Description                    Need Help?   (More)

JP Tod's Charlotte Piccola Medium - Camel

**Description:**
JP Tod's **Charlotte** Piccola Medium Handbag in Camel leather Retail Value of $925 Textured leather exte
canvas lining with interior zip pocket Full zip closure. Polished nickel hardware Roomy, hemispherical... (N

JP Tod's Charlotte Piccola Large - Beige

**Description:**
JP Tod's **Charlotte** Piccola Large Handbag in Beige Leather Retail Value of $975 Textured leather exteri
canvas lining with interior zip pocket Full zip closure. Polished nickel hardware Roomy, hemispherical... (N

Miss Beadle (full length) Tote Bag

**Description:**
**Charlotte** Stewart as Miss Beadle in the classic television series. (More)

Gund "Charlotte" My Little Baby Backpack

charlotte - Handbags & Luggage - BizRate - Compare prices, reviews & buy - Price - Rev...    Page 6 of 6

**Description:**
Charlotte" My Little Baby Backpack by Gund. If you were a little girl, imagine how much fun it would be to pouch for your baby doll? Well, that is exactly what this backpack offers. A velvety, soft pink... (More)

## Miquel Rius Jordi Labanda Charlotte Cosmetic Case

**Description:**
Cosmetic bag with zipper top opening Available in colors: Red. (More)

## Camelbak Muse Women's Hydration Pack

**Description:**
The Ultimate Women's Backcountry Winter Pack The Muse is the women's addition to CamelBak's Outlaw Skier Charlotte Moats, this ski and snowboard backpack was designed for trail blazers of the backcountry

charlotte in Handbags & Luggage at the best prices. Check out BizRate for great deals on Handbags & Lt BizRate's latest online shopping features to compare prices for charlotte Handbags & Luggage. Read revi and shipping charges, sort your results, and buy Clothing & Accessories with confidence. Easily narrow yo you: JP Tods Charlotte Medium Handbag - Camel - JP Tod's Charlotte Piccola Medium Handbag - Black.

**I'm shopping for** charlotte                    **in** All Departments

 See the 2007 Circle of Excellence Winners!

Stores are responsible for providing BizRate with correct and current prices. Sales taxes and shipping costs are estimates; please che obtained from merchants or third parties  Although we make every effort to present accurate information  BizRate is not responsible fo discrepancies by clicking here.

Store ratings and product reviews are submitted by online shoppers, they do not reflect our opinions and we have no responsibility for

Home  |  Your account  |  Help  |  About BizRate  |  Privacy Policy  |  User Agreement  |
BizRate Sitemap Index  |  BizRate Top Searches  |  BizRate Top Products  |  BizRate

Merchant Login  |  Merchant Listings and Advertising  |  Ratings and Research  |
BizRate UK - Shopping  |  BizRate France - Acheter a prix discount  |  BizRate Germany -
Thank you for shopping online at BizRate

© 2008 Shopzilla, Inc. Shopzilla is a Scripps media company.



EXHIBIT 4

Dwight Yellen (DY 6547)
BALLON STOLL BALLON BADER & NADLER, P.C.
729 Seventh Avenue - 17th Floor
New York, New York 10019
212.575-7900
dyellen@ballonstoll.com
Attorneys for Defendant
 Jill Stuart, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

GMA ACCESSORIES, INC.,

                    Plaintiff,              07 Civ.  11527(VM)

        - against -

QUICKSILVER, INC., NORDSTROM, INC.,
SWELL, INC. and JILL STUART, INC.,

                    Defendant.

------------------------------------x


## ANSWER

        Defendant Jill Stuart, Inc. ("JSI") by its undersigned
counsel, answers the complaint only with regard to allegations
involving it, upon information and belief, as follows:

        1.  Responding to the nature of the case paragpah,
denies the allgations and additionally avers that this is a mere
"strike" suit endeavoring to foreclose fair use of a combined use
of the Jill Stuart mark with a generic ladies name style
designation about which there can be no confusion in the
industry. Further, JSI does not conduct business and did not sell

00114276;2                                                          1

handbags bearing the Charlotte style desigmation.

       1.   Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

       2.   Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

       3.   Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

       4.   Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

       5.   Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

       6.   Admits that JSI was once incorporated and denies the remainder of the allegations in this numbered paragraph of the complaint.

       7.   Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

       8.   Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

       9.   Denies the allegations set forth in this numbered paragraph of the complaint.

       10.   Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

       11.   Denies knowledge or information sufficient to

form a belief set forth in this numbered paragraph of the complaint.

12.  Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

13. Denies the allegations set forth in this numbered paragraph of the complaint.

14. Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

15. Admits that this Court has jurisdiction over this action and denies the remaining allegations in Paragraph 15.

16.  Admits that venue is proper in this District.

17.  Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

18.  Admits the allegations set forth in this numbered paragraph of the complaint, subject only to various defenses that may exist.

19.  Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

20.  Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

21.   Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

22.   Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

23.   Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

24.   Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

25.   Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

26.   Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

27.   Denies the allegations set forth in this numbered paragraph of the complaint.

28.   Denies the allegations set forth in this numbered paragraph of the complaint.

29.   Denies the allegations set forth in this numbered paragraph of the complaint.

30.   Denies the allegations set forth in this numbered paragraph of the complaint.

31.   Denies the allegations set forth in this numbered paragraph of the complaint.

32.   Denies the allegations set forth in this numbered paragraph of the complaint.

33.   Denies the allegations set forth in this numbered paragraph of the complaint.

34.   Denies the allegations set forth in this numbered paragraph of the complaint.

35.   Denies the allegations set forth in this numbered paragraph of the complaint.

36.   Denies the allegations set forth in this numbered paragraph of the complaint.

37.   Denies the allegations set forth in this numbered paragraph of the complaint.

38.   Denies the allegations set forth in this numbered paragraph of the complaint.

39.   Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

40.   Denies the allegations set forth in this numbered paragraph of the complaint.

41.   Denies the allegations set forth in this numbered

paragraph of the complaint.

42.   Denies the allegations set forth in this numbered paragraph of the complaint.

43.   Denies the allegations set forth in this numbered paragraph of the complaint.

44.   Denies the allegations set forth in this numbered paragraph of the complaint.

45.   Denies the allegations set forth in this numbered paragraph of the complaint.

46.   Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

47.   Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

48.   Denies the allegations set forth in this numbered paragraph of the complaint.

49.   Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

50.   Denies the allegations set forth in this numbered paragraph of the complaint.

51.   Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the

complaint.

       52.  Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

       53.  Denies the allegations set forth in this numbered paragraph of the complaint.

       54.  Denies the allegations set forth in this numbered paragraph of the complaint.

       55.  Denies knowledge or information sufficient to form a belief set forth in this numbered paragraph of the complaint.

       56.  Denies the allegations set forth in this numbered paragraph of the complaint.

       57.  Denies the allegations set forth in this numbered paragraph of the complaint.

       58.  Denies the allegations set forth in this numbered paragraph of the complaint.

       59.  Repeats and reallges its prior responses.

       60.  Denies the allegations set forth in this numbered paragraph of the complaint.

       61.  Denies the allegations set forth in this numbered paragraph of the complaint.

       62.  Denies the allegations set forth in this numbered paragraph of the complaint.

63.   Denies the allegations set forth in this numbered paragraph of the complaint.

64.   Denies the allegations set forth in this numbered paragraph of the complaint.

65.   Denies the allegations set forth in this numbered paragraph of the complaint.

66.   Denies the allegations set forth in this numbered paragraph of the complaint.

67.   Denies the allegations set forth in this numbered paragraph of the complaint.

68.   Denies the allegations set forth in this numbered paragraph of the complaint.

69.   Denies the allegations set forth in this numbered paragraph of the complaint.

70.   Admits the allegations set forth in this numbered paragraph of the complaint, subject only to various defenses that may exist.

71.   Denies the allegations set forth in this numbered paragraph of the complaint.

72.   Denies the allegations set forth in this numbered paragraph of the complaint.

73.   Denies the allegations set forth in this numbered paragraph of the complaint.

74.   Denies the allegations set forth in this numbered

paragraph of the complaint.

75.   Denies the allegations set forth in this numbered paragraph of the complaint.

76.   Denies the allegations set forth in this numbered paragraph of the complaint.

77.   Denies the allegations set forth in this numbered paragraph of the complaint.

78.   Denies the allegations set forth in this numbered paragraph of the complaint.

79.   Denies the allegations set forth in this numbered paragraph of the complaint.

80.   Denies the allegations set forth in this numbered paragraph of the complaint.

81.   Denies the allegations set forth in this numbered paragraph of the complaint.

82.   Denies the allegations set forth in this numbered paragraph of the complaint.

83.   Denies the allegations set forth in this numbered paragraph of the complaint.

84.   Denies the allegations set forth in this numbered paragraph of the complaint.

85.   Denies the allegations set forth in this numbered paragraph of the complaint.

86.   Denies the allegations set forth in this numbered

paragraph of the complaint.

87. Denies the allegations set forth in this numbered paragraph of the complaint.

88. Denies the allegations set forth in this numbered paragraph of the complaint.

89. Denies the allegations set forth in this numbered paragraph of the complaint.

90. Denies the allegations set forth in this numbered paragraph of the complaint.

### FIRST AFFIRMATIVE DEFENSE

91. The Second Amended Complaint fails to state any claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

92. GMA is barred from recovering damages or obtaining injunctive relief by the doctrines of estoppel, laches, waiver, acquiescence and/or unclean hands.

### THIRD AFFIRMATIVE DEFENSE

93. JSI adopts and incorporates by reference any and all presumptions and defenses which are or may become available to it pursuant to the Uniform Trade Secrets Act, Lanham Act, or any other applicable law, as a bar to GMA's claims.

### FOURTH AFFIRMATIVE DEFENSE

94. The conduct alleged in the Second Amended Complaint does not give rise to trademark infringement because it concerns

the use of words in a non-designating source manner.

### FIFTH AFFIRMATIVE DEFENSE

95.    GMA is not entitled to monetary damages because of a lack of willful infringement.

### SIXTH AFFIRMATIVE DEFENSE

96.    GMA cannot recover for loss of customers or business occasioned by fair competition permitted by applicable law.

### SEVENTH AFFIRMATIVE DEFENSE

97.    Before filing this action, and before Defendants sold products bearing the CHARLOTTE name, GMA abandoned whatever rights it enjoyed in the CHARLOTTE name.  GMA ceased *bona fide* use in commerce of the CHARLOTTE name with an intent not to resume such use.

### EIGHTH AFFIRMATIVE DEFENSE

98.    The CHARLOTTE name is not a protectable trademark in that it used as a style designation by multiple entities, some of whom commenced use prior to GMA's alleged first use of the mark, and that it has no source meaning to consumers for apparel and related products.

### NINTH AFFIRMATIVE DEFENSE

99.    GMA's Federal Registrations for CHARLOTTE are subject to cancellation under the doctrine of fraud on the Trademark Office.

00114276;2                                                          11

## TENTH AFFIRMATIVE DEFENSE

100.  The CHARLOTTE  name is not a famous mark and lacks the requisite level of distinctiveness to qualify for protection under the Federal and New York State Anti-Dilution statute.

## ELEVENTH AFFIRMATIVE DEFENSE

101.  JSI has not conduced any business selling products using the Charlotte style designation.

**WHEREFORE**, JSI demands judgment dismissing the complaint; interest, costs, disbursements, attorneys fees; and such relief as this Court deems just and proper.

Dated:     New York, New York
           June 26, 2008

                    BALLON STOLL BADER & NADLER, P.C.


           By: _____
                    Dwight Yellen (DY 6547)

           *Attorneys for Defendant*
             *Jill Stuart, Inc.*
           729 Seventh Avenue - 17th Floor
           New York, New York 10019
           212.575-7900
           fax 212-764-5060
           dyellen@ballonstoll.com

To:

John P. Bostany, Esq.
The Bostany Law Firm
40 Wall Street – 61st Floor
New York, New York 10005

Stephen W. Feingold, Esq.
Day Pitney, L.L.P. (Times Square)
Times Square Tower
7 Times Square
New York, New York 10036

Mark S. Olinsky, Esq.
Sills Cummis & Gross
One Rockefeller Plaza
New York, New York 10020

## AFFIRMATION/CERTIFICATION OF SERVICE

DWIGHT YELLEN, an attorney duly admitted to practice before the Courts of the State of New York and New Jersey, affirms, declares and certifies under penalty of perjury:

I am not a party to the action, am over 18 years of age, am a member of Ballon Stoll Bader & Nadler, P.C. and have an office at 729 Seventh Avenue, New York, New York 10018 and 505 Main Street, Hackensack, New Jersey 07601. On June 26, 2008 I served or caused to be served a true copy of the annexed papers in the following manner:

☐ By hand delivery,

☐ By overnight courier,

☐ By telefax,

Fax Numbers: _____

☐ By regular mail, in a sealed envelope, with postage prepaid thereon, in an official depository of the U.S. Postal Service within the State of New York,

addressed to the last known address of the addressee(s) as indicated below:

```
John P. Bostany, Esq.
The Bostany Law Firm
40 Wall Street - 61st Floor
New York, New York 10005

Stephen W. Feingold, Esq.
Day Pitney, L.L.P. (Times Square)
Times Square Tower
7 Times Square
New York, New York 10036

Mark S. Olinsky, Esq.
Sills Cummis & Gross
One Rockefeller Plaza
New York, New York 10020
```

Dated: New York, New York
    June 26, 2008

_____
DWIGHT YELLEN

00114283;1

EXHIBIT 5

EXHIBIT 6


**New York State Department of**
**Taxation and Finance**
Taxpayer Services and Revenue Division
W A Harriman Campus
Albany NY 12227

<u>Tuesday, July 08, 2008</u>
SN: **201681**    RN: **100-A**

# Corporate Tax Search

**CSC**
**80 STATE ST 6TH FL**
**ALBANY NY 12207**
**Attention:**

| Articles 9, 9-A, 13, 13A, 32, and 33. |
| --- |
| **Reference ID** 627427BHY |

Corporation name:  **JILL STUART, INC.**

| Incorp Date | Filing period | Termination date | Termination type |
| --- | --- | --- | --- |
| **12/31/1984** | **December** | **09/28/1994** | **Dissolved by Proclamation** |

**According to our records, tax liens exist for the periods below.**

Franchise tax returns are missing for the period(s) ended:

**12/31/1991 through 12/31/2007 including 12/31/1991 through 12/31/2007 MTA Surcharge Reports**

Franchise tax payments are past due for period(s) ended:

**12/31/1991 through 12/31/2007 including 12/31/1991 through 12/31/2007 MTA Surcharge Taxes**

Other fees due

License fee (Article 9, section 181):          Maintenance fee for period (s) ended:

Lien Provision

The tax shall become a lien on the date the return is required to be filed (without regard to any extension of time for filing the return), except that such lien shall become a lien not later than the date the taxpayer ceases to be subject to the tax or to exercise its franchise or to do business in New York State in a corporate or organized capacity. A dissolved corporation that continues to conduct business shall also be subject to the tax imposed by this article.

---

**Need help?**

 Telephone assistance is available from 8:00 a.m. to 5:00 p.m. (eastern time) Monday through Friday.
Business Tax information: 1 800 972-1233
Forms and Publications: 1 800 462-8100
From outside the U.S. and outside Canada:  (518) 485-6800
Fax-on-demand forms:  1 800 748-3676

Hearing and speech impaired (telecommunications device for the deaf (TDD) callers only):  1 800 634-2110 (8:30 a.m. to 4:25 p.m., eastern time)

Internet access: www.nystax.gov

 Persons with disabilities:  In compliance with the Americans with Disabilities Act, we will ensure that our lobbies, offices, meeting rooms, and other facilities are accessible to persons with disabilities.  If you have questions about special accomodations for persons with disabilities, please call 1 800 225-5829.

If you need to write, address your letter to:  NYS Tax Department, Taxpayer Contact Center, W.A. Harriman Campus, Albany, NY 12227

TR-763 (01/04)