UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

GMA ACCESSORIES, INC.,

                                          07 CV 11527 (VM)(RE)

        Plaintiff,

   - against -


QUIKSILVER, INC., NORDSTROM, INC.,
SWELL, INC., JILL STUART, INC.,
and GURU DENIM, INC.,

        Defendant.
-------------------------------------------------------x

## JILL STUART INC.'S
## MEMORANDUM OF LAW IN
## OPPOSITION TO PLAINTIFF'S MOTION
## TO AMEND AND IN SUPPORT OF
## CROSS-MOTION FOR DISMISSAL OR SEVERANCE

### Preliminary Statement

This Memorandum of Law is respectfully submitted in opposition to the Plaintiff's request for leave to file a <u>third</u> amendment to the Complaint and in support of Defendant Jill Stuart Inc.'s motion for dismissal on the pleadings or, in the alternative, for severance.

### Relevant Facts

In or around December 2007, attorney John P. Bostany attempted to communicate a "cease and desist" demand to regarding a handbag designed and sold by the *Jill Stuart*® handbag licensee using the style designator "Charlotte." Mr. Bostany, writing on behalf of GMA Accessories, Inc. ("GMA") to "Jill Stuart LLC" at 550 Seventh Avenue, New York, New York, also demanded that "Jill Stuart LLC" (a) certify by December 21, 2007

{JS;4}

that it ceased "marketing and selling" handbags under the name "Charlotte" and (b) provide by December 28, 2007 certain data concerning sales of "Charlotte" products. However, there is not now and never has been an entity known as "Jill Stuart LLC" and none of the *Jill Stuart*® affiliated entities engages in any business that markets or sells a handbag under the name "Charlotte."

Notwithstanding the absence of any response with regard to his letter directed to "Jill Stuart LLC," Mr. Bostany commenced this action on behalf of GMA on December 26, 2007 and chose <u>not</u> to name any *Jill Stuart*® affiliated entity as a defendant. On January 17, 2008, Mr. Bostany amended the Complaint for the first time, adding two additional parties. Although he still had not received any response to his demands directed to "Jill Stuart LLC," Mr. Bostany <u>again</u> elected to ignore the allegedly infringing conduct cited as to the allegedly infringing *Jill Stuart*® handbag.

On May 15, 2008, Mr. Bostany filed his Second Amended Complaint (hereinafter, the "Complaint"), by which he caused "Jill Stuart Inc." to be added as a party to this lawsuit. Jill Stuart Inc. is a defunct corporation which ceased operating in the late 1980's. Jill Stuart Inc. never shared officers or managers with any currently operating *Jill Stuart*® affiliated entity, never operated at 550 Seventh Avenue and did not manufacture or sell handbags. Although Mr. Bostany apparently knew the address from which the *Jill Stuart*® affiliated entities operate, he elected to serve the Jill Stuart, Inc. by service upon the Secretary of State, notwithstanding the fact that the information on file with the Secretary of State concerning this defunct entity was outdated and not at all calculated to provide actual notice of the suit.

Labeling his fatal omissions a "misnomer," Mr. Bostany, on behalf of GMA, seeks to remedy his failure to undertake the requisite due diligence and his failure to properly describe the intended defendants within the four corners of the Complaint, by incorrectly asserting that Jill Stuart International, Inc. and Jill Stuart International LLC should now be joined as defendants. It is evident, however, that the law will not permit Mr. Bostany to proceed in that manner. Rather, dismissal on the pleadings must be ordered by the Court.

If the Court declines for any reason to dismiss the action as against Jill Stuart Inc., then the Court must also find that the inclusion of Jill Stuart Inc. in this action rises to the level of a "misjoinder" under FRCP Rule 21, requiring severance of the action as to Jill Stuart, Inc.

### POINT I

### JILL STUART, INC. IS AN IMPROPER PARTY, REQUIRING (a) DENIAL OF THE MOTION TO AMEND AND (b) DISMISSAL OF THE COMPLAINT

Conceding that Jill Stuart, Inc. is not, under any circumstances, the correct or intended defendant herein, Plaintiff seeks to excuse this error claiming that the naming of "Jill Stuart Inc." rises to the level of a mere "misnomer." However, there is simply no evidence before the Court to suggest that these circumstances satisfy any standard under which the Courts have justified substitution of the "correct" defendant for the "incorrect" defendant on the ground of "misnomer."

As yet another afterthought, Mr. Bostany "amended" his supporting Memorandum of Law on August 20, 2008, for the first time citing several authorities in support of his misguided contention.

The principal authority relied upon by the Plaintiff in support of the requested relief is the Second Circuit's 1990 decision in <u>Datskow v. Teledyne, Inc., Continental Products Div.</u>, 899 F.2d 1298 (2nd Cir, 1990). There, the Court defined the critical question as "***whether the plaintiffs named the wrong defendant or mislabeled the right defendant.***" <u>Id.</u> at 1301. In <u>Teledyne</u>, the Plaintiff incorrectly named the corporate parent, Teledyne, Inc., rather than its subsidiary, Teledyne Industries, Inc. or the targeted division, "Teledyne Continental Motors Aircraft Products, a Division of Teledyne Industries, Inc." The Court elaborated on the scope of the necessary inquiry as follows:

> **In some circumstances, the identification of a defendant by the name of one corporation cannot fairly be regarded as a mislabeling of a different corporation intended to be sued. But the line between naming the wrong defendant and mislabeling the right one must be drawn in light of the context of the nomenclature created by the defendant and the labeling undertaken by the plaintiffs assessed against that context. Teledyne Industries, Inc. has chosen to do business with a name that uses the key word of its parent's name. It is part of a family of affiliated companies, most of which use the name "Teledyne" in their corporate name. In New York State, it operates several divisions, all of which use the name "Teledyne" in their division name. In Mobile, Alabama, the location of the plant that rebuilt the engine at issue in this case, Teledyne Industries, Inc. creates confusion as to its correct corporate name by maintaining a telephone listing under the designation "Teledyne-Teledyne Continental Motors Aircraft Products." At the site of its aircraft engine division, Teledyne Industries, Inc. leads the public to believe that the division's corporate name is just "Teledyne," the designation that plaintiffs used in their complaint.**

<u>Id.</u> at 1301-1302.

A key distinction between the Teledyne "misnomer" and GMA's Complaint against Jill Stuart, Inc. is that Jill Stuart, Inc. is not operational, has been dissolved as

a corporation on the public record, has not operated for two decades, did not have any officers or shareholders in common with, and is not affiliated with, any currently operating entities which use the *Jill Stuart*® name and neither owns nor controls any entities which are operating as a *Jill Stuart*® affiliate. These facts allow this case to be more closely aligned with the facts considered by the United States Supreme Court in Schiavone v. Fortune, 477 U.S. 21, 106 S.Ct. 2379 (1986), in which the Supreme Court ruled that the Plaintiff could not properly reach the correct entity by naming a defendant which had no independent legal existence, even though the correct entity, Time Inc., was ultimately in receipt of notice of the action. In Schiavone the Court focused on the lack of due diligence in upholding a determination that it was not mere misnomer.

Moreover, Plaintiff ignores the requirements of FRCP Rule 15(a) and its reliance upon Teledyne ignores the intervening amendment to FRCP Rule 15(c):

> **Rule 15. Amended and Supplemental Pleadings**
>
> * * * * *
>
> **(c) Relation Back of Amendments.**
>
> **(1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:**
> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

> **(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.**

Here, GMA has not met the requirements of Rule 15. The Complaint was amended to include "Jill Stuart Inc." one hundred forty (140) days after the action was commenced, well beyond the 20-day period prescribed by Rule 15(a) and well beyond the 120-day period prescribed by Rules 15(c) and 4(m). Therefore, there is no set of circumstances under which any newly named party could have received notice of the action within the time parameters set forth in Rule 15. The prior correspondence is of no moment since the Rule requires notice of commencement of the Action, not merely notice of the underlying claims. Aslanidis v. U.S. Lines, Inc., 7 F.3d 1067, 1076 (2nd Cir. 1993.

Plaintiff's reliance upon Susan Faris Designs, Inc. v. Sheraton New York Corp. 2000 WL 191689 (S.D.N.Y.,2000) underscores the need to comply with the time requirements specified in Rule 15:

> **An intended defendant who is notified of an action within the period allowed by Rule 4(m) for service of a summons and complaint may not under the revised rule defeat the action on account of a defect in the pleading with respect to the defendant's name, provided that the [second and third] requirements ... have been met. If the notice requirement is met within the Rule 4(m) period, a complaint may be amended at any time to correct a formal defect such as a misnomer or misidentification.**

In a recent decision, the United States District Court for the Eastern District of Texas held under circumstances similar to those herein that the Complaint would not be amended to name "Par Pharmaceutical, Inc." in place of the incorrectly named "Par Pharmaceutical Companies, Inc." Gartin v. Par Pharmaceutical Companies, Inc.--- F.Supp.2d ----, 2007 WL 950390 (E.D.Tex. 2007). There, the Court reasoned in part

that:

> A review of the body of the complaint also leads the court to the conclusion that the Plaintiffs failed to name Par Pharmaceutical, Inc. as a Defendant. Both the opening paragraph and the prayer of the complaint reference Par Pharmaceutical Companies, Inc., not Par Pharmaceutical, Inc. …….
>
> "Rule 4(m) of the Federal Rules of Civil Procedure provides for dismissal of a case in which service is not accomplished within 120 days unless good cause is shown for failing to effect service within that time period."*Hunt v. Smith,* 67 F.Supp.2d 675, 684 (E.D.Tex.1999)."The burden of showing 'good cause' is on the plaintiff."*Id.* (citation omitted)."If the plaintiff does not show 'good cause,' the court can either dismiss the case or extend the time for service."*Id.* at 685 (citation omitted). The court declines to extend the time for service because the Plaintiffs have failed to show cause, much less good cause, for failing to timely effect service. The Plaintiffs delayed serving Par Pharmaceutical, Inc. for approximately seven (7) months, well beyond the 120 days permitted by FED. R. CIV. P. 4(m).*See id.* Additionally, the Plaintiffs did not seek an extension of time, which is contained in their response to Par Pharmaceutical, Inc.'s motion to quash (docket entry # 29), until *after* they served Par Pharmaceutical, Inc. *See id.* Finally, the Plaintiffs were on notice from the inception of this lawsuit that they were required to serve Par Pharmaceutical, Inc.; however, the Plaintiffs made no effort to do so timely.

Finally, neither the amendment by which Jill Stuart Inc. was added as a defendant nor the newly proposed amendment assert "a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading."

As demonstrated herein, Jill Stuart, Inc. is an improper party to this action. GMA's request to join JSI Ltd. and JSI LLC as defendants is of no moment since (a) neither of the entities sought to be joined are be a proper party defendants and (b) GMA failed to satisfy any single requirement for amendment of the Complaint. Accordingly, the motion must be denied and the action dismissed as against Jill Stuart, Inc.

## POINT II

### ABSENT DISMISSAL, THE FRCP RULE 21 MISJOINDER PROVISIONS REQUIRE SEVERENCE OF THE CLAIMS PLEADED AGAINST JILL STUART, INC.

When GMA amended its complaint for the second time on May 15, 2008, it misjoined Jill Stuart, Inc. as a defendant, not merely because Jill Stuart, Inc. is an improper party but also because joinder of any proper party would not be permissible.

A party is misjoined when the FRCP Rule 20(a) preconditions of permissive joinder are not satisfied. *See,* Fong v. Rego Park Nursing Home, 1996 WL 468660, at *2 (E.D.N.Y. 1996) (citing Glendora v. Malone, 917 F. Supp. 224, 227 (S.D.N.Y. 1996)). GMA alleges nowhere within any version of its Complaint facts which establish or even suggest that the supposed trademark violations relating to the *Jill Stuart*® handbag called "Charlotte" arose "out of the same transaction, occurrence, or series of transactions or occurrences" as the allegation against the other defendants. The sole nexus seemed to be that Nordstrom's sold infringing goods. Nordstrom's, however, has been dismissed from the case. Therefore, the transactional relatedness requirement of Rule 20(a)(2)(A) has not been satisfied. The Rule provides:

> **Rule 20. Permissive Joinder of Parties**
>
> **(a) Persons Who May Join or Be Joined.**
>
> \* \* \* \* \*
>
> **(2)** *Defendants.* Persons…..may be joined in one action as defendants if:
>
> **(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and**

**(B) any question of law or fact common to all defendants will arise in the action.**

*See also,* Colt Defense LLC v. Heckler & Koch Defense, Inc., 2004 U.S. District LEXIS 28690, at *9 (E.D.Va. 2004) (holding that "allegations against multiple and unrelated defendants for independent acts of ... trademark infringement do not set forth claims arising from the same transaction or occurrence within the meaning of Rule 20(a)").

The bald allegation of conspiracy made in paragraph twenty-nine of the Second Amended Complaint does not remedy the defect in Plaintiff's pleading and does not satisfy the "transactional relatedness" requirement. Reversing the Second Circuit's decision in Bell Atlantic Corp. v. Twombly (425 F.3d. 99), the Supreme Court held that: "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-1965 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Further, there is no statement that the Twombly case is limited to anti-trust cases as plaintiff would have this court believe.

FRCP Rule 21 authorizes this Court, in the exercise of its discretion, to either drop a party at any time from a matter or to sever any claim against a party. The claims asserted against a party should be severed where the Complaint does not establish that the party's alleged conduct or actions arose from the same transaction or series of transactions as those of the co-defendants. Pergo v. Alloc, Inc., 262 F. Supp. 2d 122, 134 (S.D.N.Y. 2003). Therefore, should this Court decline to dismiss the Second Amended Complaint, in its entirety, severance of the Claims pleaded with respect to Jill Stuart, Inc. should be ordered.

**Conclusion**

For all of the foregoing reasons, the relief requested by the Plaintiff must be denied in all respects. Additionally, the Complaint as against Jill Stuart, Inc. must be dismissed or, in the alternative, severed.

Dated: New York, New York
         September 3, 2008

                              BALLON STOLL BADER & NADLER, PC
                              *Attorneys for Jill Stuart, Inc.*


                              By: _____
                                    Dwight Yellen (DY 6547)
                              729 Seventh Avenue -- 17th Floor
                              New York, New York  10019
                              212-575-7900
                              dyellen@ballonstoll.com